IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1176-K |
| DEAN ASSAF A/K/A DA TALK; VICTORIA KUNDERT A/K/A VIKKIVERSE, AND ETHAN VAN SCIVER, | § § § § § § | |
| Defendants. | § | |

# ORDER

Federal courts are vested with subject-matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or where the case in controversy exceeds $75,000 and is between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §§ 1331, 1332(a)(1)–(2). A federal court has no power to adjudicate claims where subject-matter jurisdiction does not exist and, consequently, must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see* FED. R. CIV. P. 12(h)(3). The Court has an obligation to examine its subject-matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be

policed by the courts on their own initiative even at the highest level."). Subject-matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583.

Plaintiffs filed their Original Complaint (Doc. No. 1) ("Complaint") in this Court. In the Complaint, Plaintiffs allege this Court has subject-matter jurisdiction based on diversity of the parties. The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638–39 (5th Cir. 2003). Plaintiffs allege that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." There are no other factual allegations regarding the jurisdictional amount in controversy. "[B]are allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, Plaintiffs' conclusory allegation that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," without more, is an insufficient jurisdictional allegation. *See id.* The Court also notes that when there are multiple plaintiffs, damages claims generally cannot be aggregated because each plaintiff must individually meet the minimal jurisdictional amount. *See generally H&D Tire & Automotive-Hardware, Inc. v. Pitney-Bowes Inc.*, 227 F.3d 326, 329–30 (5th Cir. 2000).

The allegations regarding both the amount in controversy and citizenship are determinative of whether this Court has subject-matter jurisdiction or whether this Court must dismiss the action. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."). The party seeking the federal forum bears the burden of establishing subject-matter jurisdiction. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253.

In light of this Order, Plaintiffs may amend their Complaint <u>within ten (10) days from the date this Order is signed</u>. **Failure to properly establish this Court's subject-matter jurisdiction will result in dismissal without further notice**. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO ORDERED.**

Signed May 25th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE