UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § § | CASE: 3:21-CV-1176-K |
| | § § | |
| ALI "DEAN" ASSAF A/K/A DA TALK; VICTORIA KUNDERT A/K/A VIKKIVERSE, AND ETHAN VAN SCIVER, *Defendants.* | § § § § § | Honorable District Judge Ed Kinkeade |

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Preston Poulter and John Lamont and files this their First Amended Complaint and would show unto the Court the following.

**I.
PARTIES**

1. Plaintiff Preston Poulter is a citizen and resident of Texas.

2. Plaintiff John T. Lamont is a citizen and resident of Florida.

3. Defendant Ali "Dean" Assaf a/k/a "DA Talk" is a citizen and resident of California who may be served at his residence at 1014 E Alameda Street, Manteca, California 95336.

4. Defendant Victoria C. Kundert a/k/a VikkiVerse is a citizen and resident of New Mexico who may be served at her residence at 5412 Mariposa Drive NW, Albuquerque, New Mexico 87120.

5.      Defendant "Ethan Van Sciver is a citizen and resident of New Jersey and who may be served at his residence at 5 John Sloan Way, Evesham, New Jersey 08053.

## II.
## DIVERSITY JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Plaintiff Preston Poulter and Plaintiff John T. Lamont are citizens of a different state than Defendants. Plaintiff Poulter is a citizen of Texas, Plaintiff John T. Lamont is a citizen of Florida, Defendant Ali "Dean" Assaf is a citizen of California, Defendant Victoria C. Kundert a/k/a VikkiVerse is a citizen of New Mexico and Defendant Ethan Van Sciver is a citizen of New Jersey.

7.      The amount in controversy exceeds the sum or value of $75,000 for each Plaintiff, exclusive of interest and costs for general, specific and exemplary damages.

   a.      **Preston Poulter**.

   (i) Defendants' defamatory remarks and conduct damaged Mr. Poulter's comic business, which has a focus on revenue generation on the crowd-funding site Kickstarter. During Mr. Poulter's most recent campaign on Kickstarter, former customers refused to support him citing his association with a "pedophile." The overall performance suffered a 20% drop in the average funding contributions from the last major campaign in November of 2020.

   (ii) Preston Poulter's income stream has been negatively impacted by Defendants' defamatory remarks and conduct. Plaintiff Preston Poulter projects $25,000 in lost revenue this year and at least $75,000.00 over the next three (3) years.

   (iii)    Mr. Poulter typically attends comic book conventions/gatherings to generate additional sales and exposure. He has already been cautioned about going and has fears for his safety due to the personal attacks. Allowing $400.00 per diem (10 hrs. per day) for additional

security at these events would cost Mr. Poulter at least $14,000.00 through the rest of 2021.

(iv) Plaintiff Preston Poulter has experienced and is experiencing significant stress, lack of sleep, vexation, anxiety and worry which have prompted him to seek psychological evaluation and treatment that ha already cost him $1,500.00. Preliminary estimates call for weekly therapy over the span of many years with no guarantee of recovery. Allowing $275.00 per hour for a qualified therapist puts Mr. Poulter's mental health costs at $41, 250.00 for the next 36 months.

(v) Plaintiff Preston Poulter will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and business due to the defamatory statements in an amount to be determined through an expert witness.

(vi) Preston Poulter has experienced pain and mental anguish this year and has been prevented from being able to conduct daily life functions. Preston Poulter will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to a large part of the community of comic book professionals and enthusiasts. Plaintiff Preston Poulter seeks in excess of $100,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $100,000.00.

    b. **John T. Lamont**.

(i) John T. Lamont's launched his first comic, TheDemonatrix on March 1, 2021 with projected sales of $5,000.00. On the same day the comic was launched, Defendants Ali "Dean" Assaf and Victoria Klenert began an intense campaign of denigration and vilification of John Lamont calling him a pedophile. Comic book sales immediately stalled. Some prospective customers refused to support the campaign citing allegations of pedophile. Poor sales forced the

campaign's cancellation.

