Ali Assaf
1014 E. Alameda Street
Manteca, CA 95336
Phone: 415.450.5212
Email: aliassaf959@gmail.com
In Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JOHN T. LAMONT AND PRESTON POULTER, <br><br> Plaintiffs, <br><br> vs. <br><br> ALI "DEAN" ASSAF A/K/A DA TALK; VICTORIA KUNDERT A/K/A VIKKIVERSE, AND ETHAN VAN SCIVER, <br><br> Defendants. | Case No.: 3:21-CV-1176-K <br> Honorable District Judge Ed Kinkeade <br><br><br> ANSWER TO FIRST AMENDED COMPLAINT |

COMES NOW the Defendant Ali Assaf in answering the allegations of the Plaintiffs' Complaint, admits, denies and alleges as follows:

1.      Defendant admits that his true name is Ali Assaf, also known as Dean Assaf, and that he is a citizen and resident of California and must be served at his residence of 1014 E. Alameda Street, Manteca, California 95336.

2.      Defendant admits that I go by Da Talks on YouTube.com

3.      Defendant lacks sufficient information to determine the truth of the statement as set forth in Paragraph 7 of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies that statement.

4.      Defendant lacks sufficient information to determine the truth of the statements set forth in Paragraph 7a(i) through (vi) of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies those statements.

5.      Defendant lacks sufficient information to determine the truth of the statements set forth in Paragraph 7b(i) through (viii) of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies those statements.

ANSWER TO FIRST AMENDED COMPLAINT - 1

6. Defendant lacks sufficient information to determine the truth of the statement set forth in Paragraph 7c(i) of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies that statement.

7. Defendant denies that this Court has subject matter jurisdiction over this lawsuit as mentioned in Paragraph 8 of the Plaintiffs' Complaint.

8. Defendant denies the statements and allegations set forth in Paragraphs 9 through 23 of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies those allegations.

9. Defendant denies the statements and allegations set forth in Paragraphs 24 through 38 of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies those allegations.

10. Defendant lacks sufficient information to determine the truth of the statement set forth in Paragraph 39 of the Plaintiffs' Complaint. To the extent that Defendant does possess sufficient information, Defendant denies that statement and allegation.

Defendant submits the following defenses and allegations supporting the Plaintiffs' causes of action for Defamation and Slander Per Se:

### Defense 1 – Truth

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that the allegedly defamatory statements are at least substantially true.

### Defense 2 – Statement of Opinion

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any allegedly defamatory statement was merely a statement of opinion, and can neither be proven or disproven.

### Defense 3 – Consent to the Publication of the Allegedly Defamatory Statements

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that the Plaintiffs consented to the publication of any allegedly defamatory statement in question.

### Defense 3 – Qualified Privilege

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory statement is afforded protection from liability due to considerations or public interest that outweigh the need for redress. There is a common interest privilege, where communications are made in good faith, dealing with matters of public concern, without actual malice.

ANSWER TO FIRST AMENDED COMPLAINT - 2

### Defense 4 – Absolute Privilege

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory statement is afforded protection from liability due to considerations or public interest that outweigh the need for redress. There is a common interest privilege, where communications are made in good faith, dealing with matters of public concern, without actual malice.

### Defense 5 – Retraction of the Allegedly Defamatory Statements

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory statement has been retracted.

### Defense 6 – Statutory Defenses (Anti-SLAPP Statutes)

Defendant denies the allegations as set forth by the Plaintiffs in Paragraphs 24 through 38 in that state laws, such as the California Anti-Strategic Lawsuits Against Public Participation laws, have been enacted to deter the lawsuit brought forth by plaintiffs to prevent this defendant from exercising his constitutional right of freedom of speech over matters of public interest.

### Defense 7 – Poor Reputation

Defendant denies the allegations as set forth by the Plaintiffs in Paragraph 39 in that Plaintiffs already had a poor reputation.

Defendant submits the following defenses and allegations supporting the Plaintiffs' cause of action for Cyber Libel:

### Defense 1 – Absence of an Element of Libel

Defendant denies the allegations set forth by the Plaintiffs in Paragraph 24 through 39 in that Defendant made no defamatory or libelous statement or imputation with any actual malice, nor made any written publication or disseminated any defamatory or libelous matter to any person.

### Defense 2 – Truth

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any allegedly defamatory or libelous statement made is at least substantially true.

### Defense 3 – Statement of Opinion

ANSWER TO FIRST AMENDED COMPLAINT - 3

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any allegedly defamatory or libelous statement was merely a statement of opinion, and can neither be proven or disproven.

### Defense 4 – Consent to the Publication of the Allegedly Defamatory Statements

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that the Plaintiffs consented to the publication of any allegedly defamatory or libelous statement in question.

### Defense 5 – Qualified Privilege

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory or libelous statement is afforded protection from liability due to considerations or public interest that outweigh the need for redress. There is a common interest privilege, where communications are made in good faith, dealing with matters of public concern, without actual malice.

### Defense 6 – Absolute Privilege

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory or libelous statement is afforded protection from liability due to considerations or public interest that outweigh the need for redress. There is a common interest privilege, where communications are made in good faith, dealing with matters of public concern, without actual malice.

### Defense 7 – Retraction of the Allegedly Defamatory Statements

Defendant denies the allegations set forth by the Plaintiffs in Paragraphs 24 through 38 in that any alleged defamatory or libelous statement has been retracted.

### Defense 8 – Statutory Defenses (Anti-SLAPP Statutes)

Defendant denies the allegations as set forth by the Plaintiffs in Paragraphs 24 through 38 in that state laws, such as the California Anti-Strategic Lawsuits Against Public Participation laws, have been enacted to deter the lawsuit brought forth by plaintiffs to prevent this defendant from exercising his constitutional right of freedom of speech over matters of public interest.

### Defense 9 – Poor Reputation

Defendant denies the allegations as set forth by the Plaintiffs in Paragraph 39 in that Plaintiffs already had a poor reputation.

///

### Affirmative Defenses

ANSWER TO FIRST AMENDED COMPLAINT - 4

NOTWITHSTANDING THE DEFENSES SET FORTH ABOVE, Defendant also submits the following affirmative defenses:

1. Plaintiffs' Complaint fails to state a claim for which relief can be obtained.

2. This Court lacks subject matter jurisdiction over this action.

3. The venue is improper for this action.

WHEREFORE, Defendant requests that this Court deny the Plaintiffs' claims, enter judgment in favor of Defendant, dismiss this suit with prejudice, and award Defendant his fees and costs, including any attorney fees reasonably to be incurred in connection to this matter.

Respectfully submitted this 2 of August, 2021

*Ali Assaf*
_____
Ali Assaf
Defendant Pro Se

ANSWER TO FIRST AMENDED COMPLAINT - 5

Ali Assaf
1014 E. Alameda St
Manteca, CA 95336

United States District Court
1100 Commerce Street, Rm 1452
Dallas, TX 75242

Re: Case # 3:21-CV-1176-K

