

Returned envelope from UNITED STATES DISTRICT COURT, OFFICE OF THE CLERK, NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE - ROOM 1452, DALLAS, TX 75242-1495, OFFICIAL BUSINESS, addressed to Preston Poulter, Dallas, Texas 75234. Stamped "RECEIVED AUG 13 2021 MAILROOM". Postage $000.71, JUN 28 2021. USPS markings: "NIXIE 773 DE 1 0008/10/21 RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD". Handwritten: "Wrong Address! Correct it!!", "Return to Sender".

3:21-CV-1176

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Preston Poulter
   12401 Wood Manor Circle
   Dallas, TX 75234

2. Article Number (Transfer from service label)

   9590 9402 5090 9092 6649 12

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ed Mail
   ☐ ed Mail Restricted Delivery
     ($500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**Preston Poulter**
12461 Wood Manor Circle
Dallas, Texas 75234

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:21-CV-1176-K |
| ALI "DEAN" ASSAF A/K/A DA TALK; VICTORIA KUNDERT A/K/A VIKKIVERSE, and ETHAN VAN SCIVER, | § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is the Motion to Withdraw as Attorney of Record (With Consent) (the "Motion") (Doc. No. 7) filed by The Fein Law Firm, P.C. and attorneys Eric D. Fein and Vickie S. Brandt for Plaintiffs Preston Poulter and John T. Lamont ("Plaintiffs"). After careful consideration of the Motion, relevant portions of the record, and applicable law, the Court **GRANTS** the Motion. The Court advises Plaintiffs that it is in their best interest to retain new counsel and **ORDERS** Plaintiffs to file written notice with the Court, as described below, **on or before July 6, 2021**, indicating whether they will proceed as pro se litigants or whether they have retained new counsel.

An attorney may not withdraw as counsel of record until certain requirements are met. The question of whether these requirements have been satisfied is "entrusted to the sound discretion of the court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.

1

1989) (citation and quotation marks omitted). Attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* "Whether good cause exists for an attorney to withdraw is a question of federal law." *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)). Even when "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Pursuant to Northern District of Texas Local Civil Rule 83.12, a withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) 'either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature.' L.R. 83.12(a).

Here, Plaintiffs' counsel of record filed the appropriate motion seeking leave of court to withdraw as counsel. The Motion explains that good cause for the withdrawal exists because Plaintiffs and counsel of record have differences with respect to how to proceed with the case and they all agree to the requested withdrawal. Plaintiffs consented and signed the Motion. Plaintiffs' contact information is also filed under seal. *See* Doc. No. 8. Because this case is in its infancy and Defendants have not yet

2

been served, the Court finds that the lawsuit will not be disrupted by the withdrawal of counsel. The Court further finds that the requirements for seeking leave of court to withdraw as counsel have been satisfied and good cause exists to warrant the requested withdrawal, especially given Plaintiffs' consent. Therefore, the Court **GRANTS** the Motion.

While individual plaintiffs may elect to proceed as pro se litigants, in other words represent themselves without an attorney, the Court thoroughly and emphatically advises Plaintiffs that it is in their best interests to retain new counsel. If Plaintiffs decide to proceed without an attorney, Plaintiffs will have certain responsibilities for prosecuting their case, including (1) that Plaintiffs be aware of the Federal Rules of Civil Procedure and the Local Rules and Standing Orders of this Court, which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders; (2) that they comply in a timely manner with any order and deadline issued by this Court; and (3) that they cooperate with Defendants' attorneys. The Court may hold pro se litigants' filings to a less stringent standard than papers drafted and filed by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Plaintiffs must prove that they are entitled to relief. Neither the Court nor Defendants' attorneys will serve as counsel for Plaintiffs. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. 1981). The Court cautions Plaintiffs to consider these obligations in deciding whether to retain new counsel.

The Court **ORDERS** Plaintiffs to file written notice with the Court **on or before**

3

July 6, 2021, stating whether Plaintiffs will proceed as pro se litigants (in other words, represent themselves without an attorney), or whether Plaintiffs have retained new counsel. If Plaintiffs retain new counsel, Plaintiffs shall include the new attorney(s)' name(s) and contact information in the written notice.

The Clerk's Office shall send a copy of this Order to Plaintiff Preston Poulter and Plaintiff John T. Lamont by First Class, Certified Mail. Plaintiffs' contact information is filed under Sealed Exhibit A (Doc. No. 8).

SO ORDERED.

Signed June 23rd, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4