IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter § § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | | No. 3:21-cv-1176-K-BN |
| § | | |
| Dean Assaf a/k/a DA Talk, § | | |
| Victoria Kundert a/k/a Vikkiverse, § | | |
| and Ethan Van Sciver § | | |
|     Defendants § | | |

**Plaintiffs' Objection to Magistrate's Report and Recommendation**

    Plaintiffs make the following objection to the Magistrate's Report and Recommendation entered on January 18, 2022 (Dkt. 35) concerning the motion to dismiss filed by Defendant Ethan Van Sciver (Dkt. 19, 20).

    The Magistrate's report concluded that Plaintiffs' claims against Van Sciver should be dismissed without prejudice for lack of personal jurisdiction because "Plaintiffs have not alleged that Van Sciver deliberately acted to make contact with Texas." Dkt. 35 at 13. The Magistrate based that conclusion on two premises: that "Plaintiffs fail to allege that Van Sciver knew that Poulter resides in Texas" and that "Plaintiffs . . . fail to present allegations showing that Van Sciver's actions were both 'expressly aimed' at Texas and 'calculated to cause injury to' Poulter in Texas." Dkt. 35 at 13.

    Plaintiffs respectfully submit that the Amended Complaint, when viewed in the proper light, implicitly alleges that Van Sciver knew that Poulter

1

resides in Texas, expressly aimed his conduct there, and intended to cause Poulter harm where he lives—in Texas.

First, regarding Van Sciver's knowledge: Plaintiffs alleged that Poulter lives in Texas (Dkt. 6 at 1) and that he and Van Sciver have been engaged in a dispute over the Comicsgate trademark (Dkt. 6 at 8). Additionally, Plaintiffs alleged that Van Sciver referred to Poulter by his given name: "Defendant Ethan Van Sciver stated 'I don't want Preston to make child pornography and put Comicsgate on it'." Dkt. 6 at 8. Taken together, these allegations show that Van Sciver knows Poulter and knows where he lives.

Second, in the defamation context, the "expressly aimed at" and "calculated to cause injury in" prongs are logically satisfied by a showing that the defendant knows where the plaintiff lives. That is, if a defendant knows where the plaintiff lives and defames him in a way that is likely to be heard where the plaintiff lives, defendant must have intended to harm him where he lives. For example, in *Calder*, the defendants merely published statements about a California resident in a periodical that they knew was likely to be read in California. *Calder*, 465 U.S. at 789–90. According to *Calder,* a defendant can be subject to personal jurisdiction in the plaintiff's home state if the defendant makes defamatory statements about a plaintiff, knowing where that plaintiff lives, and knowing that the statements are likely to be heard in the plaintiff's home state.

That is the case here, as alleged by Plaintiffs. Plaintiffs alleged, albeit implicitly, that Van Sciver knew where Poulter lived and made defamatory

2

statements he knew were likely to be heard in Texas. This case is therefore like *Calder*: Van Sciver knew Poulter, knew where he lived, and "knew that the brunt of [the] injury would be felt by [Poulter] in the State in which [he] lives and works." *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *see also Hawbecker v. Hall*, 88 F. Supp. 3d 723 (W.D. Tex. 2015).

Accordingly, the Court should deny Van Sciver's motion to dismiss for lack of personal jurisdiction. Additionally, the Court should deny Van Sciver's motion to dismiss for failure to state a claim for the same reasons the Magistrate recommended denying Assaf's motion to dismiss for failure to state a claim. *See* Dkt. 35 at 14–19.

Respectfully submitted,

**THE MASTEN LAW FIRM PLLC**

 */s/ Jeremy M. Masten*
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
2608 N. Main, Suite B, Box 238
207 Lake Road
Belton, Texas 76513
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
13601 Preston Road, Suite E770
Dallas, Texas 75240
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

## Certificate of Service

      I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on February 1, 2021.

| | |
|---|---|
| Scott Houtteman<br>scott@houtteman.com | Counsel for Defendants |
| Thomas J. Adair<br>tom@adairlaw.com | |
| Dean Assaf<br>Aliassaf959@gmail.com | Pro se defendant |
| Victoria Kundert<br>5895 Jensen Road<br>Castro Valley, California 94552 | Pro se defendant evading service<br>Via CMRRR and first class mail |

                                                             */s/ Jeremy M. Masten*
                                                             Jeremy M. Masten