In the United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter § | | |
| Plaintiffs § | | |
| § | | |
| v. § | No. 3:21-cv-1176-K-BN | |
| § | | |
| Dean Assaf a/k/a DA Talk and § | | |
| Victoria Kundert a/k/a Vikkiverse § | | |
| Defendants § | | |

**Plaintiffs' Motion for Default Judgment
Against Defendant Victoria Kundert**

Plaintiffs John T. Lamont and Preston Poulter move this Court for entry of a default judgment as to Defendant Victoria Kundert, upon the complaint heretofore filed and served upon the defendant, in accordance with the provisions of Fed. R. Civ. P. 55(b)(2), and in support thereof shows the Court the following.

**Argument & Authorities**

1. Plaintiffs initiated this action by filing a complaint against Kundert and others on May 23, 2021. Dkt. 1. Plaintiffs filed their live complaint on June 3, 2021. Dkt. 6. Plaintiffs sued Kundert for defamation, slander per se, cyber libel, and statutory libel. Dkt. 6 at 10–13.

2. Kundert was properly served in accordance with law but failed to file an answer or otherwise appear. The clerk entered default against her on

November 29, 2021.  Dkt. 34.

    3.    Kundert has failed to plead or otherwise defend this action, and Plaintiffs are entitled to judgment by default against Kundert.

    4.    Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against Kundert for relief sought by Plaintiffs in their live complaint.  Specifically, Plaintiffs seek the following relief against Kundert, without prejudice to Plaintiffs' right to seek similar or related relief from any other defendant:

    5.    Preston Poulter:

        a.    $100,000 in lost sales through Kickstarter;

        b.    $14,000 in increased security costs in 2021;

        c.    $1,500 in past therapy costs;

        d.    $41,250 in future therapy costs;

        e.    $100,000 in mental anguish damages; and

        f.    $100,000 in general damages for harm to his reputation.

See Exhibit 1, Declaration of Preston Poulter.

    6.    John T. Lamont:

        a.    $30,000 in lost sales due to not attending conventions and meetings;

        b.    $24,960 in therapy costs;

        c.    $150,000 in mental anguish damages; and

        d.    $150,000 in general damages for harm to his reputation.

See Exhibit 2, Declaration of John T. Lamont.

7. Exemplary damages in an amount to be determined by the Court.

## Prayer

WHEREFORE, Plaintiffs pray that this Court enter a judgment of default against Defendant Kundert in the amounts set forth above, and for such other and further relief to which they may be entitled.

Respectfully submitted,

_____
Jeremy M. Masten
Texas Bar No. 24083454
jmasten@hcgllp.com
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(254) 307-9185

M. Sameer Ahmed
THE AHMED FIRM PLLC
Texas Bar No. 24001631
sameer@theahmedfirm.com
8111 LBJ Freeway, Ste. 655
Dallas, Texas 75251
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on March 2, 2022.

    Dean Assaf
    Aliassaf959@gmail.com
    Pro se defendant

    Victoria Kundert
    5895 Jensen Road
    Castro Valley, California 94552
    Pro se defendant evading service
    Via CMRRR and first-class mail

_____
Jeremy M. Masten