In the United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter | § § § | |
| Plaintiffs | § | |
| | § | |
| v. | § | No. 3:21-cv-1176-K-BN |
| | § | |
| Dean Assaf a/k/a DA Talk and Victoria Kundert a/k/a Vikkiverse | § § | |
| Defendants | § | |

## Rule 26(f) Report

Pursuant to the Court's order and the Federal Rules of Civil Procedure, the parties submit the following Rule 26(f) Report.

**(a) A brief but specific description of the nature of the case and the Positions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief), including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues**

**Plaintiffs' Position**.

Plaintiffs have sued Defendant Dean Assaf and others for defamation arising out of statements made by the Defendants about Plaintiffs on a talk show broadcast on YouTube.

The key, disputed issues raised by the claims and defenses are the extent

to which Plaintiffs' reputations have been harmed by Defendants' false statements.

Each Plaintiff seeks damages in excess of $300,000.

Parts of Plaintiffs' damages will require expert testimony.

**Defendant's Positions**.

Defendant Ali "Dean" Assaf made statements about John Lamont, which were obviously opinion statements. The statements made by defendant Assaf were well within his second amendment right. Furthermore, the only person Assaf made a statement about was John Lamont who lives in Florida. The only one who made any kind of remark about Preston Poulter, whether defamatory or not, has been dismissed from this case. So Defendant who presides in California, who made opinion statements about a man in Florida, finds it confusing that Texas is still the place where this lawsuit is being held.

**(b) A proposed discovery plan, including:**

**(i) An estimate of the time needed for discovery, with an explanation of the reasons for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);**

**Plaintiffs' Position**. Plaintiffs believe that 9 months will be necessary for discovery because of, among other things, the time required to retain experts. Plaintiffs believe the scope of discovery will include the falsity of the representations, Defendants' knowledge and intent in making the statements,

the harm to Plaintiffs' reputation, and Plaintiffs' damages. Plaintiffs anticipate exchanging interrogatories and requests for production and taking depositions of the parties.

**Defendant's Position**.

Defendant thinks 9 months is too short, as he will need more time than the average lawyer would, because he is doing this type of procedure for the first time, with no prior knowledge or schooling on how to go about discovery. Defendant would like there to be 18 months for the discovery process.

**(ii) An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see FED. R. CIV. P. 34(b)(2)(E)(i)-(iii);**

**Plaintiffs' Position**. Plaintiffs are not aware of any issues related to the accessibility, retention, preservation, disclosure, and/or discovery and production of electronically stored information. The primary evidence of Defendant's defamation is the videos of the talk shows, which have been recorded and stored securely.

**Defendant's Position**.

Defendant is also not aware of any issues related to electronically stored information and the primary evidence of Defendants statements not being defamatory are in the videos that the plaintiffs just mentioned. However, there

is also evidence that Plaintiffs have not actually suffered any damage. Such as Preston Poulters sales doing better after defendants statements. John Lamont's book, is also a major focus of defendants statements and should be made available for the judge and jury to see.

**(iii) A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);**

**Plaintiffs' Position**. Plaintiffs do not believe phased discovery is necessary or appropriate for this case.

**Defendant's Position**.

Defendant would like to know what phased discovery is, so he can decide if he agrees or not on the necessity for it.

**(iv) A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;**

**Plaintiffs' Position**. Plaintiffs believe that the substance of Defendant's statements can be stipulated based on the recordings of the videos. Plaintiffs are not aware of any other undisputed issues.

**Defendant's Position**.

In direct dispute is whether or not the statements are defamatory. As the statements were clearly an opinion, and furthermore had no damage to the plaintiffs.

**(v) A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules;**

**Plaintiffs' Position**. Plaintiffs agree that the presumptive limits are appropriate for this case.

**Defendant's Position**.

Defendant is fine with presumptive limits

**(vi) An explanation of any other proposed limitations on discovery;**

**Plaintiffs' Position**. Plaintiffs do not propose any other limitations on discovery.

**Defendant's Position**.

Defendant would like a narrow focus on just the videos, as well as Plaintiffs crowd funds, and Comics sales as they are the topics of the videos

**(vii) An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order;**

**Plaintiffs' Position**. Plaintiffs do not currently anticipate significant issues regarding claims of privilege, work product, and other protections. Should those issues arise, Plaintiffs believe the parties can resolve them.

**Defendant's Position**.

Defendant agrees

**(viii) A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery;**

**Plaintiffs' Position**. Plaintiffs propose October 1, 2022, as the deadline to designate experts on claims for affirmative relief and November 1, 2022, as the deadline to designate defensive experts.

**Defendant's Position**.

Defendant proposes an addition 9 months for the two dates given as he needs more time to figure out the complexities of the court's procedures. Defendant is representing himself and isn't nearly as capable as the plaintiffs attorneys.

**(ix) An explanation of any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and**

**Plaintiffs' Position**. Plaintiffs are not aware of any other orders that should be issued at this time.

**Defendant's Position**.

Defendant is unsure

**(x) A proposed deadline to complete discovery.**

**Plaintiffs' Position**. Plaintiffs propose January 3, 2023, as the deadline to complete discovery.

**Defendant's Position**.

Defendant requests an additional 9 months on this date, as he needs more

time than the average attorney to figure out the complexities of the

courts procedures.

