IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN T. LAMONT and PRESTON        §
POULTER,                          §
                                  §
            Plaintiffs,           §
                                  §
V.                                §        No. 3:21-cv-1176-K-BN
                                  §
DEAN ASSAF a/k/a DA TALK,         §
VICTORIA KUNDERT a/k/a            §
VIKKIVERSE, and ETHAN VAN         §
SCIVER,                           §
                                  §
            Defendants.           §

## INITIAL SCHEDULING ORDER

Plaintiffs John T. Lamont and Preston Poulter brought claims of defamation, slander per se, cyber libel, and statutory libel against Defendants Ali "Dean" Assaf a/k/a "DA Talk" (Assaf), Victoria C. Kundert a/k/a VikkiVerse (Kundert), and Ethan Van Sciver [Dkt. No. 6] (the First Amended Complaint (FAC)). And United States District Judge Ed Kinkeade referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 21.

Assaf, proceeding *pro se*, answered the FAC. *See* Dkt. No. 18. Kundert failed to respond to the FAC, and Defendants moved for entry of default, *see* Dkt. No. 33, which the Clerk of Court entered on November 29, 2021, *see* Dkt. No. 34. And the Court has dismissed the claims against Van Sciver without prejudice under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. Nos. 19, 20, 35-37.

Plaintiffs and Assaf filed a report under Federal Rule of Civil Procedure 26(f). *See* Dkt. No. 43. And the Court enters this order under the Civil Justice Expense and

Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b).

1.      **<u>The Court's Expectations</u>.** The rules that govern this proceeding must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; *see also* FED. R. CIV. P. 1 advisory committee's note, 2015 Amendment (noting the amendment of the rule "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way").

The Court enters this order to further those goals by setting forth the following expectations.

As is Assaf's right, he has chosen to defend this action without an attorney. And, through that decision, he has undertaken certain responsibilities, including:

(1) that he be aware of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders);

(2) that he timely comply with any order issued by this Court; and

(3) that he cooperate with counsel for other parties and participants.

Because Assaf is a *pro se* litigant, the Court may hold his filings to a less stringent standard than papers drafted and filed by an attorney. But neither the Court (or any of its staff) nor counsel for other litigants will serve as his *de facto*

counsel. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

The Court expects that, throughout these proceedings, both Assaf and counsel for other parties or participants will be courteous, cooperative, and professional and, likewise, will communicate in a timely manner. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF). Although Assaf is not a lawyer, he must defend this action in a manner that does not unduly burden the Court, the other parties or participants, or their counsel.

If a party seeks a court order as to a particular matter, the party must file a motion that complies with the requirements of Federal Rule of Civil Procedure 7(b); Northern District of Texas Local Civil Rules 7.1 and 7.2; the February 8, 2022 Order Regarding Federal Jurisdiction and Standing Order on Discovery and Other Non-Dispositive Motions [Dkt. No. 38] (the Standing Order), as applicable; and this Initial Scheduling Order. *See* FED. R. CIV. P. 7(b)(1).

Likewise, to allow the parties time to cooperatively resolve disputes before bringing them to the Court, Assaf must allow counsel for other parties or participants at least 72 hours to return phone calls, answer emails, or otherwise respond to communication from him before he again contacts counsel or the Court.

Assaf is cautioned that the Court possesses the power to impose sanctions – which can include striking his answer – for failure to comply with orders of the Court

and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37. He is further cautioned that (1) the progress of this case will not be delayed because he is without an attorney and (2) the Court will not be more inclined to grant extensions because he is without an attorney.

2. **Joinder of Parties.** Any motion for leave to join additional parties must be filed by **September 2, 2022**.

3. **Amendment of Pleadings.** Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Accordingly, unless Rule 15(a)(1) permits an amended or supplemental pleading to be filed without leave, or an amended or supplemental pleading is filed with the opposing party's written consent, a motion for leave must be filed to amend or supplement pleadings, and any motion for leave must be filed by **January 6, 2023**. The Court generally will grant a timely-filed motion for leave to amend as a matter of course absent a showing of undue prejudice or futility. *See* FED. R. CIV. P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. *See* FED. R. CIV. P. 16(b)(4).

4.      **Expert Witnesses.** Under Federal Rule of Civil Procedure 26(a)(2)(D), a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the expert witness(es) by **February 7, 2023**. A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the rebuttal expert witness(es) by **March 9, 2023**.

The designation of experts must comply with the provisions of Federal Rule of Civil Procedure 26(a), including the preparation of a written report signed by the expert. But a written report is only required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). If, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert report is not required, the designation must comply with Federal Rule of Civil Procedure 26(a)(2)(C)'s requirements. Any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony must be filed by **May 8, 2023**.

5.      **Discovery.** The rules that govern disclosures and discovery are Rules 26 through 37 of the Federal Rules of Civil Procedure 26 and Rule 26.2 of the Northern District of Texas Local Civil Rules, all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders

If the parties have not already done so, they must exchange initial disclosures

in compliance with Federal Rule of Civil Procedure 26(a)(1) by **April 18, 2022**.

