IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-1176-K-BN |
| DEAN ASSAF a/k/a DA TALK, VICTORIA KUNDERT a/k/a VIKKIVERSE, and ETHAN VAN SCIVER, | § § § § § § | |
| Defendants. | § | |

## ORDER SETTING BRIEFING SCHEDULE

Defendant Victoria C. Kundert a/k/a VikkiVerse (Kundert) failed to respond to the First Amended Complaint, and Plaintiffs John T. Lamont and Preston Poulter moved for entry of default, *see* Dkt. No. 33, which the Clerk of Court entered on November 29, 2021, *see* Dkt. No. 34. Plaintiffs then filed a motion for default judgment on March 2, 2022 [Dkt. No. 40], which remains pending.

On April 11, 2022, Kundert filed Defendant Victoria Kundert's Motion to Vacate Default [Dkt. No. 45]. *See also* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause."); *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) ("In determining whether good cause exists to set aside an entry of default, the court considers '(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.' The burden of showing good cause lies with the party challenging the default entry." (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*,

346 F.3d 552, 563 (5th Cir.2003); citations omitted)).

Plaintiffs must file a written response to Kundert's motion by **May 12, 2022**. The response must be accompanied by or incorporate a brief, and the response and the brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities.

And Kundert may file a reply brief, but no additional documents, by **May 27, 2022**. The reply shall not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion or response thereto without leave of court.

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. And the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion to set aside default based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). And, if, while this motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd in the district clerk's office, at (214) 753-2165, that such discussions are ongoing.

Please note that deadlines in this order are for filing or delivery and are not

mailing dates.

    SO ORDERED.

    DATED: April 12, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE