# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and<br>PRESTON POULTER, | §<br>§<br>§ | |
| Plaintiffs, | § | Civil Action No. 3:21-CV-1176-K |
| | § | |
| v. | § | Judge Kinkeade |
| | § | |
| DEAN ASSAF A/K/A DA TALKS,<br>VICTORIA KUNDERT<br>A/K/A VIKKIVERSE,<br>Defendants. | §<br>§<br>§<br>§ | |

# DEFENDANT VICTORIA KUNDERT'S
# <u>REPLY BRIEF</u>

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS………………………………..………………………………..i

TABLE OF AUTHORITIES……………………………………………………….………..ii

I.   DEFENDANT KUNDERT'S KNOWLDEGE OF THE COMPLAINT
     DOES NOT SATISFY RULE 4'S REQUIREMENTS……...………..………….……......1

II.  PLAINTIFFS FAILED TO COMPLY WITH RULE 4...………..……….......……..……....2

III. PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR
     FAILURE TO EEFECT TIMELY SERVICE……………..…………….……….……..2

IV.  CONSEQUENCES OF THE DEFAULT BEING VACATED..….…………….…….…..4

V.   CONCLUSION………………………………………………………………………......5

## TABLE OF AUTHORITIES

Page

### Cases

*Rojas v. Carrington Mortg. Servs.*,
    CIVIL ACTION NO. 7:20-cv-00409, 6 (S.D. Tex. Mar. 22, 2021)……………..………..2

*Thrasher v. City of Amarillo*
    709 F.3d at 509, 511, 512, 513 (5th Cir. 2013)…………………….....…………..…..4, 5

*Way v. Mueller Brass Co.*
    840 F.2d 303, 306 (5th Cir. 1988)……………………………………………...….….2

### Rules

Rule 55(c)…..………………………………………………………………….….………..1

Rule 4(m)……………...……………………………………………………………….1, 2, 3, 4, 5

Rule 4(c)(1)…………………………………………………………………………..….5

Rule 12(b)(2)……………………………………………………………………………….5

Defendant Victoria Kundert ("Kundert") hereby replies to Plaintiffs' brief ("Pl. Br."), Dkt. No. 47, filed in opposition to Kundert's Motion to Vacate Default ("D. Br."), Dkt. No. 45. Fed. R. Civ. Pro 55(c) states "the court may set aside an entry of default for good cause." Kundert respectfully requests the Court dismiss Plaintiffs' claim of default due to improper service under Fed. R. Civ. Pro. 4(m).

Plaintiff's response asserts that the service of Kundert that was filed with the Court on October 21, 2021 was properly served on October 14, 2021. Plaintiff's complaint was filed with the Court on May 23, 2021. Dkt. No. 1. Plaintiffs attempted service in Albuquerque, New Mexico and the unexecuted summons was filed on August 4, 2021. Dkt. No. 17. Plaintiffs then filed service made in California, 511 days after the complaint was filed, on October 21, 2021 (Dkt. 32) and assert that the service was proper

I.  DEFENDANT KUNDERT'S KNOWLDEGE OF THE COMPLAINT DOES NOT SATISFY RULE 4'S REQUIREMENTS

Plaintiffs point to a Tweet by Defendant Kundert dated August 7, 2021, not on August 13, 2021 (Dkt. 47 Appendix at 3) as attested to in the Declaration by Preston Poulter (Dkt. 47 Appendix at 2) and an anonymous email received by Plaintiffs on November 15, 2021 as proof of inexcusable neglect by Kundert. Plaintiffs offer no evidence that Kundert sent the email, yet claim it as evidence

that she had knowledge of the Default. Defendant Kundert had no knowledge of the anonymous email prior to Plaintiffs response.

Kundert's "actual notice of the litigation … is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988). Kundert's Tweet, dated August 7, 2021 was made prior to the time allowed for service as set forth in Rule 4(c)(1) which states:

> "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"

## II.   PLAINTIFFS FAILED TO COMPLY WITH RULE 4

Rule 4(m) allots the Plaintiff 90 days to effect service. In *Rojas v. Carrington Mortg. Servs.*, CIVIL ACTION NO. 7:20-cv-00409, 6 (S.D. Tex. Mar. 22, 2021), The Southern District Court of Texas determined that:

> "In light of Plaintiffs' failure to effect proper service of process within the 90-day period provided in Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

## III.  PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR FAILURE TO EFFECT TIMELY SERVICE

Under Rule 4(m) after the unsuccessful service in New Mexico, Plaintiffs had 17 days to either serve Kundert in North Carolina or show good cause for failure of service and request an extension for the time of service. Plaintiff Poulter

did not inform his Counsel that Kundert resides in North Carolina and instead wasted the Court's time and resources. Defendant Kundert respectfully submits that the Plaintiffs have not shown good cause for their failure to serve Kundert within the 90 day time limit of Rule 4(m) and Plaintiffs did not file a Rule 4(m) motion.

In *Thrasher v City of Amarillo*, Plaintiff failed to perfect service within the statutory time limit and claimed the United States District Court for the Northern District of Texas erred in dismissal for delay in service. The Fifth Circuit affirmed the district court's decision and held:

> "When service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service." Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)

The Fifth Circuit also said:

> We have analyzed a district court's good cause determination in similar situations and affirmed dismissal. In *Systems Signs Supplies v. U.S. Department of Justice, Washington, D.C.*, we held that the district court did not abuse its discretion in finding that a litigant failed to show good cause, despite the litigant's pro se status, his multiple attempts to serve defendants within the statutory period, and the fact that defendants had actual notice of the suit. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)

Defendant Kundert has not left the State of North Carolina for over four years. Plaintiffs only made one attempt at service during the statutory period. They made no attempt to serve Kundert in North Carolina; instead they claim, without explanation, Lamont and Poulter learned she, "might be in California," and filed service outside the statutory period as set by Rule 4(m).

Plaintiffs assert that they had, "difficulty locating her (Kundert)," and, "spent the next two months attempting to locate Kundert." From the onset of this case, Plaintiff Poulter was aware that Kundert could be located in North Carolina, as shown in Kundert's Motion to Vacate. Dkt. 45. When, "contumacious conduct by the plaintiff exists," the court will dismiss a complaint even when that results in dismissal with prejudice. *Thrasher v. City of Amarillo*, 709 F.3d at 513 (5th Cir. 2013). Plaintiff Poulter deliberately withheld from the Court his knowledge that Kundert lived in North Carolina and not New Mexico or California.

## IV. CONSEQUENCES OF THE DEFAULT BEING VACATED

Defendant Kundert respectfully asks that the Court vacate the default, deny the default judgment, and dismiss the Plaintiffs complaint with prejudice. Plaintiffs suggested that if the Court finds that Kundert was properly served but the default should nevertheless be vacated, the Court should enter a scheduling order for her to file responsive pleadings. However, if the Court finds that the summons was improper, Kundert is not under the jurisdiction of this Court. Plaintiffs also suggest

that if the Court finds that Kundert was not properly served, the Court should enter a scheduling order for Plaintiffs to perfect service on her now that she has been located. Plaintiffs had opportunity to ascertain Kundert's location before filing their complaint and Plaintiff Poulter knew Kundert was in North Carolina before the complaint was filed with an incorrect address in New Mexico. If Plaintiffs are given leave to perfect service on Kundert, they will face the same Rule 12(b)(2) hurdle that they were unable to overcome against Defendant Ethan Van Sciver, whose motion to dismiss was granted on grounds of personal jurisdiction. Dkt. 37.

## V.   CONCLUSION

For the reasons above and in Defendant Kundert's Motion to Vacate Default, Defendant Kundert requests the Court vacate the default and dismiss Plaintiff's complaint due to lack of effective service under Federal Rules of Civil Procedure 4(c)(1) and 4(m).

Date: May 27, 2022				Respectfully submitted,

				/s/   Victoria C. Kundert
				Victoria Kundert
				101 East Main Street
				Wallace, North Carolina 28466
				vckundert@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on May 27, 2022.

| | |
|---|---|
| Counsel for Plaintiffs:<br>Jeremy M. Masten<br>HAWASH CICACK & GASTON LLP<br>3401 Allen Parkway, Suite 200<br>Houston, Texas 77019<br><br>M. Sameer Ahmed<br>THE AHMED FIRM PLLC<br>8111 LBJ Freeway, Ste. 655<br>Dallas, Texas 75251<br><br>Pro se defendant:<br>Dean Assaf<br>1014 E. Alameda Street<br>Manteca, California 95336 | /s/  Victoria C Kundert<br>―――――――――――――<br>Victoria C Kundert |