IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-1176-K-BN |
| DEAN ASSAF a/k/a DA TALK, VICTORIA KUNDERT a/k/a VIKKIVERSE, and ETHAN VAN SCIVER, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs John T. Lamont and Preston Poulter assert claims of defamation, slander per se, cyber libel, and statutory libel against Defendants Ali "Dean" Assaf a/k/a "DA Talk" (Assaf), Victoria C. Kundert a/k/a VikkiVerse (Kundert), and Ethan Van Sciver [Dkt. No. 6] (the First Amended Complaint (FAC)).

United States District Judge Ed Kinkeade has referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 21.

Assaf, proceeding *pro se*, answered the FAC. *See* Dkt. No. 18. The Court, on his motion, dismissed the claims against Van Sciver without prejudice under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. Nos. 19, 20, 35-37. And Kundert failed to respond to the FAC, so Plaintiffs moved for entry of default, *see* Dkt. No. 33, which the Clerk of Court entered on November 29, 2021, *see* Dkt. No. 34.

As ordered, *see* Dkt. No. 39, Defendants then moved for default judgment as to Kundert on March 2, 2022, *see* Dkt. No. 40.

On April 11, 2022, Kundert filed a *pro se* Motion to Vacate Default. *See* Dkt. No. 45. Plaintiffs responded. *See* Dkt. No. 47. And Kundert replied. *See* Dkt. No. 49.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant Kundert's motion to the extent that it should set aside the entry of default under Federal Rule of Civil Procedure 55(c), deny as moot the motion for default judgment, and set a deadline for Kundert to respond to the FAC.

**Applicable Background**

Plaintiffs filed this lawsuit on May 23, 2021. *See* Dkt. No. 1. And, in response to Judge Kinkeade's order on subject matter jurisdiction, *see* Dkt. No. 5, Plaintiffs amended their complaint on June 3, 2021, *see* Dkt. No. 6.

Service on Kundert was attempted at the Albuquerque, New Mexico address listed in the FAC, *see id.*, ¶ 4, but the summons was returned unexecuted ("address was no good per current resident") through a filing made on August 4, 2021, Dkt. No. 17. Plaintiffs then filed a return of service on October 21, 2021, in which a process server "declare[d] under penalty of perjury" that, on October 12, 2021, he "personally served by delivering a true copy of the summons in a civil action [and] complaint" on Kundert "at the address of: 7701 Warner Avenue, Apt# G122, Huntington Beach, CA 92647." Dkt. No. 32 (emphasis omitted).

And, as stated above, at Plaintiffs' request, the Clerk entered default as to

Kundert on November 29, 2021, and, after the Court ordered them to do so, Plaintiffs moved for default judgment as to Kundert on March 2, 2022.

Through her Motion to Vacate Default, brought as a motion to set aside an entry of default under Rule 55(c), Kundert argues that, (1) because Plaintiffs failed to serve her in the time allotted under Federal Rule of Civil Procedure 4; (2) because she does not reside at the address in California where the summons was served; and (3) because Plaintiffs knew she does not live in California, the default should be set aside. *See* Dkt. No. 45. Plaintiffs respond that Kundert was properly served in California and that consideration of the applicable factors weighs against setting aside the default. *See* Dkt. No. 47. And, in her reply, Kundert emphasizes Plaintiffs' failure to comply with Rule 4. *See* Dkt. No. 49.

## Legal Standards

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 694, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). As this language implies, moreover, "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 544 n.20 (5th Cir. 2014) (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)).

"To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also Chinese Drywall*, 753 F.3d at 545 (observing that "courts may also consider … factors identified in Rule 60(b)" but "'need not consider all of [these] factors,'" as "'the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause"'" (quoting *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008))).

"The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)).

Even so, "[d]efaults are 'generally disfavored.'" *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). Consequently, "[u]nless it appears that no injustice results from the default, relief should be granted." *Id.* (quoting *OCA*, 551 F.3d at 370-71).

But "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184); *see also id.* at 292 n.5 ("By contrast, willful evasion of process is not grounds to support entry of default judgment." (citation omitted)).

## Analysis

Primarily under the three Rule 55(c) factors identified by the United States Court of Appeals for the Fifth Circuit and considering that setting aside an entry of default is less rigorous than setting aside a default judgment, Kundert has shown good cause to set aside the Clerk's November 29, 2021 entry of default [Dkt. No. 34].

The Court should therefore set aside that entry of default, deny as moot the motion for default judgment, and set a deadline for Kundert to respond to the FAC, which will allow Kundert an opportunity to properly assert the Federal Rule of Civil Procedure 12(b)(2) ground she raises in her briefing and, if she elects, to also formally challenge the form of the process and the contents of the summons, under Federal Rule of Civil Procedure 12(b)(4), and/or the method of service attempted by Plaintiffs, under Federal Rule of Civil Procedure 12(b)(5), other grounds alluded to throughout her briefing.

### I. On the record before the Court, willful default has not been shown.

"A willful default is an 'intentional failure' to respond to litigation." *OCA*, 551 F.3d at 371 n.32. And the undersigned cannot find, on this record, that a *pro se* litigant intentionally failed to respond where – through a motion to set aside default filed less than 6 weeks after Plaintiffs filed a court-ordered motion for default judgment – she maintains, even if incorrectly, that service as to her (in California) was not proper.

Put another way, her arguments as to service may be wrong, but they are not asserted in bad faith, particularly considering her *pro se* status. *See Federated Nat'l*

*Ins. Co., Inc. v. Loredo*, No. 3:17-cv-1712-S-BN, 2019 WL 5887399 (N.D. Tex. July 12, 2019) ("Even where it has been undisputed that defendants have been served, courts have been generous in reviewing this factor." (collecting cases, including *United States v. Tellez*, 678 F. Supp. 2d 437, 441 (W.D. Tex. 2009) ("Defendants' ignorance of this case was negligent, and this alone does not suffice to establish willful default."); *Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985) ("dismissal may be inappropriate ... when a party's simple negligence is grounded in confusion"))).

Kundert maintains first that service on October 12, 2021 was improper because it was made more than 90 days after the filing of this lawsuit, on May 23, 2021 (and more than 90 days after the filing of the FAC, on June 3, 2021). And, as Plaintiffs admit – and the record reflects – they did not move, under Rule 4(m), to extend the time to perfect service of process on Kundert.

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds, see* FED. R. CIV. P. 4(k)(2)); *see also Pennie v. Obama*, 255 F. Supp. 3d 648, 658 (N.D. Tex. 2017).

Rule 4(c)(1) provides, in relevant part, that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ...." Fed. R. Civ. P. 4(c)(1). And, as applicable, Rule 4(m) provides:

> "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

FED. R. CIV. P. 4(m).

Thus, service on October 12, 2021, without first requesting and obtaining an extension of time from the Court upon a showing of good cause, was not technically "in accordance with Federal Rule of Civil Procedure 4." *Naranjo*, 679 F. Supp. 2d at 795.

Even so, "[t]he intent of the rules for serving process is to give sufficient notice to defendants of any actions filed against them … 'and to eliminate unnecessary technicality with service of process.'" *Pennie*, 255 F. Supp. 3d at 658 (quoting 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1061 (4th ed. 2013)); *but see Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004) (per curiam) ("Unlike service of process for purposes of establishing personal jurisdiction, service of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule.").

But the Court need not determine that service on Kundert in California on October 12, 2021 was improper to find that she did not willfully default. *See, e.g.*,

*Loredo*, 2019 WL 5887399, at *13-*14 (finding first that service of process was not sufficient but then finding, "[i]n the alternative, if the Court believes that service was proper," that the resulting default was not willful, relying on *Lacy*: "[t]he *Lacy* court found that the defendant's failure to answer was not a case of the defendant '"cho[sing] to play games" with the district court,' because it 'failed to realize that service was validly effected' by a court ordered mailing" (quoting *Lacy*, 227 F.3d at 293 (quoting, in turn, *Dierschke*, 975 F.2d at 183))).

Admittedly, the defendants in *Lacy* and *Loredo* engaged the other side as to the furtherance of the litigation, and that engagement was a factor in finding no willful default. But Kundert's *pro se* status should afford her some leniency at least as to this distinction. Moreover, as in *Loredo*, the facts underlying Kundert's default "do not reach the limits of the courts' liberal reading of the willful default factor." *Loredo*, 2019 WL 5887399, at *14 (citations omitted).

### II. Prejudice, as precedent defines that term in this context, has not been shown.

Turning to prejudice, as the Fifth Circuit has held as to this factor, "mere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. At bottom, delay caused by Kundert and costs associated with that delay (such as the need to have another scheduling conference, assuming she answers the FAC) is the prejudice that Plaintiffs have asserted. *See* Dkt. No. 47 at 17.

But that's not enough to prevent finding good cause to set aside the entry of default. *See Lacy*, 227 F.3d at 293 ("There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove

its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.'" (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960))).

### III. Kundert has expressed a meritorious defense.

Finally, even putting aside arguments as to the propriety of service of process, Kundert has identified a meritorious defense: "If Plaintiffs are given leave to perfect service on Kundert, they will face the same Rule 12(b)(2) hurdle that they were unable to overcome against Defendant Ethan Van Sciver, whose motion to dismiss was granted on grounds of personal jurisdiction." Dkt. No. 49 at 8 (citation omitted); *see Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2022 WL 362573, at *3-*8 (N.D. Tex. Jan. 18, 2022), *rec. accepted*, 2022 WL 357174 (N.D. Tex. Feb. 7, 2022).

As this Court held as to Defendant Assaf, "a party's right to object to personal jurisdiction certainly is waived under Rule 12(h) if such party fails to assert that objection in his first pleading or general appearance." *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002); *see Lamont*, 2022 WL 362573, at *4. But "a party's right to contest personal jurisdiction is not waived by his failure to appear at all." *Jackson*, 302 F.3d at 523 (footnote omitted).

That this right is not waived by a default does not mean, however, that lack of personal jurisdiction is not a meritorious defense under this factor. As other district courts in this circuit have held, "the personal jurisdiction of this Court" is indeed a "potentially meritorious" defense to claims in the context of setting aside the entry of default. *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of La., Inc.*, Civ.

A. No. 07-3115, 2009 WL 4060192, at *3 (E.D. La. Nov. 20, 2009); *see McConaghie v. Islamic Republic Broad.*, EP-13-CV-190-FM, 2014 WL 12580038, at *9 (W.D. Tex. Sept. 19, 2014) (same); *Holder v. Gruenbeck*, No. 6:20-CV-00875, 2021 WL 926224, at *3 (W.D. La. Mar. 9, 2021) ("Whether the Court may enter a default against a party over whom the Court has no jurisdiction is a classic 'chicken-or-the-egg' scenario. After all, it is an established federal law principle 'that a party may silently suffer a default judgment and later challenge personal jurisdiction.' Yet, the Court cannot reasonably know whether jurisdiction exists without the party having presented the argument and evidence of non-jurisdiction. The Court need not resolve the famous dilemma here, where Mirza has presented evidence of an arguably meritorious jurisdictional defense. The Court finds this is sufficient, at this early stage, under the lenient Rule 55(c) standard, to warrant setting aside the default." (quoting *Jackson*, 302 F.3d at 522-23)); *see also Iowa State Univ. Research Found. v. Greater Continents Inc.*, 208 F.R.D. 602, 604 (S.D. Iowa 2002) ("Other jurisdictions have held that lack of personal jurisdiction is a meritorious defense that can warrant setting aside entry of default. The claimed defenses need not be absolutely convincing; a defendant need only make a sufficient showing to generate a factual or legal question as to the merits of a plaintiff's claim." (collecting cases)).

**Recommendation**

The Court should grant Victoria C. Kundert a/k/a VikkiVerse's *pro se* Motion to Vacate Default [Dkt. No. 45] to the extent that the Court should set aside the Clerk's November 29, 2021 entry of default [Dkt. No. 34] under Federal Rule of Civil

Procedure 55(c); deny as moot the motion for default judgment as to Kundert [Dkt. No. 40]; and set a deadline for Kundert to respond to the First Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE