# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and | § | |
| PRESTON POULTER, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:21-CV-1176-K |
| | § | |
| v. | § | Judge Kinkeade |
| | § | |
| DEAN ASSAF A/K/A DA TALKS, | § | |
| VICTORIA KUNDERT | § | |
| A/K/A VIKKIVERSE, | § | |
| Defendants. | § | |


## <u>DEFENDANT VICTORIA KUNDERT'S MOTION TO DISMISS</u>

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS……………………………………...…………………………..i

TABLE OF AUTHORITIES…………………………………………………….……..ii

I.      INSUFFICIENT PROCESS .…………………………………….………………....1

II.     INSUFFICIENT SERVICE OF ROCESS……………………………………...…...3

III.    PLAINTIFFS FAILED TO SERVE DEFENDANT
        IN TIME ALLOTED……………………………………………………….…………4

IV.     PLAINTIFFS FAILED TO SERVE PROCESS
        ON DEFENDANT KUNDERT……………………………………………………6

V.      CONCLUSION……………………………………………………………....…...9

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Burger King*,
471 U.S. at 475; Walden, 571 U.S. at 284; Carmona, 924 F.3d at 924………….1

*Naranjo v. Universal Sur. of Am.,*
679 F. Supp. 2d 787, 795 (S.D. Tex. 2010)…………………………………...3

*Thrasher v. City of Amarillo*,
709 F.3d 509, 511 (5th Cir. 2013)………………………………………….5

*Thrasher v. City of Amarillo*,
709 F.3d at 513 (5th Cir. 2013)……………………………………………6

## Rules

Rule 12(b)(2)………………………………………………………………...1, 9

Rule 4(a)(1)(B)………………………………………………………………1, 3,  9

Rule 4(e)(2)…………………………………………………………………1, 3,  9

Rule 4(m)……………...……………………………………….……………1, 4,  5,  9

Rule 12(b)(5)……………………………………………….…………………3

Rule 4(c)………………………………………………………………………5

Defendant Victoria Kundert ("Kundert"), proceeding *pro se*, hereby joins "Ethan Van Sciver's Motion to Dismiss" with respect to Van Sciver's claim of relief pursuant to Federal Rules of Civil Procedure 12(b)(2) (Dkt. 19).

As with Van Sciver in New Jersey, Defendant Kundert, a resident of North Carolina, has no contacts with Texas and Plaintiffs fail to allege in Plaintiff's First Amended Complaint (Dkt. 6) that Kundert's actions were both "expressly aimed" at Texas and "calculated to cause injury to" Poulter in Texas. *Calder*, 465 U.S. at 789, 790. Plaintiffs have not alleged that Defendant Kundert deliberately acted to make contact with Texas. *Burger King*, 471 U.S. at 475; Walden, 571 U.S. at 284; Carmona, 924 F.3d at 924.

Defendant Victoria Kundert respectfully requests this Court allow joinder of Ethan Van Sciver's Motion to Dismiss and dismiss the complaint against Kundert without prejudice for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Defendant Victoria Kundert also requests the Court dismiss this action due to insufficient process under Federal Rule of Civil Procedure 4(a)(1)(B) and 12(b)(5) and insufficient service of process under Federal Rule of Civil Procedure 4(e)(2), and 4(m)

## I.    INSUFFICIENT PROCESS

Plaintiff Poulter has knowledge of Kundert's status as a resident of North Carolina. On Apr 16, 2020, Kundert appeared with Mr. Poulter on a live broadcast

on Mr. Poulter's YouTube channel, Pocket Jacks Comics, the following exchange occurred at 1 hour and 8 minutes *See* Appn 3, Ex 1 :

> POULTER: You grew up on the West Coast?
>
> KUNDERT: Yes. I did.
>
> POULTER: Ah, okay. But now you're on the east coast.
>
> KUNDERT: Yes.
>
> POULTER: Okay.
>
> KUNDERT: Yeah, cross country. Actually I'm kind of glad I got out of California.
>
> POULTER: I bet. You're like, I go back to L.A. It's just getting worse and now they've shut down the whole city.

On May 3, 2020, Plaintiff Poulter uploaded a video to his YouTube channel entitled "That Umbrella Guy Needs Your Support: #istandwithvikki" in which he discussed the release of Kundert's personal information on Twitter. The video's description reads, "That Umbrella Guy (TUG) recently revealed that he had the doxx on a critic of Ethan Van Sciver, Vikkiverse. Soon thereafter, Vikki's doxx was put forward in a Twitter account." *See* Appn 4, Ex 2.

Kundert also backed several of Mr. Poulter's crowdfunding campaigns and used her mailing address in North Carolina. The final crowdfunding campaign of Mr. Poulter's that she backed, was Mr. Poulter's "Make 100: Guinevere and the Divinity Factory #3 Adult Cover" on the crowdfunding platform Kickstarter, which was mailed by Mr. Poulter to campaign backers, including Kundert, during September of 2020. *See* Appn 5-7, Ex 3.

---

Fed. R. Civ Pro. 4(a)(1)(B) requires that the summons "be directed to the defendant". Plaintiff Poulter knew the New Mexico address on the summons for Kundert was incorrect and was not directed at Kundert. Plaintiff Poulter allowed his Counsel to certify service of documents to Kundert to yet another address in California, 5895 Jensen Road, Castro Valley, CA, one that Kundert has no connection to (Dkt 28, Dkt. 29, Dkt. 40).

## II.    INSUFFICIENT SERVICE OF PROCESS

Plaintiffs failed to properly serve process on Defendant Kundert under Rule 12(b)(5) of the Federal Rules of Civil Procedure. "[A] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am., 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)*.

Under the Federal Rules of Civil Procedure 4(e)(2) process of service is completed under the following criteria:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiffs failed to meet these criteria. The summons was served at an address in California, and not delivered to Kundert personally in North Carolina, nor was it left at her dwelling or with an authorized agent. Kundert is a resident of Wallace, North Carolina. She has lived in North Carolina for 10 years and at her current address, 101 East Main Street, Wallace, North Carolina, since January 2019 *See* Appn 8, Ex 4. Kundert was not in California but across the country in Wallace, North Carolina on October 14, 2021, the date the service was certified as complete by Plaintiffs.

## III. PLAINTIFFS FAILED TO SERVE DEFENDANT IN TIME ALLOTED.

Plaintiffs failed to serve Kundert properly and in the time allotted under Fed. R. Civ. Pro. 4(m).  On May 28, 2021 a summons was issued by the Clerk of the Court for Defendant Kundert in this Action (Dkt 3). Plaintiffs were aware as late as August 4, 2021 when the unserviced summons was entered into the record (Dkt 17). The service at 512 Mariposa Drive NW, Albuquerque, New Mexico had not been affected because the address was improper, and the Plaintiffs had 17 calendar days to either obtain the proper address to serve Kundert or in the alternative file a motion for an extension of time or seeking permission to serve in an alternative manner.

On October 21, 2021, Plaintiff filed a Return of Service (Dkt 32) declaring that Kundert was "personally served" at an address in Huntington Beach on October 14, 2021 at 7:20pm Pacific Daylight Time, 54 days after the unserved summons was entered into the record and 108 days after the summons was issued. The summons was certified as served at 7701 Warner Avenue, Apt. G122, Huntington Beach, CA not at the original New Mexico address on the summons. Under Fed. R. Civ. Pro 4(c) "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)". Fed. R. Civ. Pro. 4 (m) states "if a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time".

In *Thrasher v City of Amarillo*, Plaintiff failed to perfect service within the statutory time limit and claimed the United States District Court for the Northern District of Texas erred in dismissal for delay in service. The Fifth Circuit affirmed the district court's decision and held: "When service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service." Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

From the onset of this action, Plaintiff Poulter was aware that Kundert could be located in North Carolina. When, "contumacious conduct by the plaintiff"

exists," the court will dismiss a complaint even when that results in dismissal with prejudice. *Thrasher v. City of Amarillo*, 709 F.3d at 513 (5th Cir. 2013). Plaintiff Poulter deliberately withheld from the Court his knowledge that Kundert lived in North Carolina and not New Mexico or California.

## IV.   PLAINTIFFS FAILED TO SERVE PROCESS ON DEFENDANT KUNDERT

On October 20, 2021 Plaintiff Poulter using the Discord account name of "pocketjackscomics" made the following post in his public Discord Server[1], Figures of Legend *See* Appn 9, Ex 5:

"Attention @everyone

I have an update regarding Victora Kundert

10/14/2021 7:20 PM Personal service obtained on the defendant. She did not want to accept the documents after opening the door and was informed that she has no choice. Service was then announced and the documents were left at the door.

10/20/2021 8:19 AM Original proof of service mailed. A copy is attached to this message."

These events were not contained in Plaintiffs' Return of Service declaration (DKT. 32). It simply states the process server "personally served" Kundert. There is no mention of how the process server identified Kundert. The process server

---

[1] Discord is an on-line voice, video and text communication service.

could not have identified the woman at the door in Huntington Beach, California as "Victoria Kundert" because Kundert was in North Carolina at this time.

On October 14, 2021 Kundert was in Wallace, North Carolina not in California. Kundert is a full-time volunteer at The Sanctuary Project, a federally registered 501(c)(3), located at 101 East Main Street in Wallace, North Carolina. *See* Appn 10-11, Ex 6. On October 14, 2021 she was present at The Sanctuary Project Thrift Store from 12 noon until 6pm.

Kundert is the social media manager for The Sanctuary Project and is solely responsible for all posts published to Facebook. At 12:09:31pm on October 14, 2021 she took the following photograph *See* Appn 12, Ex 7:



The photograph's metadata establishes the time and date the photograph was taken. A copy of the metadata is attached. *See* Appn 13, Ex 8. Kundert

---

subsequently published the photograph to The Sanctuary Project's Facebook Page. A copy of the Facebook post is attached. *See* Appn 14, Ex 9.

Kundert was at her residence at 10:20pm Eastern Daylight Time *See* Appn 10-11, Ex 6. This is the time Plaintiffs' Return of Service states she was served in California. On October 15th, Kundert was again at The Sanctuary Project Thrift Store at 12pm. At 12:21:37pm on October 15, 2021 she took the following photograph *See* Appn 15, Ex 10:



The photograph's metadata establishes the time and date the photograph was taken. A copy of the metadata is attached. *See* Appn 16, Ex 11. Kundert subsequently published the photograph to The Sanctuary Project's Facebook Page. A copy of the Facebook post is attached. *See* Appn 17, Ex 12.

## V.      CONCLUSION

For the reasons above Defendant Victoria Kundert respectfully requests this Court Dismiss Plaintiffs' Amended Complaint due to the Court's lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and because of Plaintiffs failure to execute effective service upon Defendant Victoria Kundert under Federal Rule of Civil Procedure 4(a)(1)(B), 4(e)(2) and 4(m).

Date: February 9, 2023                    Respectfully submitted,

/s/   Victoria C. Kundert

Victoria Kundert
101 East Main Street
Wallace, North Carolina 28466
vckundert@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on February 9, 2023.

Counsel for Plaintiffs:                             /s/  Victoria C Kundert
Jeremy M. Masten                             _____
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200                Victoria C Kundert
Houston, Texas 77019

M. Sameer Ahmed
THE AHMED FIRM PLLC
8111 LBJ Freeway, Ste. 655
Dallas, Texas 75251

Pro se defendant:
Dean Assaf
1014 E. Alameda Street
Manteca, California 95336