IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| John T. Lamont et al. § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | | Civil Action No. 3:21-cv-1176-K-BN |
| § | | |
| Dean Assaf et al. § | | |
|     Defendants § | | |

**Plaintiffs' Response to Kundert's
Motion to Dismiss (Doc. 53)**

Plaintiffs properly served Defendant Victoria Kundert on October 14, 2021. Kundert's Motion to Dismiss (Doc. 53) ("Motion") seeks dismissal by (1) raising a personal jurisdiction argument Kundert has already waived and (2) complaining about service without showing any defect in the summons or even denying being served.

## Discussion

**A.   Kundert waived her 12(b)(2) arguments.**

Kundert first seeks to "join" Ethan Van Scriver's Rule 12(b)(2) Motion to Dismiss. Motion at 1. But Kundert has waived any Rule 12(b)(2) objection by failing to include it in her Motion to Vacate. Under Federal Rule of Civil Procedure 12(h), a Rule 12(b)(1)–(5) defense is waived unless the defendant raises the defense "at the time he makes his first defensive move" in a case. *Golden v. Cox*

*Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982). In the context of a default judgment, a motion to vacate is the "first 'defensive move'" by the defaulting defendant, so it must include all available Rule 12 defenses. *High Island Health, LLC v. Libertybelle Mktg.*, No. 06-cv-02931, 2007 WL 1173631, at *3–4 (S.D. Tex. Apr. 18, 2007).

The Fifth Circuit has not directly addressed failure to raise a Rule 12(b)(2) objection in a motion to vacate a default. But the Sixth, Seventh, and Tenth Circuits have all held that a movant waives a Rule 12(b)(2) objection by failing to include it in the motion to vacate. *See In re Kutrubis*, 550 F. App'x 306, 309–10 (7th Cir. 2013) ("Similarly, if a party's first opportunity to raise personal jurisdiction comes about in a motion to vacate a default, and the party does not make the argument, courts generally consider the issue waived."); *United States v. 51 Pieces of Real Property, Roswell, NM*, 17 F.3d 1306, 1314 (10th Cir. 1994) ("Nitsua's response to the government's amended motion for default was a defensive move that triggered the provisions of Rule 12(h). Therefore, Nitsua should have included its objection to the court's exercise of personal jurisdiction in its response to the motion for default. If Nitsua had objected to the court's exercise of in personam jurisdiction at the time it responded to the government's amended motion for default, the objection would have been timely. Nitsua's failure to object in a timely fashion, however, waived the defense."); *Ladder Man, Inc. v. Manufacterer's Distrib. Servs.*, 234 F.3d 1268, 2000 WL 1679439, at *2 (6th

Cir. Oct. 31, 2000) ("Sumeracki raised only one argument in his Rule 60(b)(4) motion to vacate the default judgment-that the court lacked subject matter jurisdiction. His failure to raise the issue of personal jurisdiction in the motion to vacate the judgment precludes that argument from being raised on appeal.") (unpublished).

Kundert's Motion to Vacate complained that the Court "lacks person jurisdiction due to Defendant Kundert not being properly served under Federal Rule of Civil Procedure 4(e)(2) and 4(m)." Doc. 45 at 3. While these complaints about service likely preserved Rule 12(b)(4)–(5) objections, Kundert did not make any argument that the Court cannot exercise personal jurisdiction under Rule 12(b)(2).[1] Kundert therefore waived any Rule 12(b)(2) objection otherwise raised in the prior motion Kundert seeks to join.

Further, the Court should reject Kundert's arguments even if she had raised them in a timely manner. Plaintiffs allege Van Scriver defamed them in a single YouTube video. Doc. 6 at ¶ 18. Van Scriver's Motion to Dismiss therefore briefed the issue of whether that specific video conferred personal jurisdiction over him.

---

[1] Kundert referenced Rule 12(b)(2) in her *reply* in support of her motion to vacate, but a party cannot raise a Rule 12 argument for the first time in a reply. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1364 n.8 (11th Cir. 2006) ("We do not find that a mention in a reply memorandum suffices to raise the issue of personal jurisdiction."). Moreover, Kundert merely said that Plaintiffs would "face the same Rule 12(b)(2) hurdle" presented by Van Sciver. Doc. 49 at 5. Because Rule 12(b)(2) complaints are waivable, however, this was simply not true. Moreover, Kundert only asked the Court to "dismiss Plaintiff's complaint due to lack of effective service under Federal Rules of Civil Procedure 4(c)(1) and 4(m)." *Id*. Kundert did not seek dismissal under Rule 12(b)(2).

3

Doc. 19. But Plaintiffs allege Kundert committed far more acts of defamation through multiple different media. Doc. 6 at ¶¶ 17, 20–23. Kundert has failed to even discuss these other defamatory statements. The Court must therefore accept all unaddressed allegations in the Complaint at true. *See Oblio Telecom v. Patel*, 711 F. Supp. 2d 668, 672 (N.D. Tex. 2008). This includes Plaintiffs' allegation that Kundert's defamatory "statements were designed to reach third parties, and to target the Plaintiffs in their homes and cause damage and financial harm to them in their homes and beyond." Doc. 6 at ¶ 27. Accepting this unrebutted allegation as true, the Court's personal jurisdiction over Kundert's multiple defamatory statements is much broader than its jurisdiction over Van Scriver's one defamatory video. Thus, Kundert's inadequately briefed 12(b)(2) challenge fails even if it were not untimely.

### B.   Plaintiffs properly served Kundert.

Kundert raises three challenges to the propriety of service against her. She first complains that the summons was not "directed to the defendant" as required by Rule 4(a)(1)(B) because Plaintiffs' complaint purportedly lists an incorrect address for Kundert. Motion at 1–3. But Rule 4 governs the language in the summons; it has nothing to do with the address listed in a complaint. *See* Fed. R. Civ. P. 4. There is no dispute that the summons in question was directed to

4

Kundert, *see* Doc. 32, and it is immaterial that she was ultimately personally served at some place other than the address in the Complaint.

Kundert further complains that Plaintiffs served her after the purported 90-day deadline of Rule 4(m). But that rule merely allows the Court to take some affirmative step to dismiss an action for lack of service; it is not a deadline automatically invalidating subsequent service. *See* Fed. R. Civ. P. 4(m).

Moreover, Rule 4(m) allows a court to extend the service deadline for "good cause." *Id.* Most litigants have personal contact that gives a plaintiff some knowledge of the defendant's location and employment. But Plaintiffs only know Kundert from disputes over the Internet. Thus, Plaintiffs' service attempts have been a wild goose chase as they had to locate Kundert with little prior knowledge of her physical location or place of employment. Plaintiffs found the New Mexico address in their Complaint through skip tracing, which produced several possible addresses in several different states, including the California address where Kundert was served. Plaintiffs believed the New Mexico address was the most recent and therefore most accurate. Plaintiffs did not know this was not a current address until their process server could actually visit the location. This interstate detective work took time to complete, so Plaintiffs did not serve Kunder until 144 days after they filed suit. Because Kunder apparently lives in a homeless shelter

in North Carolina,[2] Plaintiffs believe they were exceptionally fast in locating Kundert in just 144 days. To the extent necessary, the Court should find good cause for failing to serve Kundert until October 14, 2021.

Further, Plaintiffs note that failing to extend any Rule 4(m) deadline would result in a waste of resources. If the Court were to dismiss Plaintiffs' claims against Kundert, the case would remain pending as to Defendant Ali Assaf. But limitations have not run against Kundert, so Plaintiffs would file a new suit against her. There would then be parallel suits in the same court against Kundert and Assaf based on the same transaction or occurrence.

Kundert's final argument is that Plaintiffs failed to serve her at all. Motion at 6–8. Plaintiffs' return of service is a statement sworn under penalty of perjury that the process server "personally served" Kundert in California. Doc. 32. "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. v. Hartman*, 447 F. App'x 522, 524 (5th Cir. 2011). In

---

[2] Kundert's Motion attaches a declaration of Giles Tomkin, the "secretary of a 501(c)(3) registered charitable organization named The Sanctuary Project . . . whose purpose is to assist individuals in need." Doc. 53-1. Tomkin further states "Kundert has been and is a resident of the property of the Sanctuary Project . . . since January 2019 until present." *Id.* Although Tomkin does not call The Sanctuary Project a "homeless shelter," its website states it is "a place to rest one's head when trying times require a helping hand." A Brief History of the Sanctuary Project, https://tspweb.us/a-brief-history-of-the-sanctuary-project/ (last visited February 27, 2023). Further, The Sanctuary Project is listed as a shelter on the informative website Homeless Shelter Near Me, https://www.homelessshelternearme.org/?mod=search&location=34-272 (last visited February 27, 2023).

6

such cases, the defendant must "produce admissible evidence establishing the lack of proper service." *Aguirre v. CGG Land (U.S.), Inc.*, No. 7:17-cv-00049, 2014 WL 1385888, at *2 (S.D. Tex. Apr. 9, 2014). Kundert does not meet this burden because she does not argue or evidence that she was not personally served. Kundert argues that she was in North Carolina on October 14, 2021—but she never denies having been served. The Court should accept the disinterested process server's sworn statement of service over Kundert's silence on the issue of service.

In the event the Court believes the process server committed perjury, the remedy is not dismissal. "Dismissal of a case under Rules 12(b)(4) or 12(b)(5) is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly. Instead, dismissal is only warranted where there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Cockerham v. Rose*, No. 3:11-cv-00277, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011). Assuming Kundert is telling the truth in her Motion, Plaintiffs now know Kundert's home address and place of employment. If the Court finds Kundert was not properly served, the Court should quash the prior service and give Plaintiffs sixty days to perfect service. *See id.*

## Conclusion

Kundert waived any Rule 12(b)(2) objection by failing to raise the argument in her first "defensive move"—*i.e.*, the Motion to Vacate that only challenged service of process. Plaintiffs' return of service shows Plaintiffs properly served Kundert, and Kundert fails to adequately deny that service. Plaintiffs pray that the Court deny Kundert's Motion and grant them all other relief to which they are entitled.

Respectfully submitted,

/s/ Jeremy M.Masten
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
THE AHMED FIRM PLLC
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 – tel
(972) 934-5859 – fax

Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on March 2, 2023.

- Dean Assaf aliassaf959@gmail.com Pro se defendant

- Victoria Kundert vckundert@gmail.com Pro se defendant

*/s/ Jeremy M. Masten*
Jeremy M. Masten