# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and | § | |
| PRESTON POULTER, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:21-CV-1176-K |
| | § | |
| v. | § | Judge Kinkeade |
| | § | |
| DEAN ASSAF A/K/A DA TALKS, | § | |
| VICTORIA KUNDERT | § | |
| A/K/A VIKKIVERSE, | § | |
| Defendants. | § | |

## <u>DEFENDANT VICTORIA KUNDERT'S REPLY BRIEF</u>

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS…………………………………………...………………………………..i

TABLE OF AUTHORITIES……………………………………………………………….……..ii

I.       KUNDERT DID NOT WAIVE HER 12(B)(2) ARGUMENT…………...…………….....1
         A. Plaintiffs Misrepresent Cited Cases………………………………….………………...2

II.      PLAINTIFFS FAILED TO REQUEST EXTENSION OF SERVICE……………………2

III.     KUNDERT DID DENY BEING SERVED...…………………………….………….3

IV.      PLAINTIFFS FAILED TO SERVE PROCESS
         ON DEFENDANT KUNDERT……………………………………………….…….……3

V.       CONCLUSSION…………………………………………………...…………….…….…5

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Golden v. Cox Furniture Mfg. Co.*,
683 F.2d 115, 118 (5th Cir. 1982)…………………………………………..…….1

*High Island Health, LLC v. Libertybelle Mktg.*,
No. 06-cv-02931, 2007 WL 1173631, at *3–4 (S.D. Tex. Apr. 18, 2007)…...….....1

*In re Kutrubis*,
550 F. App'x 306, 309–10 (7th Cir. 2013)………………….………………………..2

*United States v. 51 Pieces of Real Property*,
Roswell, NM, 17 F.3d 1306, 1314 (10th Cir. 1994)……...……………………….2

*Ladder Man, Inc. v. Manufacterer's Distrib. Servs.*,
234 F.3d 1268, 2000 WL 1679439, at *2 (6th Cir. Oct. 31, 2000)………………..2

*Thompson v. Brown*,
91 F.3d 20, 21 (5th Cir. 1996)…………………………………………………………2

*People's United Equip. Fin. v. Hartman*,
447 F. App'x 522, 524 (5th Cir. 2011))……………………….………………….3

*Aguirre v. CGG Land (U.S.), Inc.*
CIVIL ACTION NO. 7:14-CV-49, 6 (S.D. Tex. Apr. 9, 2014)…………………..4

*People's United Equip. Fin. Corp. v. Hartmann*,
No. 10-20875, 3 (5th Cir. 2011)………………………………………………………4

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
22 F.3d 634, 645 (5th Cir.1994)………………………………………………………4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)...……………….4

**Rules**

Rule 12(b)(2)………………………………………………………...…...1, 2, 5

Rule 12(h)…………………………………………………………………...1

Rule 12(b)(4)………………………………………………...……...1

Rule 12(b)(5)……………………………………………...……...2, 4

Rule 4(m)…………...………………………………………...…………2, 5

Rule 4(e)(2)………………………………………………...………...3, 5

Defendant Victoria Kundert ("Kundert") hereby replies to Plaintiffs' brief, Dkt. No. 54, filed in opposition to Kundert's Motion to Dismiss, Dkt. No. 53. Kundert respectfully requests the Court dismiss Plaintiffs' claims against her for lack of personal jurisdiction, insufficient process, and insufficient service of process.

Plaintiffs' response brief asserts that personal jurisdiction over Kundert exists in Texas premised solely on the fact that one Plaintiff, Preston Poulter, lived in Texas at the time of Kundert's alleged comments (Dkt 54 at 4). Plaintiff Poulter's mere residence at the time of such comments, without alleging in their First Amended Complaint (Dkt. 6) that Kundert knew Plaintiff Poulter lived in Texas, is not a sufficient basis for the exercise of personal jurisdiction (Dkt 35 at 13).

## I.     KUNDERT DID NOT WAIVE HER 12(B)(2) ARGUMENT.

Plaintiffs state that Kundert, by failing to include a Rule 12(b)(2) objection in her Motion to Vacate Default, has waived her Rule 12)b)(2) defense and that:

> "under Federal Rule of Civil Procedure 12(h), a Rule 12(b)(1)–(5) defense is waived unless the defendant raises the defense "at the time he makes his first defensive move" in a case. *Golden v. Cox Furniture Mfg. Co*., 683 F.2d 115, 118 (5th Cir. 1982). In the context of a default judgment, a motion to vacate is the "first 'defensive move'" by the defaulting defendant, so it must include all available Rule 12 defenses. *High Island Health, LLC v. Libertybelle Mktg*., No. 06-cv-02931, 2007 WL 1173631, at *3–4 (S.D. Tex. Apr. 18, 2007) (Dkt. 54 at 1-2).

In view of the Court's language when it recommended setting aside the default and setting a deadline for response to the First Amended Complaint "which will allow Kundert an opportunity to properly assert the Federal Rule of Civil Procedure 12(b)(2) ground she raises in her briefing and, if she elects, to also formally challenge the form of the process and the contents of the summons, under Federal Rule of Civil Procedure 12(b)(4), and/or the method of service attempted by Plaintiffs, under Federal Rule of

Civil Procedure 12(b)(5), other grounds alluded to throughout her briefing" (Dkt 50 at 5), Kundert's Rule 12(b)(2) defense was preserved.

### A. Plaintiffs Misrepresent Cited Cases.

Plaintiffs submit that "the Fifth Circuit has not directly addressed failure to raise a Rule 12(b)(2) objection in a motion to vacate a default. But the Sixth, Seventh, and Tenth Circuits have all held that a movant waives a Rule 12(b)(2) objection by failing to include it in the motion to vacate." (Dkt 54 at 2). However, all three of the cases cited by Plaintiffs, *In re Kutrubis*, 550 F. App'x 306, 309–10 (7th Cir. 2013), *United States v. 51 Pieces of Real Property*, Roswell, NM, 17 F.3d 1306, 1314 (10th Cir. 1994), and *Ladder Man, Inc. v. Manufacterer's Distrib. Servs.*, 234 F.3d 1268, 2000 WL 1679439, at *2 (6th Cir. Oct. 31, 2000),  involve default judgments and not defaults.

## II.    PLAINTIFFS FAILED TO REQUEST EXTENSION OF SERVICE.

Plaintiffs argue that, "moreover, Rule 4(m) allows a court to extend the service deadline for "good cause." (Dkt 54 at 5), but "when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)

Plaintiffs failed to request an extension and present good cause to the Court. Instead, they are asking the Court to retroactively extend the 90 day deadline for service under Rule 4(m). Plaintiffs present their difficulty in locating Kundert. That "Plaintiffs' service attempts have been a wild goose chase as they had to locate Kundert with little prior knowledge of her physical location or place of employment" (Dkt 54 at 5). Plaintiff Poulter had personal knowledge of Kundert's location, yet withheld this information from his counsel. Plaintiffs also imply that additional difficulty was added to the process because "Kunder apparently lives in a homeless shelter". However, Kundert does not live

in a homeless shelter. Plaintiffs' conclusion is derived from a flowery quote on The Sanctuary Project website's 'about page' and an url to a website which hyperlinks to four "homeless shelters"[1] in Wallace, North Carolina. None of the four facilities linked are homeless shelters, including The Sanctuary Project[2], which as a "Community Outreach program" helps facilitate emergency housing, not provide it. Plaintiffs chose not to address Plaintiff Poulter's without holding his personal knowledge of Kundert's location.

## III.   KUNDERT DID DENY BEING SERVED.

Under the Federal Rules of Civil Procedure 4(e)(2) process of service is completed by:

> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Despite Plaintiffs assertion that Kundert has "never denied being served" (Dkt 54 at7), Kundert stated that she wasn't served when she declared that the summons was "not delivered to Kundert personally in North Carolina, nor was it left at her dwelling or with an authorized agent" and pointed to her being in North Carolina at the time Plaintiffs claim she was served in California (Dkt 53 at 7).

## IV.   PLAINTIFFS FAIL TO ESTABLISH VALIDITY OF SERVICE.

Plaintiff argues, "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing

---

[1] Plaintiffs included this website Homeless Shelter Near Me, https://www.homelessshelternearme.org/?mod=search&location=34-272 (Dkt 54 at 6). The websites for each of the four facilities are available through the link provider by Plaintiffs. None of facilities' websites describe them as "homeless shelters".
[2] The Sanctuary Project Website Home page, https://tspweb.us/

evidence." *People's United Equip. Fin. v. Hartman*, 447 F. App'x 522, 524 (5th Cir. 2011). Plaintiff cites Aguirre v. CGG Land (U.S.), Inc and states "in such cases, the defendant must "produce admissible evidence establishing the lack of proper service." (Dkt 54 at7). In that decision, the United States District Court for the Southern District of Texas also wrote, "This brightline presumption can only be overcome by strong and convincing evidence. However, the burden of presenting strong and convincing evidence is not an impossible one, as even an affidavit may suffice." *Aguirre v. CGG Land (U.S.), Inc.*, CIVIL ACTION NO. 7:14-CV-49, 6 (S.D. Tex. Apr. 9, 2014)

Plaintiffs have chosen not to address the Declaration signed under penalty of perjury by Tanamera Barber stating that Kundert was not in California but in North Carolina on the evening of October 14, 2021 and could not have been served by the process server hired by the Defendants. (Dkt 53-1 at 10) "When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann*, No. 10-20875, 3 (5th Cir. 2011). Plaintiffs have offered no further evidence to show that despite being on the other side of the Country, Kundert was served on the date, and at the time and location claimed in Defendants' Return of Service filed October 21, 2021 (Dkt 32).

Kundert requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice due to insufficiency of process and insufficiency of service of process. Pursuant to the Federal Rules of Civil Procedure, the court is authorized to dismiss a civil action for insufficiency of service of process. Fed.R.Civ.P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.1994) ("A district court ... has broad discretion to dismiss an action for ineffective service of process.") Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

## V.    CONCLUSION

For the reasons above Defendant Victoria Kundert respectfully requests this Court Dismiss Plaintiffs' Amended Complaint due to the Court's lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and because of Plaintiffs failure to execute effective service upon Defendant Victoria Kundert under Federal Rule of Civil Procedure 4(a)(1)(B), 4(e)(2) and 4(m).

Date:  March 16, 2023                                  Respectfully submitted,

/s/  Victoria C. Kundert
_____
Victoria Kundert
101 East Main Street
Wallace, North Carolina 28466
vckundert@gmail.com

---

DEFENDANT VICTORIA KUNDERT'S REPLY BRIEF                                  Page 5

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on March 16, 2023.

Counsel for Plaintiffs:                          /s/  Victoria C Kundert
Jeremy M. Masten                       _____
HAWASH CICACK & GASTON LLP             Victoria C Kundert
3401 Allen Parkway, Suite 200
Houston, Texas 77019

M. Sameer Ahmed
THE AHMED FIRM PLLC
8111 LBJ Freeway, Ste. 655
Dallas, Texas 75251

Pro se defendant:
Dean Assaf
1014 E. Alameda Street
Manteca, California 95336