IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and PRESTON POULTER, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:21-cv-1176-K-BN |
| DEAN ASSAF a/k/a DA TALK, VICTORIA KUNDERT a/k/a VIKKIVERSE, and ETHAN VAN SCIVER, | § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs John T. Lamont and Preston Poulter asserted claims of defamation, slander per se, cyber libel, and statutory libel against Defendants Ali "Dean" Assaf a/k/a "DA Talk" (Assaf), Victoria C. Kundert a/k/a VikkiVerse (Kundert), and Ethan Van Sciver [Dkt. No. 6] (the First Amended Complaint (FAC)).

United States District Judge Ed Kinkeade referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 21.

Assaf, proceeding *pro se*, answered the FAC. *See* Dkt. No. 18. And the Court, on Van Sciver's motion, dismissed the claims against him without prejudice under Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. Nos. 19, 20, 35-37; *Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2022 WL 362573 (N.D. Tex. Jan. 18, 2022), *rec. accepted*, 2022 WL 357174 (N.D. Tex. Feb. 7, 2022) (*Lamont I*).

But Kundert failed to respond to the FAC, so Plaintiffs moved for entry of default, *see* Dkt. No. 33, which the Clerk of Court entered, *see* Dkt. No. 34. As ordered, *see* Dkt. No. 39, Plaintiffs then moved for default judgment as to Kundert, *see* Dkt. No. 40. Kundert responded by moving to vacate the entry of default. *See* Dkt. No. 45. And, after considering the parties' briefing, the Court granted Kundert's motion, denied Plaintiffs' motion as moot, and ordered Kundert to respond to the FAC. *See* Dkt. Nos. 46-52; *Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2022 WL 18396036 (N.D. Tex. Dec. 30, 2022), *rec. accepted*, 2023 WL 319950 (N.D. Tex. Jan. 19, 2023) (*Lamont II*).

Kundert now moves for dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). *See* Dkt. No. 53. Plaintiffs responded, asserting that Kundert "waived her 12(b)(2) arguments" and that they properly served her. Dkt. No. 54. Kundert replied. *See* Dkt. No. 55. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Kundert's motion to dismiss to the extent that the Court should dismiss the claims against her for lack of personal jurisdiction.

## Discussion

The parties are familiar with the applicable background, which need not be rehashed here but may be found in *Lamont I* and *Lamont II*.

In support of their waiver argument, Plaintiffs explain that Kundert may not now move for dismissal under Rule 12(b)(2) because she

> waived any Rule 12(b)(2) objection by failing to include it in her Motion to Vacate. Under Federal Rule of Civil Procedure 12(h), a Rule 12(b)(1)-

> (5) defense is waived unless the defendant raises the defense "at the time he makes his first defensive move" in a case. In the context of a default judgment, a motion to vacate is the "first 'defensive move'" by the defaulting defendant, so it must include all available Rule 12 defenses.
>
> The Fifth Circuit has not directly addressed failure to raise a Rule 12(b)(2) objection in a motion to vacate a default. But the Sixth, Seventh, and Tenth Circuits have all held that a movant waives a Rule 12(b)(2) objection by failing to include it in the motion to vacate.
>
> Kundert's Motion to Vacate complained that the Court "lacks person jurisdiction due to Defendant Kundert not being properly served under Federal Rule of Civil Procedure 4(e)(2) and 4(m)." Doc. 45 at 3. While these complaints about service likely preserved Rule 12(b)(4)-(5) objections, Kundert did not make any argument that the Court cannot exercise personal jurisdiction under Rule 12(b)(2). Kundert therefore waived any Rule 12(b)(2) objection otherwise raised in the prior motion Kundert seeks to join.

Dkt. No. 54 at 1-3 (citations and footnote omitted); *see also United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) ("Nitsua's response to the government's amended motion for default was a defensive move that triggered the provisions of Rule 12(h). Therefore, Nitsua should have included its objection to the court's exercise of personal jurisdiction in its response to the motion for default. If Nitsua had objected to the court's exercise of in personam jurisdiction at the time it responded to the government's amended motion for default, the objection would have been timely. Nitsua's failure to object in a timely fashion, however, waived the defense." (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398-99 (7th Cir. 1993); citation omitted)).

Absent controlling authority from the United States Court of Appeals for the Fifth Circuit, Plaintiffs' waiver argument fails to persuade where the clear and unambiguous text of Rule 12 provides the answer.

"When interpreting the Federal Rules of Civil Procedure, the

> Court is to give the rules their plain meaning, and, as with a statute, the inquiry is complete if the Court finds the text of the rules to be clear and unambiguous. The Court may also give weight to, and consider as persuasive authority, the construction of a rule offered by the Advisory Committee in its notes. And, when interpreting a Federal Rule of Civil Procedure, the United States Supreme Court has also considered the rule's structure and context as well as its purpose and whether an interpretation is the rule's most natural reading as well as an eminently sensible one."

*Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016) (cleaned up).

Rule 12's text does not include the term "defensive move." Instead, consistent with these standards, another district court in this circuit recently explained that

> Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Further, Rule 12(h) provides that a party may also waive "any defense listed in Rule 12(b)(2)-(5) by ... failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading." FED. R. CIV. P. 12(h)(1)(B). Thus, the plain language of Rule 12 provides that the defense of lack of personal jurisdiction is waived where a party files a Rule 12 motion or responsive pleading but fails to assert it, or where a party fails to file a Rule 12 motion at all.

*Exchange Centre, LLC v. Chen*, Civ. A. No. 20-2532, 2021 WL 2438794, at *2 (E.D. La. June 15, 2021) (citations omitted); *see also S&D Trading Acad., LLC v. AAFIS Inc.*, Civ. A. No. G-06-739, 2007 WL 3220167, at *5 (S.D. Tex. Oct. 26, 2007) (considering the structure of Rule 12 and concluding that "the defense of lack of personal jurisdiction is only waived if a party files a Rule 12 motion or an answer without asserting that defense"); *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir. 1982) (noting that, "[i]f a party does not make a motion under rule 12, he must include the defenses of insufficiency of service of process and lack of

personal jurisdiction in his responsive pleading"; then citing with approval language from Wright & Miller: "If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move – <u>whether it be a Rule 12 motion or a responsive pleading</u>." (emphasis added)).

In *Exchange Centre*, the defendant also filed a motion to set aside the entry of default, and, in rejecting the plaintiff's argument that defendant "waived his right to challenge personal jurisdiction by making substantive arguments in that motion," the court observed that, "in his memorandum in support of that motion, Chen stated that he 'reserves the right to explore whether this Court has personal jurisdiction over him and to bring such jurisdictional challenge.'" 2021 WL 2438794, at *3. More importantly, the defendant had "not filed a responsive pleading or any Rule 12 motions prior to" moving for dismissal under Rule 12(b)(2). *Id.* (citing FED. R. CIV. P. 12(h)(1)(B)).

Similarly, where Kundert has neither filed a responsive pleading nor a previous Rule 12 motion, the Court should not find that she waived the right to move for dismissal for lack of personal jurisdiction where her *pro se* motion to set aside the entry of default relied on Federal Rule of Civil Procedure 4, concluding that the Court should "vacate the default because [ ] the Court[] lacks person jurisdiction," Dkt. No. 45 at 5, and she explicitly identified Rule 12(b)(2) as a defense in her reply, *see* Dkt. No. 49 at 8.

That is, the Court's inquiry is not whether Kundert properly asserted a Rule 12(b)(2) defense in the motion to set aside the entry of default but whether she waived

that defense through that motion. And, focusing on the plain language of Rule 12, where Kundert has neither filed a responsive pleading nor a previous Rule 12 motion, her *pro se* briefing to support setting aside the entry of default under the lenient standards of Federal Rule of Civil Procedure 55(c) did not waive her right to now raise the personal jurisdiction defense. *Cf. SFC Global Supply Chain, Inc. v. DNO, Inc.*, Civ. A. No. H-21-3195, 2022 WL 2972272, at *2 (S.D. Tex. July 27, 2022) ("The deadline for asserting personal jurisdiction and improper venue defenses is when the first responsive pleading or Rule 12 motion is filed, not when the answer was due.").

So, moving to the substance of Kundert's request for dismissal under Rule 12(b)(2), she "joins" Van Sciver's motion to dismiss:

> As with Van Sciver in New Jersey, Defendant Kundert, a resident of North Carolina, has no contacts with Texas and Plaintiffs fail to allege in Plaintiff's First Amended Complaint (Dkt. 6) that Kundert's actions were both "expressly aimed" at Texas and "calculated to cause injury to" Poulter in Texas. *Calder*, 465 U.S. at 789, 790. Plaintiffs have not alleged that Defendant Kundert deliberately acted to make contact with Texas. *Burger King*, 471 U.S. at 475; *Walden*, 571 U.S. at 284; *Carmona*, 924 F.3d at 924.

Dkt. No. 53 at 4.

Plaintiffs respond that the

> the Court should reject Kundert's arguments even if she had raised them in a timely manner. Plaintiffs allege Van Scriver defamed them in a single YouTube video. Doc. 6 at ¶ 18. Van Scriver's Motion to Dismiss therefore briefed the issue of whether that specific video conferred personal jurisdiction over him. Doc. 19. But Plaintiffs allege Kundert committed far more acts of defamation through multiple different media. Doc. 6 at ¶¶ 17, 20-23. Kundert has failed to even discuss these other defamatory statements. The Court must therefore accept all unaddressed allegations in the Complaint at true. This includes Plaintiffs' allegation that Kundert's defamatory "statements were designed to reach third parties, and to target the Plaintiffs in their homes and cause damage and financial harm to them in their homes and

- 6 -

> beyond." Doc. 6 at ¶ 27. Accepting this unrebutted allegation as true, the Court's personal jurisdiction over Kundert's multiple defamatory statements is much broader than its jurisdiction over Van Scriver's one defamatory video. Thus, Kundert's inadequately briefed 12(b)(2) challenge fails even if it were not untimely.

Dkt. No. 54 at 3-4 (citation omitted).

To start, Paragraph 27 of the FAC is an allegation directed at all Defendants – Assaf, Van Sciver, and Kundert – and none of the allegations specific to Kundert that Plaintiffs cite above alter the Court's personal jurisdiction analysis set out in *Lamont I*, which incorporated, as applicable background, all factual allegations in the FAC. *See Lamont I*, 2022 WL 362573, at *1-*3 (quoting Dkt. No. 6, ¶¶ 9-23).

There the Court held that,

> even if posting content to YouTube is sufficiently interactive, what is dispositive for personal jurisdiction in this context is whether a defendant aims the allegedly defamatory content at the forum state, not just that a defendant may know that a plaintiff resides in that state....
>     Here, Plaintiffs' response asserts multiple times that Van Sciver knew that Poulter resides in Texas. *See* Dkt. No. 28 at 7, 11, 13, 14. And they argue that this is enough under *Calder[ v. Jones*, 465 U.S. 783 (1984)]. *See, e.g., id.* at 6-7 (Van Sciver "picked a fight in Texas by calling someone he knew to be a Texas resident a pedophile and child pornographer, intending to cause him harm in Texas.").
>     But Plaintiffs fail to allege that Van Sciver knew that Poulter resides in Texas. *See generally* Dkt. No. 6. And it would be improper to consider allegations made for the first time in a response to a motion to dismiss, as "[a] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a).
>     Even had Plaintiffs alleged that Van Sciver knew that Poulter resides in Texas, they fail to present allegations showing that Van Sciver's actions were both "expressly aimed" at Texas and "calculated to cause injury to" Poulter in Texas. *Calder*, 465 U.S. at 789, 790. As such, Van Sciver's only alleged connection to Texas – that he allegedly defamed a Texan on the internet – is just "random, fortuitous, [and] attenuated."

*Id.* at *7-*8 (citations omitted).

The Court then concluded that, because "Plaintiffs have not alleged that Van Sciver deliberately acted to make contact with Texas," "it should dismiss the claims against him without prejudice for lack of personal jurisdiction." *Id.* at *8 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 194 (5th Cir. 2019)).

Kundert's current motion to dismiss is based on this conclusion. *Compare id.*, *with* Dkt. No. 53 at 4. And Kundert need not reinvent the wheel where her Rule 12(b)(2) motion sufficiently shows that the Court's analysis and conclusion as to Van Sciver applies equally to her. So, for the reasons set out in full in *Lamont I*, *see* 2022 WL 362573, at *3-*8, the Court should grant Kundert's motion to dismiss and dismiss Plaintiffs' claims against her without prejudice for lack of personal jurisdiction and need not consider the other grounds for dismissal set out in her motion (which, if successful, would also result in a dismissal without prejudice).

## Recommendation

The Court should grant Defendant Victoria C. Kundert a/k/a VikkiVerse's motion to dismiss [Dkt. No. 53] to the extent that the Court should dismiss the claims against her without prejudice for lack of personal jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE