IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter § § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | | No. 3:21-cv-1176-K-BN |
| § | | |
| Dean Assaf a/k/a DA Talk and § | | |
| Victoria Kundert a/k/a Vikkiverse § | | |
|     Defendants § | | |

## Plaintiffs' Objection to Magistrate's Findings, Conclusions, and Recommendation (Dkt. 56)

Plaintiffs make the following objection to the Magistrate's Findings, Conclusions, and Recommendation entered on April 25, 2023 (Dkt. 56) concerning Defendant Victoria Kundert's motion to dismiss (Dkt. 53).

The Magistrate's report concluded that Kundert did not waive her defenses under Fed. R. Civ. P. 12(b)(2) because the Fifth Circuit has not directly addressed whether a motion to vacate a default must address personal jurisdiction. Dkt. 56 at 2–6. But the Magistrate's recommendation runs counter to authority from the Sixth, Seventh, and Tenth Circuits. *See* Dkt. 54 at 2–3 (discussing *In re Kutrubis*, 550 F. App'x 306, 309–10 (7th Cir. 2013); *United States v. 51 Pieces of Real Property, Roswell, NM*, 17 F.3d 1306, 1314 (10th Cir. 1994); *Ladder Man, Inc. v. Manufacturer's Distrib. Servs.*, 234 F.3d 1268, 2000 WL 1679439, at *2 (6th Cir. Oct. 31, 2000) (unpublished)). This

Court should follow the other circuits and find that personal jurisdiction must be raised in a motion to vacate default judgment or else be waived. This Court should therefore deny Kundert's motion to dismiss.

The Magistrate's report further concluded that this Court lacks personal jurisdiction over Kundert for the same reasons that it lacked personal jurisdiction over a different defendant from a different state who engaged in different conduct. Dkt. 56 at 6–8. But the evidence and the pleadings show that Kundert directed her conduct to Texas in an effort to harm a resident of Texas at his home. This Court therefore has personal jurisdiction over Kundert, and her motion should be denied.

The Magistrate's report declined to make recommendations regarding the other grounds raised in Kundert's motion. Dkt. 56 at 8. For the reasons set forth in Plaintiffs' briefing, Kundert's other arguments should be rejected and the motion to dismiss denied.

Accordingly, the Court should deny Kundert's motion to dismiss and allow this case to proceed.

Respectfully submitted,

_____
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
13601 Preston Road, Suite E770
Dallas, Texas 75240
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on May 9, 2023.

| | |
|---|---|
| Dean Assaf<br>Aliassaf959@gmail.com | Pro se defendant |
| Victoria Kundert<br>vckundert@gmail.com | Pro se defendant |

_____
Jeremy M. Masten