# EXHIBIT 1

# RULE 11 LETTER

Jeremy M. Masten                                                                June 20, 2023
jeremy@themastenlawfirm.com
THE MASTEN LAW FIRM, PLLC
P.O. Box 541411
Houston, Texas 77254

VIA EMAIL ONLY

Dear Mr. Masten:

    For the reasons below, you have failed in your duties and obligations under Fed. R. Civ. Pro Rule 11. You must withdraw the First Amended Complaint and move to dismiss this action in 21 days.  If you do not, I will file my own motion for lack of subject matter jurisdiction and ask for Rule 11 sanctions. Also, I will be using this letter to facilitate our upcoming Mediation. I think we can both benefit from the Mediator's opinion of the issues raised in this letter.

    Briefly, you failed to conduct an adequate pre-filing investigation that would have shown (1) your factual allegations lack evidentiary support; (2) your damages claims lack evidentiary support and (3) even if initially plausible, they lack evidentiary support after a reasonable opportunity for further investigation or discovery.

    As you know Rule 11 of the Federal Rules of Civil Procedure (FRCP) 11(2)(b) and Rule 11(2)(c) state (emphasis added):

> **(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances**:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2) the claims, defenses, and other legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery**

As an initial matter, I note that you did not draft the First Amended Complaint. Apparently, rather than conducting your own investigation you simply trusted the reliability of the Complaint's authors, the Fein Law Firm lawyers. But Rule 11 imposes a duty not only on those "presenting" a paper but also on those "later advocating it."

Moving on, The Court established an April 7, 2023 deadline for the completion of discovery (Doc No 44, page 6). No evidentiary proof of any of the claims made in Plaintiffs' Amended Complaint has been afforded to Defendant Assaf.

If Plaintiffs have any such evidence, then they are in violation of FRCP Rule 26(a)(1)(B)(ii), the standing order which requires disclosure of "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment".

Plaintiffs have failed to demonstrate their claims of defamation, slander per se, and "cyber" libel against Defendant Assaf.

To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

1. No **published statements** by Defendant Assaf have been provided. Plaintiffs stated in Plaintiffs' Rule 26 Initial Disclosures submitted to Defendant Assaf on April 18, 2022, that they had "in their possession" the following:

> "Various videos posted on YouTube and published on at least the
> following dates:
> - February 28 and May 2, 2021 (Defendant Assaf's channel);
> - March 1 and April 25, 2021 (Kundert's channel);
> - March 1 and 2, 2021 (K-Log's channel);
> - April 8, 2021 (Big Daddy's channel);
> - June 6, 2021 (Spectre Report);
>
> Defendants' Twitter and other social media feeds.
> Plaintiffs' various comic books and campaigns."

FRCP Rule 26(a)(1)(A) states that "a party must, without awaiting a discovery request" provide discovery to the opposing party. Not one video clip, video title,

video description, transcript, quote, screenshot, or information about "Plaintiffs' various comic books and campaigns" has been provided. Discovery has ended. Either Plaintiffs are in violation of FRCP Rule 26(a)(1)(B)(ii) or there never was anything to provide and Plaintiffs are in violation of Rule 11.

2. No evidence of **defamatory statements** has been provided. Plaintiffs stated in Plaintiffs' Rule 26 Initial Disclosures submitted to Defendant Assaf on April 18, 2022, that they had "in their possession" the following:

> "Various videos posted on YouTube and published on at least the following dates:
> - February 28 and May 2, 2021 (Defendant Assaf's channel);
> - March 1 and April 25, 2021 (Kundert's channel);
> - March 1 and 2, 2021 (K-Log's channel);
> - April 8, 2021 (Big Daddy's channel);
> - June 6, 2021 (Spectre Report);
>
> Defendants' Twitter and other social media feeds.
> Plaintiffs' various comic books and campaigns."

FRCP Rule 26(a)(1)(A) states that "a party must, without awaiting a discovery request" provide discovery to the opposing party. Not one video clip, video title, video description, transcript, quote, screenshot, or information about "Plaintiffs' various comic books and campaigns" has been provided. Discovery has ended. Either Plaintiffs are in violation of FRCP Rule 26(a)(1)(B)(ii) or there never was anything to provide and Plaintiffs are in violation of Rule 11.

3. No evidence of **negligence or malice** has been provided. Plaintiffs stated in Plaintiffs' Rule 26 Initial Disclosures submitted to Defendant Assaf on April 18, 2022, that they had "in their possession" the following:

> "Various videos posted on YouTube and published on at least the following dates:
> - February 28 and May 2, 2021 (Defendant Assaf's channel);
> - March 1 and April 25, 2021 (Kundert's channel);
> - March 1 and 2, 2021 (K-Log's channel);
> - April 8, 2021 (Big Daddy's channel);
> - June 6, 2021 (Spectre Report);
>
> Defendants' Twitter and other social media feeds.
> Plaintiffs' various comic books and campaigns."

FRCP Rule 26(a)(1)(A) states that "a party must, without awaiting a discovery request" provide discovery to the opposing party. Not one video clip, video title, video description, transcript, quote, screenshot, or information about "Plaintiffs' various comic books and campaigns" has been provided. Discovery has ended. Either Plaintiffs are in violation of FRCP Rule 26(a)(1)(B)(ii) or there never was anything to provide and Plaintiffs are in violation of Rule 11.

The defamatory statement must be "orally communicated or published to a third person" *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). See also *Hawbecker v. Hall*, 88 F.Supp.3d 723, 731 (W.D. Tex. 2015) ("however scandalous a publication might be, it can lead to a loss of reputation only if communicated to third persons.") Plaintiffs have provided no evidence that even a single person heard these statements, much less believed them to be facts damaging to the Plaintiffs' reputations. Discovery is closed and I will have no chance to depose any third persons presented.

No damages have been established by the Plaintiffs. Rule 26(a)(1)(B)(iii) requires disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered". Plaintiffs stated in Plaintiffs' Rule 26 Initial Disclosures, submitted to Defendant Assaf on April 18, 2022, they would provide evidentiary material on which each of the following computation was based:

Preston Poulter:
- $100,000 in lost sales through Kickstarter;
- $14,000 in increased security costs in 2021;
- $1,500 in past therapy costs;
- $41,250 in future therapy costs;
- $100,000 in mental anguish damages; and
- $100,000 in general damages for harm to his reputation.

John T. Lamont:
- $30,000 in lost sales due to not attending conventions and meetings;
- $24,960 in therapy costs;
- $150,000 in mental anguish damages; and
- $150,000 in general damages for harm to his reputation

In addition, not listed in Plaintiffs' Initial Disclosure but included in the complaint, "Based upon Mr. Lamont's projections of 4-5 comics per year John

Lamont will suffer in a loss of approximately $ 25,000.00 in annual sales and at least $75,000.00 for then next 3 years." (Doc No 4, page 16).

    Plaintiffs are in violation of FRCP Rule 26(a)(1)(B)(iii). No sales figures or proof of lost sales by Plaintiff Poulter have been provided. No evidence of Poulter engaging a security detail has been provided. No evidence of Plaintiff Poulter suffering from or seeking treatment for mental anguish has been provided. Plaintiffs stated in their Final Amended Complaint (Doc No 6) that an expert witness would determine damages to Plaintiff Poulter's reputation and business. The Court ordered expert witnesses must be designated by February 7, 2023 (Doc No 44, page 5). Under Federal Rule of Civil Procedure 26(a)(2)(D), a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party". Plaintiffs are in violation of Rule 26(a)(2)(D). No expert witness may be called by Plaintiffs. Discovery is closed.

    Plaintiffs are in violation of FRCP Rule 26(a)(1)(B)(iii). No sales figures or proof of lost sales by Plaintiff Lamont have been provided. No evidence of Lamont suffering from or seeking treatment for mental anguish has been provided. Plaintiffs stated in their Final Amended Complaint (Doc No 6) that an expert witness would determine damages to Plaintiff Lamont's reputation and business. The Court ordered expert witnesses must be designated by February 7, 2023 (Doc No 44, page 5). Under Federal Rule of Civil Procedure 26(a)(2)(D), a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party". Plaintiffs are in violation of Rule 26(a)(2)(D). No expert witness may be called by Plaintiffs. Discovery is closed.

    On May 25, 2022, the Court ordered Plaintiffs to file an amended complaint due to the insufficiency of the original complaint in addressing subject matter jurisdiction (Doc No 5). The court stated twice that Plaintiffs have the burden of proof, saying "the party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638–39 (5th Cir. 2003)"(Doc No 5, Page 2) and "the party seeking the federal forum bears the burden of establishing subject-matter jurisdiction. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253" (Doc No 5, Page 3). By failing to provide evidence of damages, Plaintiffs have failed to meet their evidentiary burden establishing jurisdiction of the U.S. District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391.

    Furthermore, I question whether Counsel for the Plaintiffs fulfilled their Rule 11 duty to perform a reasonable inquiry of Plaintiffs' claims. Plaintiff Lamont's claim, for example, that sales of his comic book, The Demonatrix, "immediately stalled"

(Doc 4, page 3) and "all future sales opportunities for John Lamont because Kickstarter has shut him down with unreasonable demands" when Lamont is selling three issues of The Demonatrix on another platform[1] under his own publishing imprint and not under Plaintiff Poulter's "Comicsgate umbrella of recognized comics".

  

The following paragraph is from the Final First Amended Complaint (emphasis added:

> b. Despite having previously approved TheDemonatrix for their platform, Kickstarter rejected it upon re-submission by Mr. Lamont. **Kickstarter declined to approve his next book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him out with unprecedented demands.** As a result of the defamatory statements, Kickstarter has now also rejected John Lamont's next comic book project "Angel of Darkness." **Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him down with unreasonable demands.** Based upon Mr. Lamont's projections of 4-5 comics per year John Lamont will suffer in a loss of approximately $ 25,000.00 in annual sales and at least $75,000.00 for then next 3 years. (Doc 4, page 4)

These damages were not referenced in Plaintiffs' Initial Disclosure of April 18, 2022. Kickstarter did not "shut him (Plaintiff Lamont) down with unreasonable

---

[1] https://www.drivethrucomics.com/product/352928/The-Demonatrix-1&affiliate_id=3035738
  https://www.drivethrucomics.com/product/362331/The-Demonatrix-2&affiliate_id=3035738
  https://www.drivethrucomics.com/product/411293/The-Demonatrix-3&affiliate_id=3035738

demands". Lamont launched a successful crowdfund campaign for Angel of Darkness on Kickstarter on October 1, 2021[2], six months prior to the Initial Disclosure.

Throughout the Final Amended Complaint, Plaintiff Poulter is referred to as the "owner" of ComicsGate. Poulter is described as "a writer and illustrator, but his primary profession is as the owner of Comicsgate" (Doc 4, page 13). According to the complaint, "On April 25, 2021, Defendant Ethan Van Sciver joined Ali "Dean" Assaf a/k/a DA Talks and Vikki Verse on the DA Talks' YouTube[3] channel and stated that wanted to obtain the Comicsgate trademark" (Doc 4, page 8) and that:

> "Ethan Van Sciver and Preston Poulter have a previous issue over the Comicsgate trademark that Ethan Van Sciver claims is no longer of interest to him, but he made statements on the DA Talks YouTube channel that he would do whatever he had to do to interfere with Mr. Poulter's comic business." (Doc 4, page 8)

Counsel for the Plaintiffs also failed to make a reasonable inquiry of Plaintiff Poulter's claims regarding the "ComicGate" trademark. Ethan Van Sciver had no need to "obtain" the trademark. When Plaintiffs' original Complaint (Doc 1) and Final First Amended Complaint (Doc 4) were filed, Ethan Van Sciver was already the registered owner of the ComicsGate Trademark (Registration No. 6102744). Plaintiff Poulter has never owned the ComicsGate trademark. He filed an application with the United States Patent and Trademark Office for the mark on April 15, 2020[4]. On July 6, 2020, Plaintiff Poulter's application was suspended "because of a likelihood of confusion with the registered mark(s)" already on file with the USPTO[5]. On October 1, 2020, Poulter filed with the United States Patent and Trademark Office Trademark Trial and Appeal Board for cancellation of the ComicsGate mark owned by Antonio Malpica[6]. Antonio Malpica assigned the ComicsGate trademark to Ethan Van Sciver on April 14, 2021[7]. On April 15, 2021, Ethan Van Sciver filed a Motion to Join the litigation initiated by Plaintiff Poulter[8]. Trademark registrations are in the public record and their content can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. And, should this litigation continue, I am free to use this evidence for impeachment purposes

---

[2] https://www.kickstarter.com/profile/jtl2/created
[3] The YouTube livestream being referenced did not take place on Defendant Assaf's YouTube channel but on Victoria Kundert's YouTube channel, VikkiVerse. https://youtube.com/live/PqjGXuJuVcg?feature=share
[4] https://tsdr.uspto.gov/documentviewer?caseId=sn88872841&docId=FTK20200418075149#docIndex=6&page=1
[5] https://tsdr.uspto.gov/documentviewer?caseId=sn88872841&docId=SUL20200706222124#docIndex=4&page=1
[6] https://ttabvue.uspto.gov/ttabvue/v?pno=92075375&pty=CAN&eno=1
[7] https://tsdr.uspto.gov/caseviewer/assignments?caseId=88102778&docIndex=0&searchprefix=sn#docIndex=0
[8] https://ttabvue.uspto.gov/ttabvue/v?pno=92075375&pty=CAN&eno=13

    Mr. Van Sciver entering into litigation with Poulter over his registered mark is not indicative that the mark "is no longer of interest" to him. Describing this ongoing litigation as "a previous issue over the Comicsgate trademark" is disingenuous, at best.

    For all of the above reasons you must withdraw your complaint, or I will proceed as stated above.

Sincerely yours,

    /Ali Assaf/

Ali Assaf
Aliassaf959@gmail.com
(415) 450-5212
1014 East Alameda Street
Manteca, California 95336