# EXHIBIT 4

## RESPONSE TO SUPPLEMENTAL DISCLOSURE

## Poulter v. Assaf, No. 3:21-CV-01176-K (N.D. Tex.)

Jeremy M. Masten
jeremy@themastenlawfirm.com
THE MASTEN LAW FIRM, PLLC
P.O. Box 541411
Houston, Texas 77254

VIA EMAIL ONLY                             July 13, 2023

Dear Mr. Masten:

I am following up regarding the Rule 26 Supplemental Initial Disclosures that were sent to me on July 10, 2023. Kindly address the topics listed below:

1. Will I receive any evidence from a third party that heard the alleged defamation, and believed it,
2. Will I receive any supporting documents for damages claims,
3. Kindly confirm that no experts will be testifying.

With respect to the document titled "Poulter 147," it is very clear that this clip contains a number of edits. As you know, I am entitled to the full video. Fed. R. Evid. 106. Will you be providing the full video to me?

With respect to the document titled "Poulter 148" It's a 30 second clip. Will you be providing the full video to me?

With respect to the document titled "Poulter 149" It's a minute clip containing a number of edits. Will you be providing the full video to me?

With respect to the document titled "Poulter 150", I assume the relevance is the fact that someone shouts "Pedophile Lamont"? Have you identified the individual? Doesn't the person shouting that have to testify? If not, isn't it considered hearsay? Where is the connection or relation to my statement? Wouldn't the individual have to testify that they said that, because of my statements? Will you be providing the full video to me?

With respect to the document titled "Poulter 151" you left out the clip where we showed the image of the comic under discussion. Will you be providing the full video to me?

With respect to the document titled "Poulter 152" How is this relevant to me, as I didn't say anything in the video excerpt provided. Will you be providing the full video to me?

As mentioned above and as I am sure you are aware, if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time, pursuant to Fed. R. Evid. 106.

I would also like to confirm the dates of which you created some of the documents you attached to the supplemental disclosure you sent me, just two days ago:

1. With respect to the document titled "Poulter 8 to 15" please confirm that this document was created on June 5, 2023.

2. With respect to the document titled "Poulter 16 to 20" please confirm that this document was created on January 3, 2023.

3. With respect to the document titled "Poulter 142 to 144" please confirm that this document was created on June 29, 2023.

4. With respect to the file you sent me named "Ps Rule 26 Supplemental Initial Disclosures" please confirm that this was both created by plaintiffs council, and emailed to defendant Assaf on July 10, 2023, 21 days after Defendant sent Plaintiffs' counsel a Rule 11 notice.

Lastly, please note that you have provided these documents long past the deadline for discovery, and I will move to exclude all these documents, and any other documents that you may have in your possession.

Please see the draft motion attached to this email. If you do not withdraw the complaint by noon Friday July 14, I will file the final version of the motion with the court, together with any response you have to this letter.

Sincerely yours,

/Ali Assaf/

---

Ali Assaf
Aliassaf959@gmail.com
(415) 450-5212
1014 East Alameda Street
Manteca, California 95336