# EXHIBIT 5

## ANNOTATED FIRST AMENDED COMPLAINT

**I. PARTIES (Dkt. 6, page1)**

1. Plaintiff Preston Poulter is a citizen and resident of Texas.

2. Plaintiff John T. Lamont is a citizen and resident of Florida.

3. Defendant Ali "Dean" Assaf a/k/a "DA Talk" is a citizen and resident of California who may be served at his residence at 1014 E Alameda Street, Manteca, California 95336.

4. Defendant Victoria C. Kundert a/k/a VikkiVerse is a citizen and resident of New Mexico who may be served at her residence at 5412 Mariposa Drive NW, Albuquerque, New Mexico 87120.

5. Defendant "Ethan Van Sciver is a citizen and resident of New Jersey and who may be served at his residence at 5 John Sloan Way, Evesham, New Jersey 08053

**II. DIVERSITY JURISDICTION AND VENUE (Dkt. 6, page 2)**

6. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Plaintiff Preston Poulter and Plaintiff John T. Lamont are citizens of a different state than Defendants. Plaintiff Poulter is a citizen of Texas, Plaintiff John T. Lamont is a citizen of Florida, Defendant Ali "Dean" Assaf is a citizen of California, Defendant Victoria C. Kundert a/k/a VikkiVerse is a citizen of New Mexico and Defendant Ethan Van Sciver is a citizen of New Jersey.

7. The amount in controversy exceeds the sum or value of $75,000 for each Plaintiff, exclusive of interest and costs for general, specific and exemplary damages.

1. **No evidence of financial loss has been provided, see below for comments on paragraphs 7a-8.**

a. <u>Preston Poulter.</u> (i) Defendants' defamatory remarks and conduct damaged Mr. Poulter's comic business, which has a focus on revenue generation on the crowd-funding site Kickstarter. During Mr. Poulter's most recent campaign on Kickstarter, former customers refused to support him citing his association with a "pedophile." The overall performance suffered a 20% drop in the average funding contributions from the last major campaign in November of 2020.

1. No evidence of this "most recent" campaign has been provided: including: how much did it make and how many backers did the campaign have?
2. No evidence has been provided of customer refusal.
3. No evidence has been provided regarding a campaign in November, including how much it made and how many backers did the campaign have?

(ii) Preston Poulter's income stream has been negatively impacted by Defendants' defamatory remarks and conduct. Plaintiff Preston Poulter projects $25,000 in lost revenue this year and at least $75,000.00 over the next three (3) years.

1. No evidence has been provided of projections. How were they derived? This includes all projections for forms of revenue: conventions, eBay sales, crowdfunding campaigns, or any other income streams related to Plaintiff Poulter's comic business.
2. No evidence has been provided of lost revenue. This includes all projections for all forms of revenue: conventions, eBay sales, crowdfunding campaigns, or any other income streams related to Plaintiff Poulter's comic business.

(iii) Mr. Poulter typically attends comic book conventions/gatherings to generate additional sales and exposure. He has already been cautioned about going and has fears for his safety due to the personal attacks. Allowing $400.00 per diem (10 hrs. per day) for additional security at these events would cost Mr. Poulter at least $14,000.00 through the rest of 2021.

1. No evidence of being cautioned or any threats to Poulter's safety have been provided.
2. No evidence of conventions attended in 2021 was provided.
3. No evidence of communications with a security company including: emails, contracts, invoices, or proof of payment has been provided.

(iv) Plaintiff Preston Poulter has experienced and is experiencing significant stress, lack of sleep, vexation, anxiety and worry which have prompted him to seek psychological evaluation and treatment that has already cost him $1,500.00. Preliminary estimates call for weekly therapy over the span of many years with no guarantee of recovery. Allowing $275.00 per hour for a qualified therapist puts Mr. Poulter's mental health costs at $41, 250.00 for the next 36 months.
1. No evidence has been provided of treatment, including medical records, invoices, or proof of payment.
2. No evidence has been provided of ongoing treatment, including medical records, invoices, or proof of payment.

(v) Plaintiff Preston Poulter will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and

business due to the defamatory statements in an amount to be determined through an expert witness.

1. No evidence of conclusions from an expert witness have been provided.

(vi) Preston Poulter has experienced pain and mental anguish this year and has been prevented from being able to conduct daily life functions. Preston Poulter will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to a large part of the community of comic book professionals and enthusiasts. Plaintiff Preston Poulter seeks in excess of $100,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $100,000.00.

1. No evidence of conclusions from an expert witness have been provided.

b. John T. Lamont. (i) John T. Lamont launched his first comic, TheDemonatrix on March 1, 2021 with projected sales of $5,000.00. On the same day the comic was launched, Defendants Ali "Dean" Assaf and Victoria Klenert began an intense campaign of denigration and vilification of John Lamont calling him a pedophile. Comic book sales immediately stalled. Some prospective customers refused to support the campaign citing allegations of pedophile. Poor sales forced the campaign's cancellation.

1. No evidence has been provided of projections. How were they derived?
2. What comic book? What date?
3. No evidence has been provided of accusation including: what platform, date, and neither direct nor full quotes.
4. What sales? "Stalled" how? On what basis including: how was the book marketed and to who?
5. No evidence has been provided of customer refusal.
6. No evidence has been provided showing the alleged accusation had an impact on sales.

(ii) Despite having previously approved TheDemonatrix for their platform, Kickstarter rejected it upon re-submission by Mr. Lamont. Kickstarter declined to approve his next book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him out with unprecedented demands. As a result of the defamatory statements, Kickstarter has now also rejected John Lamont's next comic book project "Angel of Darkness." Defendants' defamatory statements have chilled all future sales opportunities for John Lamont because Kickstarter has shut him down with unreasonable demands. Based upon Mr. Lamont's projections of 4-5 comics per year John Lamont will suffer a loss of

approximately $25,000.00 in annual sales and at least $75,000.00 for the next 3 years.

1. **No evidence has been provided of any communication with Kickstarter regarding The Demonatrix.**
2. **No evidence has been provided of any communication with Kickstarter regarding The Angel of Darkness.**
3. **No evidence has been provided of any 'unprecedented demands' by Kickstarter including all communication with Kickstarter.**
4. **No evidence has been provided of any communication with Kickstarter regarding The Angel of Darkness.**
5. **No evidence has been provided of any projections or methodology used.to determine financial damages.**

(iii) As a result of the acts of Defendants' conduct, Plaintiff John T. Lamont has experienced significant stress, anxiety, sleeplessness, headaches, stomach pains and a racing heart. He has been unable to participate in the comic community without suffering from heart palpitations and anxiety.

1. **No evidence to support this claim has been provided.**

(iv) John Lamont has kept to himself for fear of his safety. He has isolated himself and stopped going out for fear of his life, he experienced anxiety attacks on those occasions when he did go into town as well as shortness of breath and accelerated heart rate. He suffered from many sleepless nights, and has resorted to involuntary stress eating, has gained a significant amount of weight, his cholesterol is high and his medical doctor has expressed concern for his overall health. He has incurred medical expenses. He has also been forced to keep to himself for fear that others who are not in the comic community will learn of the defamatory comments.

1. **No evidence of claim including medical records, invoices, or proof of payment had been provided.**

(v) John Lamont fears for his personal safety. After he was doxed, he had to notify the local sheriff's department because he fears that he will be harmed and fears for the safety of his family members. In addition, it is typical for comic book authors to attend trade gatherings to promote additional and future sales. Mr. Lamont is afraid to attend the upcoming show due to fears that he will be ostracized, assaulted and fears for his personal safety based upon the defamatory statements. John Lamont expects loss of sales due to not attending conventions and meetings of approximately $5,000.00 to $10,000.00 per year.

1. No evidence of claim including proof of 'dox', contacts with authority, nor threats to the safety Plaintiff Lamont has been provided.
2. What 'upcoming' show did Lamont plan to attend? No evidence that alleged defamatory statements by Defendant Assaf were directed at convention attendees has been provided.
3. On what basis is this claim made? What conventions, how was projected income derived? No evidence has been provided of any projections or methodology used.to determine financial damages.

(vi) Plaintiff John Lamont will incur additional and heightened expenses for public relations to overcome and repair the damages to his reputation and business due to the defamatory statements in an amount to be determined through an expert witness.

1. No evidence of conclusions from an expert witness have been provided.

(vii) Mr. Lamont has had to pursue counseling and will have weekly visits for the foreseeable future. Mr. Lamont's therapist charges $160.00 per hour and his expected costs for therapy are approximately $24,960.00 for the next 3 years.

1. No evidence of claim of treatment, including medical records, invoices, proof of payment.
2. No evidence of claim of ongoing treatment, including medical records, invoices, proof of payment.

(viii) John Lamont is experiencing symptoms of PTSD that come on suddenly such that he cannot function as he has in the past. John Lamont has experienced pain and mental anguish this year and has been prevented from being able to conduct daily life functions. John Lamont will continue to suffer pain and mental anguish for a long time into the future, especially since the defamatory remarks have been disseminated to a large part of the community of comic book professionals and enthusiasts. Plaintiff John Lamont seeks in excess of $150,000.00 in mental anguish damages for the devastating and reprehensible unfounded accusations of Defendants. Damages to his reputation also exceed $150,000.00.

1. No evidence of claim has been provided.
2. No evidence of conclusions from an expert witness have been provided.

c. Exemplary Damages (i) Both Plaintiffs are entitled to exemplary damages in an undetermined amount due to the egregious nature of the defamatory statements and the continuing nature of the defamatory comments.

1. Plaintiffs have failed to provide evidence for any factual claims that show they are entitled to exemplary damages.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as it is the district where a substantial part of the events or omissions giving rise to the claim occurred. Defendants' defamatory statements specifically targeted the Plaintiffs where they reside and are located and intended that the defamatory statements would damage their reputations locally and nationally in their professions.

1. No evidence has been provided of any statements by Defendant Assaf.
2. No evidence has been provided that the alleged defamatory statements specifically targeted Plaintiffs and as such the U.S. District Court for the Northern District of Texas is not the proper venue pursuant to 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS (Dkt. 6, page 6)

9. John T. Lamont is a writer and illustrator of gothic and fantasy comics that are primarily released through the internet and dedicated community chat rooms and YouTube channel.

1. No evidence of Plaintiff Lamont doing business as a writer or illustrator has been provided including: what dedicated chat rooms, YouTube channel, or any evidence of a presence on social media.

10. Preston Poulter is a publisher, producer, writer and illustrator of gothic and fantasy comics, and also hosts a web presence called Comicsgate and hosts a show on a YouTube channel and interactive community that promotes and discusses comics and their authors.

1. No evidence regarding Plaintiff Poulter's professional activity has been provided including: what interactive community? What YouTube channel? or any evidence of a presence on social media?
2. What is the web presence called 'ComicsGate'?

11. Optical Illusion Studios released #TheDemonatrix, a Daz3d comic series that premiered on March 1, 2021 and was written and illustrated by Plaintiff John T. Lamont.

1. No evidence has been provided regarding Optical Illusion Studios.
2. No evidence of The Demonatrix has been provided.
3. No evidence John Lamont wrote a comic entitled The Demonatrix has been provided.

12. Preston Poulter promoted TheDemonatrix comic and placed it in the ComicsGate umbrella of recognized comics.

   1. No evidence has been provided that Defendant Poulter promoted The Demonatrix.
   2. What is the 'ComicsGate umbrella of recognized comics'? No evidence has been provided regarding what the 'ComicsGate umbrella of recognized comics' is.

13. The storyline of TheDemonatrix is fictional.

14. Once the comic series was posted in a CGDG stream, beginning March 1, 2021, Defendants Assaf and Kundert made statements regarding the comic, its content, and made directly and through innuendo defamatory statements about the author, John T. Lamont.

   1. No evidence has been provided of any statements made by Defendant Assaf.

15. In particular, Defendant Ali "Dean" Assaf blatantly accused John T. Lamont of being a pedophile, of sharing and participating in "Lolicon" with others on the internet, and that John T. Lamont was a diseased person who should be ostracized from society and/or be shot. Among other statements, Defendant Ali "Dean" Assaf a/k/a DA Talk made the following defamatory statements about Mr. Lamont on a public platform to Victoria C. Kundert a/k/a VikkiVerse :

   "3D depictions of little girls having sex shows the guy is a pediophilic."
   "The guy is making f_____ be pedophilic comics."
   "Loli in 3D renders it to be pedophilic"
   "He is a diseased minded f_____ person who should be ostracized from society."
   "John Lamont is a pedophile."
   "John Lamont is attracted to drawings of children."
   "John Lamont is a pedophile. They should be shot."

   1. No distinction is made as to who made what statements.
   2. No evidence has been provided of any statements made by Defendant Assaf.

16. Again on April 12, 2021 Defendant Ali "Dean" Assaf a/k/a DA Talk made statements to "Big Daddy" on a public platform. In his statements, Defendant Ali "Dean" Assaf a/k/a DA Talk repeated his prior defamatory statements that accused Mr. Lamont of being a "pedophile" and "his comic is a pedophile comic." Defendant Assaf a/k/a DA Talk further stated that he should "be shamed" and "not normalized."

   1. No evidence has been provided of any statements made by Defendant Assaf.

17. Defendant Victoria C. Kundert a/k/a VikkiVerse endorsed, adopted and republished the above statements made by Defendant Ali "Dean" Assaf a/k/a DA Talks and on the same public platform, made the following defamatory statements there were attributed to John Lamont: "Created woman that looked like they were underage.

1. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
2. No evidence of endorsement or ratification by Defendant Assaf has been provided.

18. On April 25, 2021, Defendant Ethan Van Sciver joined Ali "Dean" Assaf a/k/a DA Talks and Vikki Verse on the DA Talks YouTube channel and stated that wanted to obtain the Comicsgate trademark and would protect the trademark by preventing Preston Poulter from publishing child pornography. In discussing Ethan Van Sciver's trademark dispute with Preston Poulter, Defendant Ethan Van Sciver said, "In order to have a trademark you have to protect it. I will not allow it to be put on child pornography by Preston Poulter." Again, on April 25, 2021 on the DA Talks YouTube channel, Defendant Ethan Van Sciver repeated his accusation that Preston Poulter was a child pornographer. Defendant Ethan Van Sciver stated "I don't want Preston to make child pornography and put Comicsgate on it." Defendants Ali "Dean" Assaf a/k/a DA Talk and Victoria C. Kundert a/k/a VikkiVerse endorsed, agreed, adopted, and republished Ethan Van Sciver's defamatory remarks.

1. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
2. No evidence of endorsement or ratification by Defendant Assaf has been provided.

19. Ethan Van Sciver and Preston Poulter have a previous issue over the Comicsgate trademark that Ethan Van Sciver claims is no longer of interest to him, but he made statements on the DA Talks YouTube channel that he would do whatever he had to do to interfere with Mr. Poulter's comic business.

1. No evidence of a trademark dispute provided.
2. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
3. No evidence of endorsement or ratification by Defendant Assaf has been provided.

20. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse accused Preston Poulter of knowingly promoting and supporting John T. Lamont despite his alleged knowledge that John T. Lamont was a pedophile. In addition, by innuendo, they ascribed the same alleged deviant behavior of John T. Lamont to Preston Poulter because as owner of

ComicsGate and his dedicated discord server, he actively defended John T. Lamont, promoted John T. Lamont, participated and hosted on-going exchanges between participants of "lolicon" through ComicsGate and thus shared an interest in underage girls having sex as allegedly represented in John T. Lamont's TheDominatrix comic.

1. No evidence of statements made by Defendant Assaf has been provided.
2. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
3. No evidence of endorsement or ratification by Defendant Assaf has been provided.
4. No evidence provided that Defendant Poulter owns 'ComicsGate'.
5. No evidence of a discord server dedicated to 'ComicsGate'.
6. No evidence Plaintiff Poulter defended Plaintiff Lamont.
7. No evidence Plaintiff Poulter promoted Plaintiff Lamont.
8. No evidence of statements made by Defendant Assaf alleging on-going exchanges of 'lolicon'.
9. No evidence of statement made by Defendant Assaf alleging Plaintiffs shared an interest in having sex with minors.

21. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse accused Preston Poulter of knowingly promoting and supporting John T. Lamont as a known pedophile and child pornographer. They further accused Preston Poulter of also being a pedophile because he shared and actively participated in "lolicon." In addition, by innuendo, they ascribed the same alleged deviant behavior of John T. Lamont to Preston Poulter because as promoter of Comicsgate and his dedicated discord server, he actively defended John T. Lamont, promoted John T. Lamont, participated and hosted on-going exchanges between participants of "lolicon" through ComicsGate and thus shared an interest in little girls having sex as represented in John T. Lamont's TheDominatrix comic.

1. No evidence of statements made by Defendant Assaf has been provided.
2. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
3. No evidence of endorsement or ratification by Defendant Assaf has been provided.
4. No evidence of statements made by Defendant Assaf stating John T. Lamont is a known pedophile and child pornographer has been provided.
5. No evidence of statements made by Defendant Assaf stating Plaintiff Poulter knowingly promoted a pedophile and child pornographer.
6. No evidence provided that Defendant Poulter owns or promotes 'ComicsGate' has been provided.
7. No evidence of a discord server dedicated to 'ComicsGate' has been provided.

8. No evidence of statements made by Defendant Assaf alleging on-going exchanges of 'lolicon' occurred has been provided.

22. On May 2, 2021 DA Talks and VikkiVerse repeated their defamatory statements regarding John Lamont and Preston Poulter.

   1. No evidence of statements made by Defendant Assaf has been provided.
   2. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
   3. No evidence of endorsement or ratification by Defendant Assaf has been provided.

23. Defendants Ali "Dean" Assaf a/k/a DA Talk and Defendant Victoria C. Kundert a/k/a VikkiVerse intentionally repeated the defamatory statements and defied Plaintiffs to seek remedies. Since the defamatory statements were first made, they have been disseminated into a large part of the community of comic book professionals and enthusiasts. The defamatory statements have been the source of discussions on social media and their publication has been repeated.

   1. No evidence of statements made by Defendant Assaf has been provided.
   2. Unable to bring in remarks made by the previous co-defendant without evidence of endorsement or ratification by Defendant Assaf.
   3. No evidence of endorsement or ratification by Defendant Assaf has been provided.
   4. No evidence regarding how alleged defamatory statements have dissipated into the comic book community has been provided.
   5. No evidence regarding defamatory statements as having been the source of discussions on social media and their publication has been repeated, has been provided.

.IV. DEFAMATION, SLANDER PER SE, CYBER LIBEL (Dkt. 6, page 10)

24. Plaintiffs repeat and re-allege each and every allegation in Paragraphs 1 through 23 as though set out in their entirety herein.

   1. Refer to comments on allegations in Paragraph 1-23

25. Defendants' statements are defamatory per se under common law. Defendants' statements constitute the invasion of a Plaintiffs' interest in their reputation and good name, and denigrate Plaintiffs in their occupation. Defendants have accused Plaintiffs of pedophilia, deviant behavior and participants in "lolicon."

   1. No evidence of any statements has been provided.

26. The statements are unprivileged false statements of fact that harm the reputation of John Lamont.

   1. No evidence of any statements has been provided.

27. The statements constitute Cyber Slander and Libel. The defamatory statements were written and spoken on a web site and/or Defamation that is spoken such as through an transcribed video, podcast, YouTube, discord server or audio file. The statements were designed to reach third parties, and to target the Plaintiffs in their homes and cause damage and financial harm to them in their homes and beyond.

   1. No evidence of any statements has been provided.

28. Defendants made, recorded and posted the comments as alleged in preceding incorporated paragraphs with negligence and malice. Defendants knew the statements were false and acted with reckless disregard for the truth. Statements Were Defamatory Per Se

   1. No evidence of any statements has been provided.

29. These defamatory statements constitute defamation per se because they pertain to Plaintiff John T. Lamont's profession as a writer and illustrator of comic books. These defamatory statements constitute defamation per se because they pertain to Plaintiff Preston Poulter's occupation as owner of Comicsgate and its associated YouTube channel and discord server. Also, the statements are libel per se because they impute sexual misconduct and criminal conduct.

   1. No evidence of any statements has been provided.

30. The statements were defamatory because a person of ordinary intelligence would interpret them in a way that tends to injure the Plaintiffs' reputation and thereby expose him to public hatred, contempt, or ridicule, or financial injury, or to impeach the Plaintiffs' honesty, integrity, virtue, or reputation

   1. No evidence of any statements has been provided.
   2. No evidence of injuries to Plaintiffs' reputations has been provided.
   3. No evidence of financial injury has been provided.
   4. No evidence of public hatred or ridicule has been provided.

31. These defamatory statements constitute statutory libel and statutory slander because they tend to injure the reputation of the plaintiff and expose the plaintiff to public hatred, contempt, or ridicule, tend to expose the plaintiff to financial

injury, and tend to impeach the plaintiff's honesty, integrity, virtue, or reputation, exposing the plaintiff to public hatred and ridicule.

1. No evidence of any statements has been provided.
2. No evidence of injuries to Plaintiffs' reputations has been provided.
3. No evidence of financial injury has been provided.
4. No evidence of public hatred or ridicule has been provided.

32. Defendant's statements were defamatory per se and thus no proof of actual damages is required and damages are presumed because the statements injured Plaintiffs in their occupation and reputation and imputed sexual misconduct. Statements Were Published

1. No evidence of any statements has been provided.
2. No evidence of injuries to Plaintiffs' reputations has been provided.

33. Defendants published the statements because they were made over the internet and communicated to third parties who are/were capable of understanding their defamatory meaning and moreover in such a way that the person did, in fact, understand its defamatory meaning.

1. No evidence of any statements has been provided.
2. No evidence of communication to third parties has been provided.

34. Defendants published the defamatory statements on at least March 1, 2021, April 12, 2021, April 25, 2021, April 26, 2021 and May 2, 2021 on a YouTube channel, in a chat room, on a discord server and on-line that can be accessed by the general public and other persons who visit the Internet and follow social media.Statements Referred to Plaintiffs Preston Poulter and John T. Lamont.

1. No evidence of any statements has been provided.
2. No evidence of any video, chat rooms or discord servers used by Defendant has been provided.

35. Defendants made the statements and they were understood to refer to Plaintiffs. Those who viewed or saw the statements knew that the Plaintiffs were the objects of the defamatory statements because they referred to them by name. Statements Were False

1. No evidence of any statements has been provided.
2. No evidence of communication to third parties has been provided.

36. The defamatory statements set forth above are false. The truth is that Plaintiffs are not in any manner a pedophile or have a fixation for young girls. They are men in a creative business who merely use their imagination to create fantasy comic book stories that are illustrated. Statements Were Made Negligently and Intentionally

    1. No evidence of any statements has been provided.
    2. No evidence alleged defamatory statements were negligent or intentional has been provided.

37. Defendants made the false and defamatory statement(s) set forth above by negligently failing to ascertain the truth. Defendants either knew or should have known in the exercise of ordinary care that the statement(s) were false. Defendants made the false statements intentionally to injure and harm the Plaintiffs. Statements Were Not Privileged

    1. No evidence of any statements has been provided.

38. Defendants' publication of the defamatory statements was not privileged because the defendant published the defamatory statements with knowledge that they were false or with substantial grounds for knowing that they might be false and with reckless disregard to whether they were true or false. Defendants had the ability to ascertain the truth and chose not to do so in order to enhance their particular views and websites. Plaintiffs Enjoyed Good Reputation Prior to Statements

    1. No evidence of any statements has been provided.
    2. No evidence of reckless disregard had been provided.

39. Prior to the Defendants' defamatory remarks, the Plaintiffs enjoyed good reputations. Plaintiff John T. Lamont's work has been well received by viewers and his colleagues, he has written, illustrated and/or published many comics in the past that have been well received. Plaintiff Preston Poulter is also a writer and illustrator, but his primary profession is as the owner of Comicsgate, which is an organized movement to promote quality in the comic book industry. He enjoyed an excellent reputation in the comic book industry.

    1. No evidence of any statements has been provided.
    2. No evidence of Plaintiffs' reputations has been provided.
    3. No evidence Plaintiff Lamont work, including how it has been received, has been provided.
    4. No evidence of past published work, including reception or proof of sales has been provided.

5. No evidence Plaintiff Poulter owning an entity called 'ComicsGate', including evidence of what 'ComicsGate' is, has been provided.
6. No evidence of Plaintiff Poulter having a reputation, positive or negative, in the comic book industry has been provided