IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN T. LAMONT and <br> PRESTON POULTER, <br> <br> Plaintiffs, <br> <br> v. <br> <br> DEAN ASSAF A/K/A DA TALK <br> VICTORIA KUNDERT A/K/A <br> VIKKIVERSE, AND ETHAN VAN <br> SCIVER. <br> <br> Defendants. | § § § § § § § § § § § § § § § § Civil Action No. 3:21-CV-1176-K-BN |

## DEFENDANT ALI ASSAF'S
## REPLY BRIEF

TABLE OF CONTENTS

I. This Motion is Timely ................................................................................................1

II. Plaintiffs Offer No Justification For Their Alleged Damages .................................2

III. Plaintiffs Ignore Their Obligations under Rule 26 ...................................................3

    A. Rule 26 Does Not Require a Motion to Compel .........................................4

    B. Providing "Categories" of Damages Related Documents Does Not Meet the Requirements of Rule 26 ........................................................................5

IV. The Transcript is Inadmissible .................................................................................6

V. The Video Clips Are Inadmissible. ...........................................................................6

VI. Plaintiffs Remaining Arguments ...............................................................................7

VII. Conclusion .................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Alldread v. City of Grenada*,
  988 F.2d 1425 (5th Cir. 1993) .................................................................................... 4

*Fluor Corp. v. Zurich American Ins. Co.*,
  No. 4:16-cv-00429 ERW (E.D. Mo. July 12, 2021) ...................................................... 2

*Indiana GRQ, LLC v. American Guarantee and Liability Ins. Co.*,
  No. 3:21-cv-227 DRL, 2023 WL 3354913 (N.D. Ind., May 10, 2023) ..................... 4, 5

**Rules**

FED. R. CIV. PRO. 26 ................................................................................................ 3, 4, 5

FED. R. EVID. 106 .......................................................................................................... 6

FED. R. EVID. 801 .......................................................................................................... 6

FED. R. EVID. 804 .......................................................................................................... 6

Defendant Ali Assaf hereby replies to Plaintiffs' Brief, Dkt. No. 68 ("Pl. Br."), filed in opposition to Assaf's Motion to Dismiss Dkt. No. 66 ("D. Br.").

Plaintiff's Opposition Brief reply can be briefly summarized in two sentences. (1) Plaintiffs admit they disclosed no evidence to Defendant during discovery and do not even attempt to show how they can proceed to trial and make their case without evidence. (2) Plaintiffs offer no explanation on how, in the absence of any damages evidence, they arrived at their good faith belief in damages meeting the threshold necessary to vest this court with jurisdiction.

## I.     This Motion is Timely

Plaintiffs do not dispute that they had failed to provide Defendant with any evidence during discovery and that, to date, they have provided no evidence of any significance. Plaintiffs defend this by saying the current motion is untimely, that Defendant should have filed a "no evidence" summary judgment motion, the deadline for which has passed and so the court should deny the current motion on that ground. A startling argument which, if taken seriously, means that a failure to bring a "no evidence" summary judgment motion means Plaintiffs can now go to trial with no evidence.

In fact, Defendant's motion is timely. A Rule 16 pretrial conference is upcoming. In view of the uncontested fact that we have no evidence, the Court should consider the fact that with no evidence we have no triable issues remaining.

Also, before the Court acts on Rule 16, it must first reassess if it has the power to act at all. Plaintiffs' failure to present evidence with respect to damages strips the Court

of subject matter jurisdiction if it finds that Plaintiffs' damages allegations were not made in good faith. Thus, there is nothing untimely about this motion.

Plaintiffs also seek to have this motion declared untimely by characterizing it as "attempting to shoehorn a no-evidence motion for summary judgment into Rule 16." Pl. Br. at 10. But the cases they cite for this proposition are of no help. In a slip opinion, *Fluor Corp. v. Zurich American Ins. Co.*, No. 4:16-cv-00429 ERW (E.D. Mo. July 12, 2021), the court declined a Rule 16 motion because it was attempting to resolve disputed facts surrounding the interpretation of an insurance policy. In our case the issues are undisputed. Both parties agree that Plaintiffs have provided Defendant with no evidence.

II.     **Plaintiffs Offer No Justification For Their Alleged Damages**

Plaintiffs cite to "the starting point" of amount in controversy analysis (the sum claimed by the plaintiff) but go no further. Pl. Br. at 9. They must also show that these allegations are made in good faith. Their response is to simply state that their allegations were made in good faith. *Id*.

They do not dispute the sales data provided by Defendant. In fact, Plaintiffs own disclosure of any sales data is so pitifully lacking that Plaintiffs have added Defendant's investigations of their sales data to their appendix, apparently in an attempt to use this evidence at trial. Dkt. No. 69 at 18 – 23; 30.

As discussed previously, the sales data show no apparent negative effects from the alleged defamation. For example, the sales data show that Plaintiffs' average revenue per campaign increased steadily. D. Br at 15.

In sharp contrast to the available evidence, Plaintiffs claimed damages of $414,960 (Lamont) and $330,259 (Poulter). These amounts come to roughly 10 years of

their annual income. To support these extreme claims Plaintiffs have provided no witness who heard the alleged defamation, believed it and decided not to buy a comic because of it. They provided no evidence that they were in fear for their lives. They offer not a single invoice from a security firm.

They provide no evidence of mental health issues caused by the alleged defamation. Mr. Poulter has, belatedly, provided the name of a psychologist who "provided counseling and therapy services to Preston Poulter." Pl. Appendix. Dkt. No. 69 at 39. Mr. Lamont has not even provided this.[1] Neither party has provided a single invoice from a health care professional or any relevant testimony. (Of course, it is now too late for Plaintiffs to do so.)

It is up to this Court to decide whether the damages allegations were made in good faith. But one thing is certain, Plaintiffs have provided no rationale to help the Court in this analysis.

### III.   Plaintiffs Ignore Their Obligations under Rule 26

Plaintiffs mention FED. R. CIV. PRO. 26 ("Rule 26") only once, in passing. (In fact, it did not merit entry into Plaintiffs Table of Authorities.) They brush it aside with a characterization of what Defendant's argument "appears to be, essentially." Pl. Br. at 10. But Rule 26, and Plaintiffs' utter failure to respect it, is central to Defendant's motion.

---

[1]   Lamont's Declaration contains a paragraph 4 in which he swears to have lost $75,000 in annual sales, but the paragraph is lined through. Dkt. No. 69 at 26. What does this even mean?

### A. Rule 26 Does Not Require a Motion to Compel

Plaintiffs' are only now providing their Rule 26 supplemental disclosures, seeking to add a deposition transcript, video clips, witnesses etc. to the record. The excuses they offer for these late disclosures are: they identified "categories of documents" but "Assaf never requested the documents themselves;" the documents were offered "after mediation failed;" they are "newly available evidence;" "the initial disclosures were clearly timely" and "there was no harm in making the supplemental disclosures more than two months before trial." Pl. Br at 11.

Plaintiffs cite no authority for the proposition that these are valid excuses; Defendant has found ample authority to the contrary. First, with respect to the excuse that "Assaf never requested the documents themselves," it is undisputed that Rule 26 does not require that Defendant Assaf ask for the documents themselves. Take for example, *Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993). In that case, a party argued it could not be sanctioned for its failure to supplement responses to an interrogatory because there had been no motion to compel. *Id*. at 1435. But they failed to address their duty under Rule 26, in this case Rule 26(a). The 5th Circuit held, "Rule 26 imposes no requirement, express or implied, that a motion to compel precede a court's imposition of a sanction (which, the Advisory Comments note, may consist of exclusion of testimony) for failure to supplement." *Id*. at 1436.

Plaintiffs' tardy supplementation goes against the very purpose of Rule 26, as stated recently in *Indiana GRQ, LLC* v. *American Guarantee and Liability Ins. Co.*, No. 3:21-cv-227 DRL, 2023 WL 3354913 (N.D. Ind., May 10, 2023). In that case, after discovery closed and about two months before trial, the Plaintiff attempted to

"supplement" under Rule 26 with a drastic increase of $14.3 million in an environmental damages claim, more than doubling damages in that category. There, as here, the Plaintiffs' attempt to characterize the late disclosure of this newly calculated number, without adequate explanation, as "substantially justified or harmless." *Id*. at *5.

The court held, calling it such turns [Plaintiff's] "duty to supplement [its] initial damages disclosures into an opportunity and even a right to hold back [its] real damages theories and computations until nearly the eve of trial. That is not what Rule 26(e) and 26(a)(3) do. Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." . . . [T]he duty to supplement cannot be transformed into a right to ambush just before trial." *Id*. (citing *Barlow v. GMC*, 595 F. Supp.2d 929, 936 (S.D. Ind. 2009)).

## B. Providing "Categories" of Damages Related Documents Does Not Meet the Requirements of Rule 26.

Plaintiffs' claim their initial damages disclosures, served on April 28, 2022, were complete because they "identified several categories of documents on which Plaintiffs intended to rely." Pl. Br. at 11. Again, Plaintiff's misrepresent their duty under Rule 26. That rule requires disclosure of, not just "categories" but

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment".

FED. R. CIV. P. 26(a)(1)(A)(ii). This was pointed out to Plaintiffs prior to the filing of this Brief. See D. Br, Exhibit 2 [Dkt. No.66-4].

Plaintiffs have, to this date, not provided either a "copy" or the "location" of any damages related documents. Thus, Plaintiffs have also violated their duty to timely supplement their disclosures under FED. R. CIV. P. 26(e). Accordingly, any documents provided in future supplemental disclosures will be late and inadmissible.

IV.   **The Transcript is Inadmissible**

Plaintiffs spend much time referring to a deposition transcript. Pl. Br. at 12, 13. The deposition was taken on March 14, 2023. Defendant Assaf was first informed of the deposition when he received the transcript on July 10 as part of Plaintiffs' Supplemental Rule 26 disclosure. See Pl. Br, Exhibit 2 [Dkt. No. 66-4]. This transcript would be inadmissible on the basis of this late disclosure alone.

And the transcript is also inadmissible hearsay. It is the testimony of an out-of-court witness being offered to prove the truth of the matter asserted. FED. R. EVID. 801. There is no exception. FED. R. EVID. 804(b), the closest possibility, does not apply because Defendant, the party against whom the testimony is offered, did not have "an opportunity . . . to develop [the testimony] by direct, cross- or redirect examination." *Id*. Thus, for two independent reasons Plaintiffs have no hope of using any of this transcript at trial.

V.   **The Video Clips Are Inadmissible.**

Plaintiffs spend much time discussing the "statements" made by the Defendant. Pl. Br. at 5, 6, 7, 13. As discussed previously, Plaintiffs have only provided Defendant video clips, and have done so belatedly. Plaintiffs fail to address the fact that these video clips are inadmissible on two independent grounds, as provided late, and because

Defendant was not provided with the entire video as required by FED. R. EVID. 106. D. Br. at 21.

## VI. Plaintiffs Remaining Arguments

Plaintiffs spend the remaining portions of their brief either rehashing the allegations of their complaint or describing how they intend to prove their case. They do not, however, explain how they can do this without evidence. They cite to portions of the transcript and to statements within video clips. But, as explained above, this evidence is inadmissible under two independent grounds.

All that is left for trial is the testimony of the two Plaintiffs and the one Defendant. Plaintiffs lack personal knowledge necessary to meet the elements of their case. For example, they have no personal knowledge of anyone who heard the defamation, believed it and failed to buy a comic because of it. They lack the foundation necessary to testify about their future sales losses or future mental health costs. It will be interesting when Plaintiffs are forced to call the Defendant to testify, as "document custodian" to authenticate the only evidence of Plaintiffs' commercial sales.

Having three people argue different sides of an issue, when there is no hope for a resolution of their dispute, may make a good livestream on Defendant's YouTube channel, but there is no place for this in a federal courtroom.

## VII. Conclusion

For all the reasons above, and any the Court may provide, Defendant renews its motion to dismiss this case as lacking subject matter jurisdiction and/or because no triable issues remain and for leave to file for Rule 11 sanctions.

Date:  July 28, 2023                                      Respectfully Submitted,

      /s/ Ali Assaf
Ali Assaf
Aliassaf959@gmail.com
(415) 450-5212
1014 East Alameda Street
Manteca, California 95336

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record for Plaintiffs are being served with a copy of this document, via the Court's CM/ECF system on July 28, 2023.

      /s/    Ali Assaf
Ali Assaf
Aliassaf959@gmail.com
(415) 450-5212
1014 East Alameda Street
Manteca, California 95336