In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter | § § § | |
|     Plaintiffs | § § | No. 3:21-cv-1176-K-BN |
| v. | § § | |
| Dean Assaf et al. | § | |
|     Defendants | § | |

**Defendant's Motions *in limine***

### 1. *Defendant's motions to exclude witnesses and exhibits for discovery abuse.*

Defendant Dean Assaf moves this Court to exclude Plaintiffs' witnesses and exhibits as a sanction under FED. R. CIV. PRO. ("Rule") 37(c)(1) for discovery abuse. None of Plaintiffs' exhibits were provided to Defendant during discovery in violation of Rule 26. See Defendant's Motion to Dismiss [Dkt. 66] at 13 (quoting *Lopez v. Don Herring Ltd*. 327 F.R.D. 567 (2018) (Horan, Mag. J.) (citing Olivarez v. GEO Group, Inc., 844 F.3d 200, 203 (5th Cir. 2016))

In their witness list, Plaintiffs disclose the following experts: Jeffrey C. Siegel, Richard M. Santoro and Michael Dattolo. None of these experts were disclosed to Defendant during discovery, no expert reports were disclosed during discovery in violation of Rule 26 (a)(2).

In their exhibit list, Plaintiffs disclose Exhibits PX1 - PX17. Other than

two cease and desist letters (which are inadmissible attorney argument) the exhibits were not disclosed to Defendant during discovery. Indeed, PX16 ("Santoro Estimate") was only disclosed to Defendant last week with the exhibit list itself.

2. ***Defendant moves to exclude Plaintiffs video exhibits, PX2 – PX8.***

The relevant videos, except for the Feb. 28 video from Defendant's YouTube channel, are unavailable. Apparently, Plaintiffs did not retrieve the videos directly from their sources and the actual person who did retrieve the video from its actual source has not been disclosed to Defendant during discovery. Instead, Plaintiffs relied upon clips obtained from some undisclosed third party or parties. Accordingly, there is a break in the chain of custody and Plaintiffs have no idea whether these clips are authentic copies of the video actually broadcast.

Defendant also moves to exclude Plaintiffs video exhibits, PX1 – PX8, because Defendant was not given a copy of the full video. The video violates FED. R. EVID. 106 because Defendant is unable to introduce other parts of the video that in fairness ought to be considered at the same time as Plaintiffs self-serving excerpts.

3. <u>***Defendant's Motion to Limit Testimony of Poulter and Lamont***</u>

Defendant moves the Court to limit Plaintiffs from testifying as to lost sales damages, testifying as to security based damages and mental health based damages.

Plaintiff's list Defendants Poulter and Lamont as witnesses. The summary of their proposed testimony includes a discussion of "damages." Plaintiffs' lack the proper foundation to address damages. Plaintiffs lack the personal knowledge as to the motivations of any potential comic book customers as to (1) whether they saw and believed the alleged defamatory livestream and (2) whether they decided not to buy a comic book due to the alleged defamatory livestream. Also, any such testimony would be impermissible hearsay.

Plaintiffs, as lay witnesses, also lack the foundation necessary to draw conclusions as to the effects of the alleged defamation on their mental health and the resulting costs and as to the need of additional security and the related costs.

4. ***Defendant moves to limit Plaintiffs' presentation of evidence to video evidence and to exclude any transcriptions of the video evidence.***

Plaintiffs have repeatedly included written versions of the alleged defamation. Because the evidence of defamation is in the form of a video, under Fed. R. Evid. 1002 Defendant is entitled to have only the video presented to the jury, not transcripts of statements made in the video. Respectfully submitted,

                                                */s/  Ali Assaf*
                                                Ali Assaf
                                                Aliassaf959@gmail,com
                                                (415) 450-5212
                                                101 East Alameda Street
                                                Manteca, CA 95336

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record for Plaintiffs are being served with a copy of this document, via the Court's CM/ECF system on August 14, 2023.

                                                /s/    *Ali Assaf*