In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter | § § § | |
| Plaintiffs | § | |
| | § | No. 3:21-cv-1176-K-BN |
| v. | § § | |
| Dean Assaf et al. | § | |
| Defendants | § | |

## Plaintiffs' Proposed Jury Instructions

Plaintiffs propose the attached jury instructions. These were derived from the Texas Pattern Jury charges.

Respectfully submitted,

*/s/ Jeremy M. Masten*
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on August 14, 2023.

| Dean Assaf | Pro se defendant |
| Aliassaf959@gmail.com | |

*/s/ Jeremy M. Masten*
Jeremy M. Masten

## QUESTION [ 110.2a – publication about Lamont ]

Did Dean Assaf publish any of the following statements?

"Publish" means intentionally or negligently to communicate the matter to a person other than Paul Payne who is capable of understanding its meaning. Answer "Yes" or "No."

- John Lamont is a pedophile;

- John Lamont shares and participates in "Lolicon"[1] with others on the internet;

- John Lamont is a diseased person who should be ostracized from society and/or be shot;

- John Lamont makes "3D depictions of little girls having sex," which "shows the guy is a pediophilic";

- John Lamont "is making f_____ be pedophilic comics";

- John Lamont is making "Loli in 3D renders" that are "pedophilic";

- John Lamont "is attracted to drawings of children"; and/or

- John Lamont is making a comic that "is a pedophile comic."

Answer: _____

---

[1] "Loli" or "Lolicon" is a derogatory term referring to a fascination with cartoons of very young-looking girls engaged in varying degrees of erotic behavior. Dkt. 6 at 7 n.1.

## QUESTION [ 110.2b – publication about Poulter ]

Did Dean Assaf publish any of the following statements?

"Publish" means intentionally or negligently to communicate the matter to a person other than Paul Payne who is capable of understanding its meaning. Answer "Yes" or "No."

- Preston Poulter knew John Lamont "was a pedophile";

- Preston Poulter promoted and supported child pornography made by John Lamont;

- Preston Poulter engaged in the same behavior (i.e., pedophilia, child pornography, and Lolicon);

- Preston Poulter participated and hosted on-going exchanges between participants of Lolicon through Comicsgate;

- Preston Poulter shared an interest in underage girls having sex; and/or

- "Preston [made] child pornography and put COMICGSATE on the label."

Answer: _____

**QUESTION [ 110.5a Fault as to Lamont ][2]**

If you answered "Yes" to Question [110.2a], then answer the following question. Otherwise, do not answer the following question.

Did Dean Assaf know or should he have known, in the exercise of ordinary care, that the statements contained in Question [110.2a] was false and had the potential to be defamatory?

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Answer "Yes" or "No."

Answer: _____

---

[2] No need to ask jury whether the statements were defamatory. Only ambiguous statements should be submitted to the jury. *See Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013).

Nor is there any need to ask the jury whether the statements were false. Poulter and Lamont are both private figures, so falsity is presumed. *See* Tex. Civ. Prac. & Rem. Code § 73.005 (libel); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995) (slander).

Additionally, this question is submitted out of an abundance of caution because it is not clear whether Texas law requires private plaintiffs to prove fault in claims against private defendants regarding matters of private concern.

## QUESTION [ 110.5b Fault as to Poulter ]

If you answered "Yes" to Question [110.2b], then answer the following question. Otherwise, do not answer the following question.

Did Dean Assaf know or should he have known, in the exercise of ordinary care, that the statements contained in Question [110.2b] was false and had the potential to be defamatory?

"Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Answer "Yes" or "No."

Answer: _____

**QUESTION [115.33a – Lamont's damages ]**

If you answered "Yes" to Question [110.5a], then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate John Lamont for his injuries, if any, that were proximately caused by the statement or statements you found in answer to Question [ 110.5a ]?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You must award at least nominal damages for injury to reputation in the past. Nominal damages are a trifling sum, such as $1.

Answer separately in dollars and cents for damages, if any.

|   | Answer |
|---|---|
| 1. Injury to reputation sustained in the past. | _____ |
| 2. Injury to reputation that, in reasonable probability, John Lamont will sustain in the future. | _____ |
| 3. Mental anguish sustained in the past. | _____ |
| 4. Mental anguish that, in reasonable probability, John Lamont will sustain in the future. | _____ |
| 5. Lost revenue, including but not limited to sales lost and conventions not attended in the past. | _____ |
| 6. Lost revenue that, in reasonable probability, will be sustained in the future because of lost sales and conventions not attended. | _____ |
| 7. Cost for additional security. | _____ |

**QUESTION [115.33b – Poulter's damages ]**

If you answered "Yes" to Question [110.5b], then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Preston Poulter for his injuries, if any, that were proximately caused by the statement or statements you found in answer to Question [ 110.5b ]?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You must award at least nominal damages for injury to reputation in the past. Nominal damages are a trifling sum, such as $1.

Answer separately in dollars and cents for damages, if any.

|   | Answer |
|---|---|
| 1. Injury to reputation sustained in the past. | _____ |
| 2. Injury to reputation that, in reasonable probability, Preston Poulter will sustain in the future. | _____ |
| 3. Mental anguish sustained in the past. | _____ |
| 4. Mental anguish that, in reasonable probability, Preston Poulter will sustain in the future. | _____ |
| 5. Lost revenue, including but not limited to sales lost and conventions not attended in the past. | _____ |
| 6. Lost revenue that, in reasonable probability, will be sustained in the future because of lost sales and conventions not attended. | _____ |
| 7. Cost for additional security. | _____ |

**QUESTION [ 115.37B-a – Exemplary Damages Predicate (Lamont) ]**

Answer the following question only if you unanimously answered "Yes" to Question [ 110.5a ]. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

Do you find by clear and convincing evidence that the harm to John Lamont resulted from malice, fraud, or gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Dean Assaf to cause substantial injury or harm to John Lamont.

Answer "yes" or "no."

Answer:_____

**QUESTION [ 115.38a – Exemplary Damages Amount (Lamont) ]**

Answer the following question only if you unanimously answered "Yes" to Question [115.37B-a]. Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Dean Assaf and awarded to John Lamont as exemplary damages, if any, for the conduct found in response to Question [ 110.5a ]?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of Dean Assaf.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of Dean Assaf.

Answer in dollars and cents, if any.

Answer: _____

**QUESTION [ 115.37B-b – Exemplary Damages Predicate (Poulter) ]**

Answer the following question only if you unanimously answered "Yes" to Question [ 110.5b ]. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

Do you find by clear and convincing evidence that the harm to Preston Poulter resulted from malice, fraud, or gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Dean Assaf to cause substantial injury or harm to Preston Poulter.

Answer "yes" or "no."

Answer:_____

**QUESTION [ 115.38b – Exemplary Damages Amount (Poulter) ]**

Answer the following question only if you unanimously answered "Yes" to Question [115.37B-b]. Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Dean Assaf and awarded to Preston Poulter as exemplary damages, if any, for the conduct found in response to Question [ 110.5a ]?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    1. The nature of the wrong.

    2. The character of the conduct involved.

    3. The degree of culpability of Dean Assaf.

    4. The situation and sensibilities of the parties concerned.

    5. The extent to which such conduct offends a public sense of justice and propriety.

    6. The net worth of Dean Assaf.

Answer in dollars and cents, if any.

Answer: _____