In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter | § | |
| Plaintiffs | § | |
| | § | No. 3:21-cv-1176-K-BN |
| v. | § | |
| | § | |
| Dean Assaf et al. | § | |
| Defendants | § | |

## Plaintiffs' Motions in Limine

Pursuant to Fed. R. Civ. P. 16 and Fed. R. Evid. 103 and 104, Plaintiffs John T. Lamont and Preston Poulter make these Motions in Limine and requests the Court to enter an Order, prior to the voir dire examination of the jury panel, that both parties and all witnesses be instructed to refrain from mentioning or interrogating, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, concerning the matters set forth herein.

The matters set out below would be inadmissible in evidence for any purpose, in that they have no bearing on the issues in this case or the rights of the parties in this suit. Moreover, permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of the matters set forth would prejudice the jury. Sustaining objections to such questions, comments or offers would not cure such prejudice, but rather

reinforce the impact of such prejudicial matters on the jurors.

Plaintiffs therefore submit that the following specific items would not be admissible for the specific reasons cited herein:

**1.    Argument that the statements were not published.**

In the context of defamation, "publication" is a legal term of art that only means that at least one person other than the plaintiff heard the statements. *See Thomas-Smith v. Mackin*, 238.W.3d 503, 506 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that statements made during a two-person phone call were published for defamation purposes). The undisputed evidence shows that Assaf made his statements to at least two other people, Ethan Van Sciver and Victoria Kundert, as well as however  many viewers watched Assaf's show that night. But even if he had no viewers, making the statements to Van Sciver and Kundert is enough under the law for publication. Arguing otherwise would unnecessarily confuse the jury and prejudice Plaintiffs. The Court should therefore prohibit any arguments that the statements were not published.

Agreed     _____

Granted     _____

Modified     _____

Denied     _____

**2.    Argument that the statements were mere opinion.**

Assaf has argued in this case that his statements were merely opinion

and therefore are not actionable. But whether a statement is an actionable statement under Texas law does not depend on whether it is an "opinion." But Texas courts no longer use the opinion analysis. Instead, Texas courts now consider whether a statement is verifiable as false and, in its context, is understood to convey a verifiable fact. *Dallas Morning News v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018). Plaintiffs have argued that Assaf's statements were actionable because they asserted specific, verifiable facts and were made with the intent to convey a verifiable fact. *See* Dkt. 68 at 13-14 (citing *Bentley v. Bunton*, 94 S.W.3d 561, 583 (Tex. 2002)). Moreover, this issue is a question of law for the Court rather than a question of fact for the jury. *Tatum*, 554 S.W.3d at 639. As such, any argument that Assaf's statements were mere opinion would unnecessarily confuse the jury and prejudice Plaintiffs. The Court should therefore prohibit any arguments that Assaf's statements were mere opinion.

Agreed     _____

Granted     _____

Modified     _____

Denied     _____

## 3.    Arguments about the freedom of speech.

Assaf may be inclined to argue about exercising his "freedom of speech" under the First Amendment. But the First Amendment has limits. One of those

limits is found in defamation law. The First Amendment will not be offended if the evidence supports a finding that Assaf defamed Plaintiffs. Such arguments will unnecessarily confuse the jury and prejudice Plaintiffs. Accordingly, the Court should prohibit the parties from making arguments about exercising their freedom of speech.

Agreed    _____

Granted    _____

Modified    _____

Denied    _____

**4.   Evidence or arguments that either Plaintiff is "defamation proof."**

Assaf alleged in his answer that Plaintiffs were "defamation proof," but he has not produced any evidence to support that claim. As such, the Court should prohibit Assaf from offering any evidence or making any arguments that either Plaintiff is "defamation proof," including but not limited to references to videos, comments, websites, and other social media postings that are not in evidence.

Agreed    _____

Granted    _____

Modified    _____

Denied    _____

**5.      Evidence or arguments about the net worth of any party.**

Assaf has made suggestions in this case that he should receive special treatment, such as being able to appear remotely at certain case events, because he cannot afford a lawyer. He may make similar arguments to the jury. But liability in a defamation case does not turn on who can afford a lawyer and who cannot. Accordingly, the Court should prohibit either party from making arguments about the net worth of either party.

Agreed      _____

Granted      _____

Modified      _____

Denied      _____

Respectfully submitted,


*/s/ Jeremy M. Masten*
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

1

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on August 14, 2023.

Dean Assaf                                   Pro se defendant
Aliassaf959@gmail.com


                                        */s/ Jeremy M. Masten*
                                        Jeremy M. Masten

2