In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter<br>    Plaintiffs<br><br>v.<br><br>Dean Assaf et al.<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-1176-K-BN |

**Local Rule 16.4 Joint Pretrial Order**

Pursuant to Local Civil Rule 16.4 and the Court's Scheduling Order of May 30, 2023 (Dkt. 61), the parties submit the following Joint Pretrial Order:

**A.   Estimated Length of Trial**

Plaintiffs anticipated their case in chief can be presented in two days.

Defendant estimates that the entire trial can be presented in four hours.

**B.   Jury / Nonjury**

Plaintiffs demanded a jury trial. Dkt. 1 at 10; Dkt. 6 at 18.

Defendant would prefer a bench trial.

**C.   Summary of the Claims and Defenses of Each Party**

*1.   Plaintiffs' Claims*

Plaintiffs sued Defendant for defamation, including slander per se and statutory libel. Dkt. 6 at 10–13.

In March, April, and May 2021, Assaf and Kundert used their show on YouTube to broadcast claims that Plaintiff John T. Lamont "is a pedophile" who "is making f_____ be pedophilic comics" and "child porn." Dkt. 6 at 7. Assaf and Kundert called for Lamont to "be ostracized from society" and "shot." Dkt. 6 at 7. Assaf and Kundert also claimed that Poulter engaged in the same activities (i.e., being a pedophile and making pedophilic comics and child pornography). Dkt. 6 at 9. Specifically, Assaf said that Plaintiff Lamont:

- is a pedophile;
- shares and participates in "Lolicon"[1] with others on the internet;
- is a diseased person who should be ostracized from society and/or be shot;
- makes "3D depictions of little girls having sex," which, according to Assaf, "shows the guy is a pedophilic";
- "is making f_____ be pedophilic comics";
- is making "Loli in 3D renders" that are "pedophilic";
- "is attracted to drawings of children"; and
- is making a comic that "is a pedophile comic."

Dkt. 6 at 6–7. Assaf said that Plaintiff Poulter:

- knew Plaintiff Lamont "was a pedophile";
- promoted and supported child pornography made by Plaintiff Lamont;

---

[1] "Loli" or "Lolicon" is a derogatory term referring to a fascination with cartoons of very young-looking girls engaged in varying degrees of erotic behavior. Dkt. 6 at 7 n.1.

- engaged in the same behavior (i.e., pedophilia, child pornography, and Lolicon);

- participated and hosted on-going exchanges between participants of Lolicon through Comicsgate;

- shared an interest in underage girls having sex; and

- "Preston [made] child pornography and put COMICGSATE on the label."[2]

Dkt. 6 at 7–9. All these statements were made on YouTube and broadcast them to the world.

Lamont and Poulter are not pedophiles, nor are they child pornographers. Assaf's statements were objectively and verifiably false.

As a result of those false statements, Lamont and Poulter have suffered noneconomic harm, such as embarrassment, humiliation, and loss of respect, as well as losses of sales and income and been forced to incur increased expenses for personal security and mental health treatment. Doc. 6 at 13–18; *see also* Dkt. 66-8, 66-9).

## 2. *Defendant's Summary of Claims and Defenses*

Plaintiffs sued Defendant for defamation, including slander per se and statutory libel. Dkt. 6 at 10–13.

In February of 2021, Assaf used his show on YouTube to discuss the drawings of Plaintiff John T. Lamont.

---

[2] This last statement was made by Van Sciver, to which Assaf responded, "Yea, that was a pretty fuckin' gross move."

Assaf has appeared on other YouTube channels and Plaintiffs have alleged that Assaf made defamatory statements on these other channels. Plaintiffs, however, have provided no custodians to authenticate any video evidence from these channels. Thus there is no admissible evidence about what was actually broadcast, or if anything was broadcast, on these other channels.

Plaintiff will play the admissible portions of videos. In view of FED. R. EVID. 1004, Plaintiff cannot merely write out selected words and phrases from videos. The actual video is the only admissible version of any alleged defamatory statements.

Also, other than a single video on Defendant's YouTube channel, Defendant has had no access to the full videos that Plaintiffs allege contain defamatory statements. Defendant has only been provided with heavily edited video clips.

Alleged defamatory statements were made on YouTube and viewed by a small number of people who viewed Assaf's YouTube channel. Plaintiffs have presented no evidence that any of these viewers thought Plaintiffs were either pedophiles or child pornographers because of the video.

Plaintiffs have no evidence of economic damages, for example, that any of the small number of viewers changed their mind and decided not to buy any of Plaintiffs products as a result of watching Defendant's YouTube videos.

Plaintiffs have no evidence that, as a result of the YouTube videos, Lamont and Poulter suffered noneconomic harm, such as embarrassment,

humiliation, and loss of respect, nor been forced to incur increased expenses for personal security and mental health treatment.

**D.   Stipulated Facts**

The parties have not stipulated any material facts.

**E.   Contested Issues of Fact**

1. Whether Assaf made the statements set forth in Plaintiff's claims;

2. Whether Assaf's statements were statements of opinion, and thus incapable of being "false" or were statements of fact.[3]

3. If Assaf's statements were statements of fact, whether the statements were false;

4. If Assaf's statements were statements of fact, whether Assaf knew or should have known that his statements were false;

5. Whether anyone heard the statements.

6. Whether anyone who heard the statements believed Lamont and Poulter were pedophiles or child pornographers.

7. Whether anyone who heard the statements chose not to purchase anything from Lamont and Poulter because of the statements.

8. Whether Assaf's statements caused Lamont and Poulter economic damages; and

---

[3] Plaintiffs contend this is a question of law rather than a question of fact. *See Dallas Morning News v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018).

9. Whether Assaf's statements caused Lamont and Poulter mental damages.

10. Whether Assaf's statements caused Lamont and Poulter damages in the form of increased security costs.

11. The amount of Lamont and Poulter's damages.

**F.  Contested Issues of Law**

1. Whether Assaf's statements were defamatory.

2. Whether Assaf's statements are constitutionally protected opinion under the First Amendment because the videos containing Assaf's statements also contained the underlying nondefamatory basis for the statements, thus allowing the viewer to judge for themselves how they feel about Lamont and Poulter.

**G.  Additional Matters That Might Aid in the Disposition of the Case**

Plaintiffs are not aware of any matters that might aid in the disposition of the case.

**Motions in limine**

Defendant intends to move the Court limit the testimony of Plaintiff's Lamont and Poulter to facts upon which they have actual knowledge and opinions for which they have the proper foundation. Specifically, the Plaintiffs cannot testify about any third parties who may have viewed the

videos of Defendant and whether the videos caused the third parties to change their views about Plaintiff's, or about buying the products of Plaintiffs or about harassing Plaintiffs whether Plaintiffs are in public or at home.

The Plaintiffs, non-medical professionals, lack the foundation to testify as to whether any mental health issues they have were caused by Defendant's videos.

Defendant also intends to have all of Plaintiff's exhibits excluded because they were provided late in violation of Rule 26, they violate FED. R. EVID. 106 or they contain hearsay in violation of FED. R. EVID. 801 & 802.

Defendant intends to have all written words and phrases excluded under FED. R. EVID. 1002, the original video is required in order to prove its content.

Respectfully submitted,

For Plaintiffs:

*/s/ Jeremy M. Masten*

Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

ACCEPTED:

For Defendant:

*/s/ Ali Assaf*[4]

Ali Assaf
Aliassaf959@gmail.com
(415) 450-5212
1014 East Alameda Street
Manteca, California 95336

Pro se Defendant

_____
U.S. District Judge

_____
Date

---

[4] Signed with permission by Jeremy M. Masten.