IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN T. LAMONT and PRESTON POULTER,<br><br>Plaintiffs,<br><br>v.<br><br>DEAN ASSAF a/k/a DA TALK, VICTORIA KUNDERT a/k/a VIKKIVERSE, and ETHAN VAN SCIVER,<br><br>Defendants. | Civil Action No. 3:21-CV-01176-K |

## ORDER

Before the Court are Defendant Ali Assaf's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(1) and/or Rule 16 (the "Motion"), Doc. No. 66, Plaintiffs' Response to Defendant Ali Assaf's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 16 (the "Response"), Doc. No. 68, and Defendant Ali Assaf's Reply Brief (the "Reply"), Doc. No. 70. Having carefully considered the Motion, the Response, the Reply, and the applicable law, the Court **DENIES** the Motion.

Arguing that "the amount in controversy alleged in the First Amended Complaint was not made in good faith," Defendant contends that the amount in controversy is for less than the jurisdictional amount and Plaintiffs therefore have failed to establish diversity jurisdiction. Doc. No. 66 at 18-20; *see* 28 U.S.C. § 1332(a). As

1

Defendant also points out, however, "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. In order for a court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 298 (1938)). It does not appear to a legal certainty to this Court that Plaintiffs' claims each total less than the jurisdictional amount.

Second, "Defendant also moves to dismiss the complaint, as part of the FED. R. CIV. P. 16 Pretrial Conference, because no triable facts remain." Doc. No. 66 at 5. The Court construes this as a motion for summary judgment under Fed. R. Civ. P. 56. Per the Initial Scheduling Order, Doc. No. 44, the deadline for dispositive motions, including motions for summary judgment, was May 8, 2023. Defendant's Motion was filed out of time on July 17, 2023. A court may, for good cause, extend a deadline after its expiration, but only upon a motion demonstrating "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Defendant failed to so move, and summary judgment is denied on that basis alone.

Even if Defendant had properly moved for summary judgment, he still would not be entitled to it. According to Defendant:

> During the discovery period Defendant had received no documents, no names of law witnesses, or expert witnesses, no testimony.
>
> . . . .
>
> Only now have Plaintiffs begin disclosing their evidence to Defendant and it remains inadequate. Moreover, in view of the late disclosure, this meager evidence is inadmissible. Plaintiffs are attempting to "sandbag" Defendant with these late disclosures, violating their duty under FED. R. CIV. P. 26(a) or (e). The appropriate sanction is to exclude the evidence from use at trial.

Doc. No. 66 at 5-6. Defendant appears to be arguing that Plaintiffs have little to no evidence to support their claims, and any evidence they may have was not timely disclosed and therefore must be excluded as a sanction. *Id.* at 20. However, Plaintiffs made and their initial disclosures under Fed. R. Civ. P. 26(a) on April 28, 2022. Doc. No. 69 at 32-36. According to Plaintiffs, Defendant "never requested the documents themselves." Doc. No. 68 at 11. Defendant does not dispute this. *See* Doc. No. 70. The Court notes that a request for production is not the same as a motion to compel. Last, the Court does not view Plaintiff's Rule 26 Supplemental Initial Disclosures (served on July 10, 2023), Doc. No. 69 at 41-42, as an attempt to "ambush" Defendant right before trial. *See* Doc. No. 70 at 7-8. Summary judgment and sanctions are thus inappropriate for at least these reasons.

Finally, Defendant's evidentiary objections, *e.g.*, Doc. No. 66 at 21; Doc. No. 70 at 9, 10, were premature at the time the Motion was filed. The Court **DENIES** Defendant's Motion. Doc. No. 66.

**SO ORDERED.**

Signed August 16th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE