IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN T. LAMONT and<br>PRESTON POULTER, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1176-K-BN |
| | § | |
| DEAN ASSAF A/K/A DA TALK | § | |
| VICTORIA KUNDERT A/K/A | § | |
| VIKKIVERSE, AND ETHAN VAN | § | |
| SCIVER. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DEAN ASSAF'S MOTION TO STRIKE
CERTAIN WITNESSES AND BRIEF IN SUPPORT THEREOF**

Defendant Dean Assaf respectfully requests the Court strike three witnesses that Plaintiffs failed to timely and properly disclose.  First disclosed in July 2023, months after the discovery deadline, these three witnesses were subsequently listed as experts on Plaintiffs' Witness list of August 14, 2023.  Although Plaintiffs' counsel has agreed not to call these three witnesses as experts, only as fact witnesses, these witnesses should be struck and prohibited from testifying because they were disclosed long after the applicable deadlines and they clearly intend to offer expert testimony, including opinions, based upon their scientific, technical, and specialized knowledge.  Because these individuals were not timely or properly disclosed as fact or expert witnesses, Defendant respectfully renews his request, initially made in his timely filed Motion in Limine (Dkt. No. 75), that these witnesses be struck and prevented from testifying at trial.

The Court's Initial Scheduling Order in this matter required that a party offering experts for "any purpose other than 'solely to contradict or rebut evidence on the same subject matter identified by another party' must designate the expert witness(es) by **February 7, 2023**." (Dkt.

No. 44 at 4) (emphasis in the original).  Rebuttal experts were to be disclosed by March 9, 2023.

(*Id.*)  Discovery closed on April 7, 2023.  (*Id.* at 6.)

Long after the expert disclosure deadline of February 7, 2023 and the discovery deadline

of April 7, 2023, Plaintiffs disclosed Jeffrey Siegel, Ph.D., Richard Santoro, and Michael Dattolo

as possible witnesses.  These three individuals were first identified as persons with knowledge on

Plaintiffs' July 10, 2023 Supplemental Disclosures.  (Exhibit A.)  They were not listed on

Plaintiffs' Initial Disclosures. (Exhibit B.) Subsequently, Plaintiffs identified these three

individuals as experts on Plaintiffs' Witness List filed on August 14, 2023, more than six months

after the expert disclosure deadline and long after the close of discovery.  (Dkt. No. 79 at 2.)  Under

the heading "Expert Witnesses," Plaintiffs' August 14, 2023 Witness List identifies the purported

experts as follows:

- Jeffrey C. Siegel, Ph.D., ABPP, Forensic and Clinical Psychology, 17330 Preston Rd., Ste. 110B, Dallas, Texas 75252; (972) 960-1472. Provided counseling and therapy services to Preston Poulter.

- Richard M. Santoro, 5006 Wellington Avenue, Box 2701, Ventnor City, New Jersey 08406. Security consultant.

- Michael Dattolo, Web Presence, LLC, d/b/a NetReputation.com, 1100 N Tuttle Ave, Ste 12 Sarasota, Florida 34237. Internet reputation management vendor.

*Id*.

Inconspicuously included among Plaintiffs' Exhibits—which were also disclosed on

August 14—Plaintiffs disclosed for the first time, documents that appear to be purported reports

from Richard Santoro and Michael Dattolo.[1]  Nothing purporting to be a report as required under

the rules for expert witnesses was ever produced from Jeffrey Siegel.

---

[1] These purported reports, labeled as Plaintiffs' Trial Exhibits 16 and 17, do not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  The purported reports do not identify the compensation being provided to these individuals for their testimony, the facts or data considered by these individuals, the bases of their opinions, or any of the other required content of Rule 26(a)(2)(B).  *See* FED. R. CIV. P. 26(a)(2)(B).

**DEFENDANT DEAN ASSAF'S MOTION TO STRIKE CERTAIN**
**WITNESSES AND BRIEF IN SUPPORT THEREOF**                                              **PAGE 2**

Plaintiff's Exhibit 16 is a four-and-a-half page letter from Richard Santoro in which he claims expertise in the security field. (*See* Exhibit C.)  In his purported report, Santoro makes it clear that he is providing "findings, conclusions, and opinions," which are based not on his first-hand experiences, but on his purported security expertise.  (*Id*. at 1.)  His report includes a section titled "Expert Witness Background and Qualifications."  (*Id.* at 2.)   His report then provides "Professional Opinions" based on his review of "the evidence presented and the reference materials listed above, [his] work experience, professional certification, formal education, and document review."  (*Id.* at 3.)  Those opinions include outlandish conclusions that both Plaintiffs need among other things a "residential Target-Hardening and physical Protective System", "[a] 24-hour residential Armed Executive Protection Specialist," and "a travelling Armed Executive Protection Specialist and an Armed Countermeasures Trained Driver."  (*Id*. at ¶ 8.)  None of his opinions are based on anything he personally experienced or perceived.  (*Id.* at 3-5.)  Notably, he says his extravagant security plan is needed because "defendant Ethan Van Sciver . . . slandered, endangered and communicated falsehoods about [Plaintiffs]."  (*Id.* at 3.)  Defendant Assaf is not mentioned anywhere in the letter. Of course, Van Sciver is not a defendant in this matter.

Similarly, Plaintiffs' Exhibit 17 is merely a work proposal from Michael Dattolo's company NetReputation, in which the company offers to "remove" or "de-index" three URLs for $3,000.00.  (Exhibit C.)  The proposal does not connect the work in any way to allegedly defamatory conduct of Defendant Assaf.  (*See* Exhibit B.)  Moreover, two of the URLs are no longer available online.

Although Plaintiffs have not provided a purported report from Jeffrey C. Siegel, Ph.D., it is clear that his testimony is of a scientific, technical, and specialized nature that is only permissible

from an expert witness.  Plaintiffs have disclosed that he provided counseling and therapy services

to only Preston Poulter. (Exhibit A at 2.)  Clearly, Plaintiffs intend to offer Jeffrey Siegel to testify

about his perceptions and opinions regarding Plaintiff Preston Poulter's psychological state.  Such

opinions are the product of Jeffrey's Siegel's schooling, training, and experience as a counselor,

not as a fact witness with first-hand knowledge of the events at issue in this dispute.

It is clear that Plaintiffs' witnesses Jeffrey Siegel, Ph.D., Richard Santoro, and Michael

Dattolo will offer expert testimony in the form of opinions that fact witnesses are not permitted to

provide and which are based on their scientific, technical, and special knowledge, not on their first-

hand perceptions. *See* Fed R. Evid. 701.  Yet, Plaintiffs did not timely or properly disclose these

individuals as expert witnesses.  Even further, even if these witnesses were offering factual

testimony, Plaintiffs did not timely disclose these individuals as fact witnesses.  Allowing these

untimely disclosed individuals to testify would undermine the purposes of the rules and constitute

an unfair and prejudicial surprise to Defendant.   Accordingly, Defendant Dean Assaf respectfully

requests that the Court strike Plaintiffs' witnesses Jeffrey Siegel, Ph.D., Richard Santoro, and

Michael Dattolo and bar them from testifying at the trial of this matter.  Defendant further requests

that pursuant to Federal Rule of Civil Procedure 37(c)(1) the Court order that Plaintiffs pay

Defendant's reasonable attorney's fees incurred as a result of Plaintiffs' failure to timely and

properly disclose these purported experts, in particular the fees incurred in preparing this motion.[2]

---

[2] Upon entry of an order requiring that Plaintiffs pay Defendant's reasonable attorney fees, Defendant will submit attorney timesheets and related evidence substantiating the fees incurred as a result of Plaintiffs' failure to abide by the Court's Initial Scheduling Order the federal rules.

Dated: October 6, 2023                                    Respectfully submitted,

                                                         /s/ Thomas J. Adair_____
                                                         Thomas J. Adair
                                                         Texas Bar No. 24047753
                                                         ADAIR LAW, PLLC
                                                         1112 18th Street, #862017
                                                         Plano, Texas 75074
                                                         Telephone: (512) 431-2736
                                                         tom@adairlaw.com

                                                         *Attorney for Defendant Ali Dean
                                                         Assaf*


                        **CERTIFICATE OF CONFERENCE**

        I hereby certify that on October 2, 2023, I conferred with Plaintiffs' counsel, Jeremy

Masten by phone regarding this motion.  Mr. Masten agreed not to call the above witnesses as

experts at the trial, but he said the witnesses would be called as fact witnesses.  Accordingly,

Plaintiffs' counsel indicated that Plaintiffs are opposed to the relief requested in this Motion.


                                                         /s/ Thomas J. Adair_____
                                                         Thomas J. Adair