Exhibit A
to Defendant's Motion to Strike

In the United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter<br>    Plaintiffs | § § § § | |
| v. | § § | No. 3:21-cv-1176-K-BN |
| Dean Assaf a/k/a DA Talk and Victoria Kundert a/k/a Vikkiverse<br>    Defendants | § § § | |

## Plaintiffs' Rule 26 Supplemental Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e), Plaintiffs make the following disclosures:

**(i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

The parties:

- Plaintiffs John T. Lamont and Preston Poulter, c/o Jeremy M. Masten, P.O. Box 541411, Houston, Texas 77254;

- Defendant Dean Assaf a/k/a DA Talk, pro se, 1014 E. Alameda Street, Manteca, California 95336

Former parties:

- Ethan Van Sciver, c/o Scott Houtteman, 10560 Main Street, Suite 420, Fairfax, Virginia 22020

- Victoria Kundert, 101 East Main Street, Wallace, North Carolina 28466

Other Witnesses:

- Jeffrey C. Siegel, Ph.D., ABPP, Forensic and Clinical Psychology, 17330 Preston Rd., Ste. 110B, Dallas, Texas 75252; (972) 960-1472. Provided counseling and therapy services to Preston Poulter.

- Richard M. Santoro, 5006 Wellington Avenue, Box 2701, Ventnor City, New Jersey 08406. Security consultant.

- Michael Dattolo, Web Presence, LLC, d/b/a NetReputation.com, 1100 N Tuttle Ave, Ste 12 Sarasota, Florida 34237. Internet reputation management vendor.

Custodians of Records:

- YouTube, subsidiary of Google LLC, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701

- Kickstarter, PBC, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

- Twitter Inc., 1355 Market Street, San Francisco, California 94103

- KiwiFarms.net

**(ii)   a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Various videos posted on YouTube and published on at least the following dates:

- February 28 and May 2, 2021 (Defendant Assaf's channel);

- March 1 and April 25, 2021 (Kundert's channel);

- March 1 and 2, 2021 (K-Log's channel);

- April 8, 2021 (Bid Daddy's channel); and

- June 6, 2021 (Spectre Report).

A video posted on Poulter's channel on March 10, 2023.

Defendants' Twitter and other social media feeds.

Plaintiffs' various comic books and campaigns.

Deposition of Victoria Kundert in *John T. Lamont and Preston Poulter v. Ethan Van Sciver et al.*, No. BUR-L-000689-22, General Court of Justice, Superior Court Division, Burlington County, New Jersey.

These documents are in Plaintiffs' possession, custody, or control, and will be produced upon request and in accordance with Fed. R. Civ. P. 26(a)(3).

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

Preston Poulter:

- $100,000 in lost sales through Kickstarter;

- $14,000 in increased security costs in 2021;

- $1,500 in past therapy costs;

- $41,250 in future therapy costs;

- $100,000 in mental anguish damages; and

- $100,000 in general damages for harm to his reputation.

John T. Lamont:

- $30,000 in lost sales due to not attending conventions and meetings;

- $24,960 in therapy costs;

- $150,000 in mental anguish damages; and
- $150,000 in general damages for harm to his reputation.

Exemplary damages in an amount to be determined by the jury.

**(iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are not aware of any responsive documents.

                                             Respectfully submitted,

/s/ Jeremy M. Masten
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
THE AHMED FIRM PLLC
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on July 10, 2023.

    Dean Assaf
    Aliassaf959@gmail.com
    Pro se defendant

_____
Jeremy M. Masten