In the United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| John T. Lamont and Preston Poulter § <br>     Plaintiffs § <br> § <br> v. § <br> § <br> Dean Assaf at al. § <br>     Defendants § | No. 3:21-cv-1176-K-BN |

**Plaintiffs' Response to Defendant's Motion to Strike Certain Witnesses (Dkt. 91)**

The Court should deny Assaf's (third) motion to strike Siegel, Santoro, and Dattolo because (1) Plaintiffs' counsel has agreed not to call them as expert witnesses in this case; (2) they were timely disclosed as individuals likely to have discoverable information; and (3) the timing of the disclosure was both substantially justified and harmless. The Court should likewise deny Assaf's request for attorney's fees because the motion was unnecessary, both because of the agreements of counsel and because another motion seeking exactly the same relief was already pending.

**The Context of the Assaf's Motion**

Plaintiffs John Lamont and Preston Poulter sued Defendant Dean Assaf and two others after they repeatedly published false statements on YouTube calling one plaintiff a pedophile and child pornographer and

the other a promoter of child pornography. *See* Dkt. 68 at 1–3 (citing and summarizing Plaintiffs' live complaint, Dkt. 6 at 6–9).

The other two defendants—Ethan Van Sciver and Victoria Kundert—each filed motions to dismiss for lack of personal jurisdiction, which the Court granted. Dkt. 37 (Van Sciver); Dkt. 59 (Kundert). Plaintiffs elected to sue Van Sciver in New Jersey, and that case is pending there as *John T. Lamont and Preston Poulter v. Ethan Van Sciver, et al.*, Docket No. BUR-L-689-22 in the Superior Court of New Jersey, Law Division, Burlington County (the "New Jersey Case").[1]

Plaintiffs retained three experts for use in the New Jersey Case: Jeffrey C. Siegel, Richard M. Santoro, and Michael Dattolo. Dr. Siegel is a psychologist who examined Poulter and developed a treatment plan. Mr. Santoro is a personal security consultant, and Mr. Dattolo is an internet reputation consultant. As Assaf noted in his motion, Mr. Santoro's report contains the New Jersey Case's docket number, not this case's, and only refers to Van Sciver. *See* Dkt. 91-3; Dkt. 91 at 3.

Plaintiffs do not intend to call Siegel, Santoro, or Dattolo as witnesses at the trial in this case.[2] But, while preparing for court-ordered mediation in this case, counsel noted that Siegel, Santoro, and Dattolo are "individual[s] likely to have discoverable information." *See* Fed. R.

---

[1] Plaintiffs intend to appeal the Court's decision as to Kundert and pursue her in North Carolina if need be.

[2] Plaintiffs' counsel disputes the characterization in the certificate of conference that he said they "would be called" as fact witnesses. Dkt. 91 at 5. Counsel assumes it was a good faith misunderstanding rather than a deliberate mischaracterization.

Civ. P. 26(a)(1)(A)(i). So, out of an abundance of caution, Plaintiffs identified them as "other witnesses" when they supplemented their disclosures shortly after mediation and two months before the docketed trial date. *See* Dkt. 91-1 at 2.

In the three months since Plaintiffs identified Siegel, Santoro, and Dattolo in July, Assaf has made no efforts to discover what knowledge they may have. He did not attempt written discovery about them, nor did he attempt to take their depositions. Instead, he moved to strike them under Rule 37, both in his motion to dismiss and in his motions in limine. Dkt. 66 at 13–14, 20; Dkt. 75 at 1–2. The Court denied Assaf's motion to dismiss (Dkt. 85), but the motion in limine remains pending.

He has now filed a third motion to strike Siegel, Santoro, and Dattolo, making essentially the same arguments he made before, and now requesting attorney's fees. Dkt. 91. The Court should deny the motion and deny the request for attorney's fees.

**Argument & Authorities**

All three of Assaf's motions have been based on Rule 37, which provides:

> If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including

> attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1). Assaf's pending motion raises three questions under Rule 37: whether the timing of the disclosures complied with Rule 26(a) or (e); if not, whether the timing of the disclosures was substantially justified or harmless; and if not, whether any sanctions should be imposed beyond automatic exclusion. The answers are yes, yes, and no.

Plaintiffs identified Siegel, Santoro, and Dattolo in accordance with Rule 26(e), which governs supplemental disclosures. Rule 26(e) requires party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Plaintiffs first learned that Siegel, Santoro, and Dattolo had not been, but perhaps should be, disclosed in this case while preparing for the mediation on June 27, 2023. Plaintiffs supplemented the disclosures less than two weeks after the mediation, when it had become clear that trial would be necessary. *See* Dkt. 91-1. As such, Plaintiffs timely disclosed Siegel, Santoro, and Dattolo as individuals likely to have discoverable information.

But even if not, the timing of the disclosure was both substantially justified and harmless. First, the timing of the disclosure was substantially justified because Plaintiffs retained those witnesses for the

New Jersey Case. Plaintiffs had never intended to use those witnesses in this case, so counsel had not considered whether they were technically responsive under Rule 26 in this case. Second, the timing of the disclosure is harmless because it was made, at that time, nearly 2 months before trial and, at this time, over 3 months before trial. Additionally, Plaintiffs do not intend to call Siegel, Santoro, or Dattolo as witnesses in this case, so there is no harm in having identified them in disclosures.

But even if not, the third question is what remedy the Court should impose. The default remedy is automatic exclusion,[3] with additional remedies, specifically "reasonable expenses, including attorney's fees, caused by the failure," being permissive. Plaintiffs submit that Assaf has not incurred any reasonable expenses caused by the timing of the disclosure. Assaf did not need to file the motion. As indicated in the certificate of conference, Plaintiffs' counsel agreed not to call Siegel, Santoro, or Dattolo as expert witnesses. Additionally, as he notes in his motion, there is already a motion to strike Siegel, Santoro, and Dattolo as fact witnesses on file and pending. *See* Dkt. 91 at 1 (citing Dkt. 75). As such, none of the expenses incurred in filing the (third) motion to strike were reasonable, and none should be awarded.

---

[3] To be clear, Plaintiffs contend that the disclosures should *not* be stricken because the disclosures were timely, substantially justified, and harmless.

**Conclusion**

The Court should deny Assaf's (third) motion to strike Siegel, Santoro, and Dattolo. First, Plaintiffs' counsel agreed not to call them as witnesses in this case. Second, they were timely disclosed as individuals likely to have discoverable information. Third, the timing of their disclosure was both substantially justified and harmless. And the motion itself was unnecessary, both because of Plaintiffs' agreements and because of Assaf's own pending motion, so any expenses incurred in drafting it are not reasonable and should not be awarded. Plaintiffs therefore request that the Court deny the motion and grant to Plaintiffs such other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Jeremy M. Masten*
Jeremy M. Masten
Texas Bar No. 24083454
jeremy@themastenlawfirm.com
P.O. Box 541411
Houston, Texas 77254
(254) 307-9185

M. Sameer Ahmed
**THE AHMED FIRM PLLC**
Texas Bar No. 24001631
sameer@theahmedfirm.com
555 Republic Drive, Suite 300
Plano, Texas 75074
(972) 934-5858 - tel
(972) 934-5859 – fax

Counsel for Plaintiffs

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all parties through the Court's CM/ECF system, including those listed below, on October 12, 2023.

- Tom Adair, for Defendant Dean Assaf, via CM/ECF

*/s/ Jeremy M. Masten*
Jeremy M. Masten