In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| John T. Lamont and Preston Poulter<br>    Plaintiffs | §<br>§<br>§ | |
| v. | § | No. 3:21-cv-1176-K-BN |
| | § | |
| Dean Assaf et al.<br>    Defendants | §<br>§<br>§ | |

## Amended Joint Pretrial Order

Pursuant to Local Civil Rule 16.4, the Court's Scheduling Order of May 30, 2023 (Dkt. 61), and the Court's order of October 19, 2023 (Dkt. 94), the parties submit the following Joint Pretrial Order:

### A.   Estimated Length of Trial

Plaintiffs anticipate their case in chief can be presented in one day. Defendant estimates that his case-in-chief can be presented in approximately four hours.

### B.   Jury / Nonjury

The parties have stipulated to a bench trial. Dkt. 82.

### C.   Summary of the Claims and Defenses of Each Party

*1.   Plaintiffs' Claims*

Plaintiffs sued Defendant for defamation, including slander per se and statutory libel. Dkt. 6 at 10–13.

In March, April, and May 2021, Assaf and Kundert used their show on YouTube to broadcast claims that Plaintiff John T. Lamont "is a pedophile" who "is

making f_____ be pedophilic comics" and "child porn." Dkt. 6 at 7. Assaf and Kundert called for Lamont to "be ostracized from society" and "shot." Dkt. 6 at 7. Assaf and Kundert also claimed that Poulter engaged in the same activities (i.e., being a pedophile and making pedophilic comics and child pornography). Dkt. 6 at 9. Specifically, Assaf said that Plaintiff Lamont:

- is a pedophile;

- shares and participates in "Lolicon"[1] with others on the internet;

- is a diseased person who should be ostracized from society and/or be shot;

- makes "3D depictions of little girls having sex," which, according to Assaf, "shows the guy is a pedophilic";

- "is making f_____ be pedophilic comics";

- is making "Loli in 3D renders" that are "pedophilic";

- "is attracted to drawings of children"; and

- is making a comic that "is a pedophile comic."

Dkt. 6 at 6–7. Assaf said that Plaintiff Poulter:

- knew Plaintiff Lamont "was a pedophile";

- promoted and supported child pornography made by Plaintiff Lamont;

- engaged in the same behavior (i.e., pedophilia, child pornography, and Lolicon);

- participated and hosted on-going exchanges between participants of Lolicon through Comicsgate;

- shared an interest in underage girls having sex; and

---

[1] "Loli" or "Lolicon" is a derogatory term referring to a fascination with cartoons of very young-looking girls engaged in varying degrees of erotic behavior. Dkt. 6 at 7 n.1.

- "Preston [made] child pornography and put COMICGSATE on the label."[2]

Dkt. 6 at 7–9. All these statements were made on YouTube and broadcast them to the world.

Lamont and Poulter are not pedophiles, nor are they child pornographers. Assaf's statements were objectively and verifiably false.

As a result of those false statements, Lamont and Poulter have suffered noneconomic harm, such as embarrassment, humiliation, and loss of respect, as well as losses of sales and income and been forced to incur increased expenses for personal security and mental health treatment. Doc. 6 at 13–18; *see also* Dkt. 66-8, 66-9.

2.  ***Defendant's Summary of Claims and Defenses***

Under the name DA Talks, Assaf hosts a periodic show on his YouTube channel where he and guests discuss and opine on cultural matters and controversies, particularly cultural disputes playing out in online communities such as in the comic book arena. Assaf expresses his opinions in a provocative manner for entertainment purposes. On his YouTube show on or around February 28, 2021, Assaf discussed the comic book stories and drawings of Plaintiff John T. Lamont. In particular, they discussed the upcoming launch of Lamont's Demonatrix comic book, which is a graphic sex story involving a demon, teenagers, and adults. During that show, Assaf expressed opinions that Lamont's comics were gross and even offensive because at least some of the female characters appear underage. During this discussion, Assaf displayed Lamont's own Demonatrix promotional materials allowing each of his viewers to make up his or her own mind about whether Assaf's opinions are correct

---

[2] This last statement was made by Van Sciver, to which Assaf responded, "Yea, that was a pretty fuckin' gross move."

or not.

Plaintiffs allege the opinions expressed on that show, and apparently on other YouTube channels, defamed them. In particular, Plaintiffs have sued Defendant for defamation, including slander per se and statutory libel. Dkt. 6 at 10–13.[3]

Plaintiffs, however, cannot establish all elements of their claims against Assaf. For instance, any alleged defamatory statements are not verifiably false, particularly given the entire context in which the alleged statements were made.[4] Plaintiffs have no evidence the alleged statements were made with actual malice or negligently against both Plaintiffs who are well-known individuals in the online comic book world and who associated themselves with this dispute.[5]

---

[3] This suit arises out of an ongoing personal grudge Plaintiff Preston Poulter has with Ethan Van Sciver related to a trademark and personal matters. Plaintiffs originally sued Ethan Van Sciver and Victoria Kundert in this matter, but both were dismissed due to a lack of personal jurisdiction. (Dkt. No. 35, 37, 56, 59). There are at least three legal proceedings between Poulter and Van Sciver. *See Common Sense Press Inc. d/b/a Pocket Jacks Comics v. Van Sciver*, No. 92075375, (TTAB 2020) (Cancellation proceeding filed by Poulter's company); Petition for Reexamination of Reg. No. 6102744, No. 2022-100062, (USPTO 2022) (Poulter's attempt to cancel a trademark. The proceeding terminated, without cancellation, when Registrant demonstrated use of the mark.); *Poulter v. Van Sciver*, No. BUR-L-689-22, (Burlington Co. NJ Sup. Ct., April 18, 2022) (Poulter's suit alleging defamation and related torts following dismissal in this matter.).

[4] *See Dallas Morning News v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018) ("even when a statement *is* verifiable as false, it does not give rise to liability if the entire context in which it was made discloses that it is merely an opinion masquerading as fact.") (internal quotations omitted).

[5] *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 154, 87 S. Ct. 1975, 1991, 18 L. Ed. 2d 1094 (1967); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S. Ct. 2997, 3013, 41 L. Ed. 2d 789 (1974) ("an individual [who] voluntarily injects himself or is drawn into a particular public controversy [ ] thereby becomes a public figure for a limited range of issues."); *Rosanova v. Playboy Enterprises, Inc.*, 411 F. Supp. 440, 444 (S.D. Ga. 1976), aff'd, 580 F.2d 859 (5th Cir. 1978) ("The term 'public figures' has been defined

Moreover, Plaintiffs have no evidence of economic damages or that the allegedly defamatory statements caused them damages. For example, Plaintiffs cannot prove that any of the small number of viewers changed their mind and decided not to buy any of Plaintiffs products as a result of watching Defendant's YouTube videos. Similarly, Plaintiffs have no evidence that any of these viewers thought Plaintiffs were either pedophiles or child pornographers because of the YouTube video.

Plaintiffs also have no evidence that, as a result of the YouTube videos, Lamont and Poulter suffered noneconomic harm, such as embarrassment, humiliation, and loss of respect, nor been forced to incur increased expenses for personal security and mental health treatment.

Further, Plaintiffs, have provided no custodians to authenticate any video evidence from these other YouTube channels not controlled by Assaf. Thus, there is no admissible evidence about what was actually broadcast, or if anything was broadcast, on these other channels.

Further, in view of FED. R. EVID. 106 and1004, Plaintiff cannot merely write out selected words and phrases from videos. The actual and complete video of February 28, 2021 is the only admissible version of any alleged defamatory statements. Other than a single video on Defendant's YouTube channel, Defendant has had no access to the full videos from March 2021 and later that Plaintiffs allege contain defamatory statements. Defendant has only been provided with heavily

---

as those persons who, . . . are involved in issues in which the public has a justified and important interest. Such figures are, of course, numerous and include artists . . . .") (internal quotations omitted).

Amended Joint Pretrial Order     Page 5

edited video clips, which are missing key comments and discussion that provide critical context surrounding the alleged statements.

### D.     Stipulated Facts

The parties have not stipulated any material facts.

### E.     Contested Issues of Fact

1. Whether Assaf made the statements set forth in Plaintiff's claims about each Plaintiff.

2. Whether Assaf's statements were statements of opinion, and thus incapable of being "false" or were statements of fact.[6]

3. If Assaf's statements were statements of fact, whether the statements were verifiably false.

4. If Assaf's statements were statements of fact, whether Assaf knew or should have known that his statements were false.

5. If Assaf's alleged statements were made negligently.

6. If Assaf's alleged statements were made with actual malice.

7. Whether Assaf's alleged statements were broadcast or communicated, including whether anyone else broadcast or communicated those statements.

8. Whether anyone heard the statements.

9. Whether anyone who heard the statements believed Lamont and Poulter were pedophiles or child pornographers as a result of Defendant's alleged statements.

---

[6] Plaintiffs contend this is a question of law rather than a question of fact. *See Dallas Morning News v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018).

Amended Joint Pretrial Order                                                                                          Page 6

10. Whether anyone who heard the statements chose not to purchase anything from Lamont and Poulter because of the statements.

11. Whether Assaf's statements caused Lamont and Poulter economic damages.

12. Whether Assaf's statements caused Lamont and Poulter mental health damages.

13. Whether Assaf's statements caused Lamont and Poulter damages in the form of increased security costs.

14. The amount of Lamont and Poulter's damages, if any.

**F.   Contested Issues of Law**

1. Whether Assaf's statements were defamatory.

2. Whether Plaintiffs are public figures, including limited-purpose public figures.

3. Whether Assaf's alleged statements are privileged, including whether they are entitled to a qualified privilege.

4. Whether Assaf's statements are constitutionally protected opinion under the First Amendment because the videos containing Assaf's statements also contained the underlying nondefamatory basis for the statements, thus allowing the viewer to judge for themselves how they feel about Lamont and Poulter.

**G.   Additional Matters That Might Aid in the Disposition of the Case**

Plaintiffs are not aware of any matters that might aid in the disposition of the case.

H. **Motions in Limine**

Defendant has filed four motions in limine as follows:

*1.*     Motion in Limine No. 1 seeks exclusion of certain exhibits and witnesses of Plaintiffs.  Due to Plaintiffs' agreement not to call the witnesses at issue in this Motion in Limine, only the question of the admissibility of Plaintiffs' exhibits remains at issue.  Defendant contends these exhibits should be excluded because they were not produced timely during discovery as required by the federal rules and the court's orders.

2.     Motion in Limine No. 2 further seeks exclusion of Plaintiffs' exhibits on two grounds.  First, PX 2 - PX 8 are inadmissible because Plaintiffs cannot authenticate these short video clips.  They are not available online, it appears Plaintiffs did not retrieve them from their actual source, and Plaintiffs have no witness to corroborate the authenticity of these clips.  Second, PX 1 – PX 8 are inadmissible as disclosed to Defendant and provided to the court because they are incomplete and out of context.  FED. R. EVID. 106; *Dallas Morning News v. Tatum*, 554 S.W.3d 614, 639 (Tex. 2018); *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004) (quoting *San Francisco Bay Guardian v. Superior Court,* 21 Cal.Rptr.2d 464, 467(1993).) ("The question . . . is to be answered by considering the entire context in which the offending material appears.")

3.     Motion in Limine No. 3 seeks to limit Plaintiffs' testimony to matters on which they have personal knowledge and are qualified to speak upon.  To this end, Plaintiffs should be barred from offering opinion testimony for which they do not have the proper foundation and/or that only a qualified expert may provide.

Amended Joint Pretrial Order                                                                                                      Page 8

    4.    Motion in Limine No. 4 – Defendant withdraws this Motion in Limine.

Respectfully submitted,

| For Plaintiffs: | For Defendant: |
|---|---|
| */s/Jeremy M. Masten* | */s/Thomas J. Adair*[7] |
| Jeremy M. Masten | Thomas J. Adair |
| Texas Bar No. 24083454 | Texas Bar No. 24047753 |
| jeremy@themastenlawfirm.com | tom@adairlaw.com |
| P.O. Box 541411 | ADAIR LAW PLLC |
| Houston, Texas 77254 | 1112 18th Street, #862017 |
| (254) 307-9185 | Plano, Texas 75074 |
| | (512) 431-2736 |
| M. Sameer Ahmed | |
| THE AHMED FIRM PLLC | Counsel for Defendant |
| Texas Bar No. 24001631 | |
| sameer@theahmedfirm.com | |
| 555 Republic Drive, Suite 300 | |
| Plano, Texas 75074 | |
| (972) 934-5858 - tel | |
| (972) 934-5859 – fax | |

Counsel for Plaintiffs

ACCEPTED:

_____
U.S. District Judge

_____
Date

---

[7] Signed with permission by Jeremy Masten.