(ii) Despite having previously approved TheDemonatrix for their platform, Kickstarter rejected it upon re-submission by Mr. Lamont. Kickstarter declined to approve his next book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him out with unprecedented demands. As a result of the defamatory statements, Kickstarter has now also rejected John Lamont's next comic book project "Angel of Darkness."  Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him down with unreasonable demands. Based upon Mr. Lamont's projections of 4-5 comics per year John Lamont will suffer in a loss of approximately $25,000.00 in annual sales and at least $75,000.00 for then next 3 years.

(iii) As a result of the acts of Defendants' conduct, Plaintiff John T. Lamont has experienced significant stress, anxiety, sleeplessness, headaches, stomach pains and a racing heart.  He has been unable to participate in the comic community without suffering from heart palpitations and anxiety.

(iv) John Lamont has kept to himself for fear of his safety.  He has isolated himself and stopped going out for fear of his life, he experienced anxiety attacks on those occasions when he did go into town as well as shortness of breath and accelerated heart rate.  He suffered from many sleepless nights, and has resorted to involuntary stress eating, has gained a significant amount of weight, his cholesterol is high and his medical doctor has expressed concern for his overall health.  He has incurred medical expenses. He has also been forced to keep to himself for fear that others who are not in the comic community will learn of the defamatory comments.

(v) John Lamont fears for his personal safety.  After he was doxed,  he had to notify

the local sheriff's department because he fears that he will be harmed and fears for the safety of his family members. In addition, it is typical for comic book authors to attend trade gatherings to promote additional and future sales. Mr. Lamont is afraid to attend the upcoming show due to fears that he will be ostracized, assaulted and fears for his personal safety based upon the defamatory statements. John Lamont expects loss of sales due to not attending conventions and meetings of approximately $5,000.00 to $10,000.00 per year.

(vi)   Plaintiff John Lamont will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and business due to the defamatory statements in an amount to be determined through an expert witness.

(vii)   Mr. Lamont has had to pursue counseling and will have weekly visits for the foreseeable future. Mr. Lamont's therapist charges $160.00 per hour and his expected costs for therapy are approximately $24,960.00 for the next 3 years.

(viii)   John Lamont is experiencing symptoms of PTSD that come on suddenly such that he cannot function as he has in the past. John Lamont has experience pain and mental anguish this year and has been prevented from being able to conduct daily life functions. John Lamont will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to a large part of the community of comic book professionals and enthusiasts. Plaintiff John Lamont seeks in excess of $150,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $150,000.00.

   c.  **Exemplary Damages**

(i) Both Plaintiffs are entitled to exemplary damages in an undetermined amount due to the egregious nature of the defamatory statements and the continuing nature of the defamatory

comments.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as it is the district where a substantial part of the events or omissions giving rise to the claim occurred. Defendants' defamatory statements specifically targeted the Plaintiffs where they reside and are located and intended that the defamatory statements would damage their reputations locally and nationally in their professions.

### III.
### FACTUAL ALLEGATIONS

9. John T. Lamont is a writer and illustrator of gothic and fantasy comics that are primarily released through the internet and dedicated community chat rooms and YouTube channel.

10. Preston Poulter is a publisher, producer, writer and illustrator of gothic and fantasy comics, and also hosts a web presence called Comicsgate and hosts a show on a YouTube channel and interactive community that promotes and discusses comics and their authors.

11. Optical Illusion Studios released #TheDemonatrix, a Daz3d comic series that premiered on March 1, 2021 and was written and illustrated by Plaintiff John T. Lamont.

12. Preston Poulter promoted TheDemonatrix comic and placed it in the Comicsgate umbrella of recognized comics.

13. The storyline of TheDemonatrix is a fictional.

14. Once the comic series was posted in a CGDG stream, beginning March 1, 2021, Defendants Assaf and Kundert made statements regarding the comic, its content, and made directly and through innuendo defamatory statements about the author, John T. Lamont.

15. In particular, Defendant Ali "Dean" Assaf blatantly accused John T. Lamont of

being a pedophile, of sharing and participating in "Lolicon"[1] with others on the internet, and that John T. Lamont was a diseased person who should be ostracized from society and/or be shot. Among other statements, Defendant Ali "Dean" Assaf a/k/a DA Talk made the following defamatory statements about Mr. Lamont on a public platform to Victoria C. Kundert a/k/a VikkiVerse :

"3D depictions of little girls having sex shows the guy is a pediophilic."

"The guy is making f_____ be pedophilic comics."

"Loli in 3D renders it to be pedophilic".

"He is a diseased minded  f_____ person who should be ostracized from society."

"John Lamont is a pedophile."

"John Lamont is attracted to drawings of children."

"John Lamont is a pedophile.  They should be shot."

16. Again on April 12, 2021 Defendant Ali "Dean" Assaf a/k/a DA Talk made statements to "Big Daddy" on a public platform.  In his statements, Defendant Ali "Dean" Assaf a/k/a DA Talk repeated his prior defamatory statements that accused Mr. Lamont of being a "pedophile" and "his comic is a pedophile comic."  Defendant Assaf a/k/a DA Talk further stated that he should "be shamed" and "not normalized."

17. Defendant Victoria C. Kundert a/k/a VikkiVerse endorsed, adopted and re-published the above statements made by Defendant Ali "Dean" Assaf a/k/a DA Talks and on the same public platform, made the following defamatory statements there were attributed to John Lamont:

"Created woman that looked like they were underage."

---

[1] A Japanese term derived from the English phrase "Lolita complex," **lolicon** describes a fascination with cartoons of very young-looking girls engaged in varying degrees of erotic behavior. (The word can be used to describe both the genre and its aficionados.

"a woman that looks like that you would go to jail for f_____."

"its Loli in 3D reflection."

"just because Loli is legal it doesn't mean it not child porn." (a double negative)

"woman that are created young enough to look like they're underage."

18. On April 25, 2021, Defendant Ethan Van Sciver joined Ali "Dean" Assaf a/k/a DA Talks and Vikki Verse on the DA Talks' YouTube channel and stated that wanted to obtain the Comicsgate trademark and would protect the trademark by preventing Preston Poulter from publishing child pornography. In discussing Ethan Van Sciver's trademark dispute with Preston Poulter, Defendant Ethan Van Sciver said, "In order to have a trademark you have to protect it. I will not allow it to be put on child pornography by Preston Poulter." Again, on April 25, 2021 on the DA Talks YouTube channel, Defendant Ethan Van Sciver repeated his accusation that Preston Poulter was a child pornographer. Defendant Ethan Van Sciver stated "I don't want Preston to make child pornography and put Comicsgate on it." Defendants Ali "Dean" Assaf a/k/a DA Talk and Victoria C. Kundert a/k/a VikkiVerse endorsed, agreed, adopted, and re-published Ethan Van Sciver's defamatory remarks.

19. Ethan Van Sciver and Preston Poulter have a previous issue over the Comicsgate trademark that Ethan Van Sciver claims is no longer of interest to him, but he made statements on the DA Talks YouTube channel that he would do whatever he had to do to interfere with Mr. Poulter's comic business.

20. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse accused Preston Poulter of knowingly promoting and supporting John T. Lamont despite his alleged knowledge that John T. Lamont was a pedophile. In addition, by innuendo, they ascribed the same alleged deviant behavior of John T. Lamont to Preston Poulter

because as owner of Comicsgate and his dedicated discord server, he actively defended John T. Lamont, promoted John T. Lamont, participated and hosted on-going exchanges between participants of "lolicon" through Comicsgate and thus shared an interest in underage girls having sex as allegedly represented in John T. Lamont's TheDominatrix comic.

21. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse accused Preston Poulter of knowingly promoting and supporting John T. Lamont as a known pedophile and child pornographer. They further accused Preston Poulter of also being a pedophile because he shared and actively participated in "lolicon." In addition, by innuendo, they ascribed the same alleged deviant behavior of John T. Lamont to Preston Poulter because as promoter of Comicsgate and his dedicated discord server, he actively defended John T. Lamont, promoted John T. Lamont, participated and hosted on-going exchanges between participants of "lolicon" through Comicsgate and thus shared an interest in little girls having sex as represented in John T. Lamont's TheDominatrix comic.

22. On May 2, 2021 DA Talks and VikkiVerse repeated their defamatory statements regarding John Lamont and Preston Poulter.

23. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse intentionally repeated the defamatory statements and defied Plaintiffs to seek remedies. Since the defamatory statements were first made, they have been disseminated into a large part of the community of comic book professionals and enthusiasts. The defamatory statements have been the source of discussions on social media and their publication has been repeated.

## IV.
## DEFAMATION, SLANDER PER SE, CYBER LIBEL

24. Plaintiffs repeat and re-allege each and every allegation in Paragraphs 1 through 23 as though set out in their entirety herein.

25. Defendants' statements are defamatory per se under common law. Defendants' statements constitute the invasion of a Plaintiffs' interest in their reputation and good name, and denigrate Plaintiffs in their occupation. Defendants have accused Plaintiffs of pedophilia, deviant behavior and participants in "lolicon."

26. The statements are unprivileged false statements of fact that harm the reputation of John Lamont.

27. The statements constitute Cyber Slander and Libel. The defamatory statements were written and spoken on a web site and/or Defamation that is spoken such as through an transcribed video, podcast, YouTube, discord server or audio file. The statements were designed to reach third parties, and to target the Plaintiffs in their homes and cause damage and financial harm to them in their homes and beyond.

28. Defendants made, recorded and posted the comments as alleged in preceding incorporated paragraphs with negligence and malice. Defendants knew the statements were false and acted with reckless disregard for the truth.

**Statements Were Defamatory Per Se**

29. These defamatory statements constitute defamation per se because they pertain to Plaintiff John T. Lamont's profession as a writer and illustrator of comic books. These defamatory statements constitute defamation per se because they pertain to Plaintiff Preston Poulter's occupation as owner of Comicsgate and its associated YouTube channel and discord

server. Also, the statements are libel per se because they impute sexual misconduct and criminal conduct.

30. The statements were defamatory because a person of ordinary intelligence would interpret them in a way that tends to injure the Plaintiffs' reputation and thereby expose him to public hatred, contempt, or ridicule, or financial injury, or to impeach the Plaintiffs' honesty, integrity, virtue, or reputation

31. These defamatory statements constitute statutory libel and statutory slander because they tend to injure the reputation of the plaintiff and expose the plaintiff to public hatred, contempt, or ridicule, tend to expose the plaintiff to financial injury, and tend to impeach the plaintiff's honesty, integrity, virtue, or reputation, exposing the plaintiff to public hatred and ridicule.

32. Defendants statements were defamatory per se and thus no proof of actual damages is required and damages are presumed because the statements injured Plaintiffs in their occupation and reputation and impute sexual misconduct.

**Statements Were Published**

33. Defendants published the statements because they were made over the internet and communicated to third parties who are/were capable of understanding their defamatory meaning and moreover in such a way that the person did, in fact, understand its defamatory meaning.

34. Defendants published the defamatory statements on at least March 1, 2021, April 12, 2021, April 25, 2021, April 26, 2021 and May 2, 2021 on a YouTube channel, in a chat room, on a discord server and on-line that can be accessed by the general public and other persons who visit the Internet and follow social media.

**Statements Referred to Plaintiffs Preston Poulter and John T. Lamont**

35. Defendants made the statements and they were understood to refer to Plaintiffs. Those who viewed or saw the statements knew that the Plaintiffs were the objects of the defamatory statements because they referred to them by name.

**Statements Were False**

36. The defamatory statements set forth above are false. The truth is that Plaintiffs are not in any manner a pedophile or have a fixation for young girls. They are men in a creative business who merely use their imagination to create fantasy comic book stories that are illustrated.

**Statements Were Made Negligently and Intentionally**

37. Defendants made the false and defamatory statement(s) set forth above by negligently failing to ascertain the truth. Defendants either knew or should have known in the exercise of ordinary care that the statement(s) were false. Defendants made the false statements intentionally to injure and harm the Plaintiffs.

**Statements Were Not Privileged**

38. Defendants' publication of the defamatory statements was not privileged because the defendant published the defamatory statements with knowledge that they were false or with substantial grounds for knowing that they might be false and with reckless disregard to whether they were true or false. Defendants had the ability to ascertain the truth and chose not to do so in order to enhance their particular views and websites.

**Plaintiffs Enjoyed Good Reputation Prior to Statements**

39. Prior to the Defendants' defamatory remarks, the Plaintiffs enjoyed good reputations. Plaintiff John T. Lamont's work has been well received by viewers and his

colleagues, he has written, illustrated and/or published many comics in the past that has been well received. Plaintiff Preston Poulter is also a writer and illustrator, but his primary profession is as the owner of Comicsgate, which is an organized movement to promote quality in the comic book industry. He enjoyed an excellent reputation in the comic book industry.

## V.
## STATUTORY LIBEL

40. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 39 as though set out in their entirety herein.

41. Defendants statements tended to injure Plaintiffs' reputations and expose them to public hatred and ridicule, financial Injury and impeach their integrity, virtue and reputation.

42. The statements were reasonably calculated to injure Plaintiffs' reputations and expose them to public hatred and ridicule, financial injury and impeach their integrity, virtue and reputation.

43. The statements and publication constitute violations of Tex. Civ. Prac. & Rem Code 73.001 et. seq.

## VI.
## DAMAGES

**A.    Plaintiffs' General and Specific Damages**

44. As a direct and proximate result of the Defendants' false and defamatory statements, the Plaintiffs have endured shame, embarrassment, humiliation, and mental pain and anguish. Additionally, the Plaintiffs have and will in the future be seriously injured in their reputation, good name, standing in the community, and will be exposed to the hatred, contempt, and ridicule of the public in general as well in their business pursuit. Consequently, the Plaintiffs seek actual damages in a sum within the jurisdictional limits of this Court.

45. As a direct and proximate result of the Defendants' publication of the defamatory statements, the plaintiff has suffered the following special damages: (1) loss of revenue for downloads and subscriptions to the comic; (2) loss of future sales; and non-economic damages in the form of mental anguish. The Plaintiffs seeks to recover special damages in a sum within the jurisdictional limits of this Court.

**1.     Preston Poulter**.

a. Defendants' defamatory remarks and conduct damaged Mr. Poulter's comic business, which has a focus on revenue generation on the crowd-funding site Kickstarter. During Mr. Poulter's most recent campaign on Kickstarter, former customers refused to support him citing his association with a "pedophile." The overall performance suffered a 20% drop in the average funding contributions from the last major campaign in November of 2020.

b. Preston Poulter's income stream has been negatively impacted by Defendants' defamatory remarks and conduct. Plaintiff Preston Poulter projects $25,000 in lost revenue this year and at least $75,000.00 over the next three (3) years.

c. Mr. Poulter typically attends comic book conventions/gatherings to generate additional sales and exposure. He has already been cautioned about going and has fears for his safety due to the personal attacks. Allowing $400.00 per diem (10 hrs. per day) for additional security at these events would cost Mr. Poulter at least $14,000.00 through the rest of 2021.

d. Plaintiff Preston Poulter has experienced and is experiencing significant stress, lack of sleep, vexation, anxiety and worry which have prompted him to seek psychological evaluation and treatment that ha already cost him $1,500.00. Preliminary estimates call for weekly therapy over the span of many years with no guarantee of recovery. Allowing $275.00 per qualify therapist hour puts Mr. Poulter's mental health costs at $41, 250.00 for the next 36

months.

e.     Plaintiff Preston Poulter will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and business due to the defamatory statements in an amount to be determined through an expert witness.

f.     Preston Poulter has experienced pain and mental anguish this year and has been prevented from being able to conduct daily life functions. Preston Poulter will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to into a large part of the community of comic book professionals and enthusiasts. Plaintiff Preston Poulter seeks in excess of $100,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $100,000.00.

**2.     John T. Lamont**.

a.     John T. Lamont's launched his first comic, TheDemonatrix on March 1, 2021 with projected sales of $5,000.00.   On the same day the comic was launched, Defendants Ali "Dean" Assaf and Victoria Klenert began an intense campaign of denigration and vilification of John Lamont calling him a pedophile. Comic book sales immediately stalled. Some prospective customers refused to support the campaign citing allegations of pedophile. Poor sales forced the campaign's cancellation.

b.     Despite having previously approved TheDemonatrix for their platform, Kickstarter rejected it upon re-submission by Mr. Lamont. Kickstarter declined to approve his next book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him out with unprecedented demands. As a result of the defamatory statements, Kickstarter has now also

rejected John Lamont's next comic book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him down with unreasonable demands. Based upon Mr. Lamont's projections of 4-5 comics per year John Lamont will suffer in a loss of approximately $ 25,000.00 in annual sales and at least $75,000.00 for then next 3 years.

      c.     As a result of the acts of Defendants' conduct, Plaintiff John T. Lamont has experienced significant stress, anxiety, sleeplessness, headaches, stomach pains and a racing heart. He has been unable to participate in the comic community without suffering from heart palpitations and anxiety.

      d.     John Lamont has kept to himself for fear of his safety. He has isolated himself and stopped going out for fear of his life, he experienced anxiety attacks on those occasions when he did go into town as well as shortness of breath and accelerated heart rate. He suffered from many sleepless nights, and has resorted to involuntary stress eating, has gained a significant amount of weight, his cholesterol is high and his doctor has expressed concern for his overall health. He has also been forced to keep to himself for fear that others who are not in the comic community will learn of the defamatory comments.

      e.     John Lamont fears for his personal safety. After he was doxed, he had to notify the local sheriff's department because he fears that he will be harmed and fears for the safety of his family members. In addition, it is typical for comic book authors to attend trade gatherings to promote additional and future sales. Mr. Lamont is afraid to attend the upcoming show due to fears that he will be ostracized, assaulted and fears for his personal safety based upon the defamatory statements. This constitutes an expected loss of sales due to not attending conventions and meetings of approximately $5,000.00 to $10,000.00 per year.

  f. Plaintiff John Lamont will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and business due to the defamatory statements in an amount to be determined through an expert witness.

  g. Mr. Lamont has had to pursue counseling and will have weekly visits for the foreseeable future. Mr. Lamont's therapist charges $160.00 per hour and his expected costs for therapy is approximately $24,960.00 for the next 3 years.

  h. John Lamont is experiencing symptoms of PTSD that come on suddenly such that he cannot function as he has in the past. John Lamont has experienced pain and mental anguish this year and has been prevented from being able to conduct daily life functions. John Lamont will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to a large part of the community of comic book professionals and enthusiasts. Plaintiff John Lamont seeks in excess of $150,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $150,000.00.

**B.** **Exemplary Damages**

  46. As a direct and proximate result of Defendants' publication of the defamatory statements, Plaintiffs' reputations have been severely injured.

  47. Plaintiffs are entitled to exemplary damages from Defendants because they acted with the malice required to support an award of exemplary damages. Defendants acted with a specific intent to cause injury to Plaintiffs because they deliberately and maliciously called him out as a pedophile, and published the derogatory statements accusing him of being a pedophile so that that it would inflict severe damage to his reputation, business and finances. Both Plaintiffs

are entitled to exemplary damages in an undetermined amount due to the egregious nature of the defamatory statements and the continuing nature of the defamatory comments.

## VII.
## JURY DEMAND

48. Plaintiffs Preston Poulter and John T. Lamont hereby assert their rights under the Seventh Amendment of the United States Constitution and demand, in accordance with Federal Rules of Civil Procedure 38, a trial by jury on all the issues.

## VIII.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial the Plaintiffs have the following:

1. Upon final trial, judgment against Defendants, jointly and severally, in a sum in excess of the minimum jurisdiction of this Court

2. Pre-judgment interest as provided by law;

3. Post-judgment interest as provided by law;

4. Judgment for exemplary damages against Defendants in a sum determined by the trier of fact;

5. Plaintiffs' reasonable and necessary attorneys' fees in prosecuting its claim(s) through trial and, if necessary, through appeal;

6. All costs of suit; and

7. Such other and further relief, at law or in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**THE FEIN LAW FIRM, P.C.**

By: _____
**Eric D. Fein**
State Bar No. 06879020
*efein@feinlawfirm.com*
**Vickie S. Brandt**
State Bar No. 24031878
*vbrandt@feinlawfirm.com*
16800 N. Dallas Parkway, Suite 105
Dallas, Texas 75248
214-522-9596 Telephone
214-522-9599 Facsimile
*Counsel for Plaintiffs*

**FIRST AMENDED COMPLAINT --PAGE 19**