**(c) A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;**

**Plaintiffs' Position**. This Court has jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of the parties: Plaintiffs are citizens of Texas and Florida, while Defendant is a citizen of California. And the amount in dispute exceeds $75,000. The Court has already considered and denied Defendant's challenge to the Court's jurisdiction. *See* Dkt. 18 (his answer); Dkt. 26 (his motion to dismiss); Dkt. 35 (the Magistrate's report recommending denial of the motion to dismiss); Dkt. 37 (the order accepting the Magistrate's recommendation).

**Defendant's Position**.

This court has no jurisdiction and should reconsider this ruling on defendants motion to dismiss. Defendant may have answered the lawsuit, but that was simply out of fear of a default judgement. Defendant had no idea that he should have filed a motion to dismiss and not answer the lawsuit.

Furthermore, without Ethan Van Sciver in the lawsuit, there are officially no ties to Texas, as he was the only one who made a comment about Preston Poulter, who is the only one who resides in Texas.

**(d) Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;**

 **Plaintiffs' Position**. Plaintiffs' motion for default judgment against Defendant Victoria Kundert, filed on March 2, 2022, remains pending. *See* Dkt. 40.

 **Defendant's Position**.

 Defendant feels the need to point out that plaintiffs haven't actually properly served defendant Victoria Kundert. As she has not lived in the California address that plaintiffs are alleging to of served her at for over 10 years. Plaintiff Preston Poulter is well aware of the actual state Kundert resides in, which is on the east coast, because Kundert was a customer, and close friend of Poulter, who has personally sent things to her real address.

**(e) A deadline to file motions to amend pleadings and join additional parties;**

 **Plaintiffs' Position**. Plaintiffs propose that the deadline to amend pleadings to join additional parties should be June 1, 2022, and that the deadline to amend pleadings other than for purposes of joining additional parties should be November 1, 2022.

**Defendant's Position**.

**(f) A deadline to file dispositive motions and other pretrial motions;**

**Plaintiffs' Position**. Plaintiffs propose that the deadline to file dispositive motions should be February 6, 2023, and that the deadline to file other pretrial motions should be 30 days before trial.

**Defendant's Position**.

Defendant would like 9 months added to the date listed above by the plaintiffs

**(g) The position of each party regarding mediation or other forms of alternate dispute resolution, including a deadline for the completion of such procedures, as well as regarding the possibilities for promptly settling or resolving the case;**

**Plaintiffs' Position**. Plaintiffs believe mediation could be a useful and cost-effective way to resolve this dispute. Plaintiffs propose a deadline of January 20, 2023, for completing mediation.

**Defendant's Position**.

Defendant is only interested in mediation if the outcome is plaintiffs dropping the lawsuit, and admitting to this being an attempt solely to bankrupt defendant Ali.

**(h) Any other matters relevant to the status or disposition of the case;**

**Plaintiffs' Position**. The Court previously dismissed, without prejudice, Plaintiffs' claims against Defendant Ethan Van Sciver for lack of

personal jurisdiction. Plaintiffs intend to re-file those claims in New Jersey.

**Defendant's Position**.

The court should also dismiss the remaining defendants in this lawsuit as the facts for Ethan's dismissal, hold true for all defendants.

**(i) Whether the parties will consent to trial, either jury or non- jury, before the magistrate judge. See FED. R. CIV. P. 73(b)(1). Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. See 28 U.S.C. § 636(c)(2); FED. R. CIV. P. 73(b)(2). However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge under 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. §636(c)(3); FED. R. CIV. P. 73(c).**

**If one or more of the parties does not consent, the parties should communicate this fact in the joint status report only by stating that "the parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c)." See generally FED. R. CIV. P. 73(b)(1). If all parties do not consent, the case will remain with the magistrate judge for pretrial management; the magistrate judge will preside over all pretrial matters, including determining all non-dispositive motions and making recommendations on all dispositive motions; and the parties will retain the right to seek review of the magistrate judge's findings and recommendations in the manner provided by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).**

The parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c).

Respectfully submitted,

| | |
|---|---|
| */s/ Jeremy Masten* | */s/ Ali Assaf* |
| Jeremy M. Masten<br>Texas Bar No. 24083454<br>jmasten@hcgllp.com<br>HAWASH CICACK & GASTON LLP<br>3401 Allen Parkway, Suite 200<br>Houston, Texas 77019<br>(254) 307-9185<br><br>M. Sameer Ahmed<br>THE AHMED FIRM PLLC<br>Texas Bar No. 24001631<br>sameer@theahmedfirm.com<br>8111 LBJ Freeway, Ste. 655<br>Dallas, Texas 75251<br>(972) 934-5858 - tel<br>(972) 934-5859 – fax<br><br>Counsel for Plaintiffs | Ali Assaf<br>1014 East Alameda Street<br>Manteca, California 95336<br>aliassaf959@gmail.com<br>(415) 450-5212<br><br>Pro Se Defendant |

## Certificate of Service

  I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on April 1, 2022.

  Dean Assaf
  Aliassaf959@gmail.com
  Pro se defendant

                  _____
                   Jeremy M. Masten