All discovery must be initiated in time to be completed by **April 7, 2023**. This includes the use of subpoenas to obtain documents from third parties under Federal Rule of Civil Procedure 45 and the supplementation of discovery responses as required by Federal Rule of Civil Procedure 26(e). (But this order does not relieve any party of the Rule 26(e)(1) obligation to supplement or correct a disclosure or response if the party learns after **April 7, 2023** that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.)

The presumptive limit of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party will apply in this case. *See* FED. R. CIV. P. 30(a)(2)(A)(i); FED. R. CIV. P. 33(a)(1). Additionally, no party may serve more than 30 Federal Rule of Civil Procedure 36 requests for admission without leave of court for good cause shown. For purposes of this limitation, a single request for admission must be limited to a single statement or matter that the serving party seeks for the responding party to admit. *See* FED. R. CIV. P. 36(a)(2) ("Each matter must be separately stated."). But no other limitations on discovery are imposed at this time.

Any motion to compel discovery or for a protective order must be filed by the later of (1) **March 24, 2023** or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery

responses, or production of documents or electronically stored information must be filed by **April 12, 2023**.

The parties are further advised that, under Federal Rules of Civil Procedure 30, 33, 34, and 36, responses and objections to discovery requests (such as requests for production or interrogatories or a deposition notice) or requests for admission must be served on the party that served the discovery requests or took a deposition. *See* FED. R. CIV. P. 30, 33(b); FED. R. CIV. P. 34(b)(2); FED. R. CIV. P. 36(a)(3)-(5). But responses to discovery requests or requests for admission – or, for that matter, the discovery requests or requests for admissions themselves – are not to be filed with the Court unless these materials are filed as an exhibit to a motion to which a particular request, response, or objection is relevant. And, even then, the Northern District of Texas Local Civil Rules dictate that the party filing the motion or response to a motion file, as part of an appendix, only the portions of the discovery materials that are in dispute in the motion or on which the party relies to support or oppose the motion. *See* N.D. TEX. L. CIV. R. 5.2(c)-(d), 7.1(i).

Any motion to quash or for protective order relating to a deposition that is filed in less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-

client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. *See* Dkt. No. 38, ¶ 10.

And, under Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

6.     **Settlement.** If appropriate, the Court may, at a later date, refer the parties to mediation, a settlement conference with a magistrate judge, or another form of alternative dispute resolution or may convene a status conference with the

parties to discuss such a referral. But the parties should advise the Court immediately if they believe that their settlement discussions and negotiations would, in advance of any action by the Court, benefit from a referral to a form of alternative dispute resolution. *See* N.D. TEX. L. CIV. R. 16.3 ("Settlement. a. Settlement Negotiations. Parties in a civil action must make good-faith efforts to settle. Settlement negotiations must begin at the earliest possible time, well in advance of any pretrial conference. b. Settlement Conferences. A judge will be available for settlement discussions. In nonjury cases the presiding judge will not discuss settlement figures unless requested to do so by all concerned parties.").

7.    **Dispositive Motions.** Motions for summary judgment or other dispositive motions must be filed by **May 8, 2023**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleading's document number on the Court's docket. Additionally, except to the extent that any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be

numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. L. Civ. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b).

If a motion for summary judgment is timely filed, the Court will establish a summary judgment briefing schedule by separate order. Ordinarily, the Court will grant the non-movant 30 days to file a response, and the movant will then be granted 15 days to file a reply. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, or summary judgment evidence or other documents will be allowed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. And, if a motion to dismiss becomes moot due to the filing of an amended complaint, the moving party must notify the Court immediately.

8. **<u>Motions Not Otherwise Covered</u>.** A party must file a motion not otherwise covered by this order by no later than **May 8, 2023**. This deadline does not apply to motions in limine or to objections filed pursuant to Federal Rule of Civil

Procedure 26(a)(3), which must be filed no later than the deadlines to be established by an order setting trial-related deadlines to be issued later.

9.  **Compliance with Standing Order.** All discovery-related motions (should discovery be allowed), pleading disputes, and other non-dispositive motions must comply with the Standing Order [Dkt. No. 38].

10.  **Modifying Deadlines.** The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b)(4). Further, the Court strongly discourages any request to extend the dispositive motions deadline through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances. The Court will set this case for trial and schedule any pretrial conference after all dispositive motions have been decided. The Court will, in a later order, establish trial-related deadlines, including deadlines for filing trial-related motions. And, please note that deadlines in this order are for filing or delivery and are not mailing dates.

11.  **Change of Contact Information.** Any attorney or any party who is proceeding pro se who changes the attorney's or party's business address or mailing address, e-mail address, telephone number, facsimile number, or name must promptly notify the Clerk of the Court and the Court in writing. If the attorney or party is a registered user of Electronic Case Files (ECF), the attorney or party must, in addition to notifying the Court in writing, promptly follow the procedures in the ECF Administrative Procedures Manual to update the changed address, e-mail

-11-

address, telephone number, facsimile number, or name.

　　　12.　**Noncompliance.** The failure to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f). Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

　　　The Court further informs parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case." This includes, but is not limited to, social security numbers, taxpayer identification numbers, financial account numbers, minors' names, and dates of birth.

　　　SO ORDERED.

　　　DATED: April 4, 2022

　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　DAVID L. HORAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE